# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
Lou Ramondetta

**DEFENDANTS**
Konami
Steve Sutherland
Satoshi Sakamoto
Tom Jingoli

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)
Howard Cole
Lewis and Roca LLP
Las Vegas, NV

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Satellite TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenges 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing / ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl / ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | ☐ 446 Amer w/ disab - Other / ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Contract and employment dispute

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 191,882.41   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

E-filing

1  LOU RAMONDETTA, *in propria persona*
   2335 Stewart Avenue
2  Walnut Creek, CA 94596
   Telephone: (925) 989-2525
3  Facsimile: (925) 945-1655

4

   Konami – Defendants below
5  585 Trade Center Dr.
   Las Vegas, NV 89119
6  (702) 616-1400

FILED
FEB 19 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Fully Paid
MP

ADR

13                     UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15                                              C08-01002   JSW

16  LOU RAMONDETTA,                  )   CASE NO.:
                                      )
17          Plaintiff,                )   **PLAINTIFF'S COMPLAINT**
                                      )
18       v.                           )   Date:
                                      )   Time:
19  KONAMI, *et al.*, Konami, Steve Sutherland, ) Courtroom:
    Satoshi Sakamoto and Tom Jingoli  )   Before:
20                                    )
                                      )   Jury trial requested
21          Defendants.

# PLAINTIFF'S COMPLAINT

## I. JURISDICTION:
The United States District Court for Northern California has jurisdiction since the Plaintiff doesn't live in the same state as the Defendant and the amount of the controversy exceeds $75,000.

## II. VENUE:
This is the right venue for this lawsuit since this is the district that the Defendants did a substantial portion of the events and interactions that gave rise to this lawsuit. The defendants have global operations including facilities and resources in California.

In my role, I was directly responsible for sales in, among other areas, California. I supported a substantial amount of Konami sales in both Northern and Southern California. In fact, California is a major strategic revenue and growth market for Konami and a substantial portion of their overall revenues representing upwards of 30%.

I traveled with at least three salespeople who supported and sold to large customers in California. That can be supported by my various communications and expenses.

Northern California is the right venue. The California Department of Labor Standards Enforcement accepted jurisdiction over a similar case against Konami that I addressed separately with them setting precedence for California having Jurisdiction and being the right venue. On April 19th, 2007 in a letter from Ms. Ellen Shaffer, Sr. Deputy of Labor Commissioner, she stated that "California does have Jurisdiction over the matter".

California is the right venue and I was a California based employee. A substantial portion of the events and interactions that gave rise to this dispute occurred in California. Much of my discussions, interviews and negotiations happened in California.

Konami sought me by entering California and hired a California based recruiting company to recruit me.

Plaintiff was supported by and interacted with the said Defendants routinely from Northern California. In so doing, the Defendants' did business in California.

My agreement and Offer Letter was also negotiated, accepted and signed in California. I have been a California resident for many years and Konami employed me from April 10th to June 14th, 2006 for two months from California. During my time with Konami, I worked in California to support my role and maintained a home office. I also flew from California to various destinations to support my role.

Konami also has an office in California at 1400 Bridge Pkwy, Redwood City, CA as well as an office in Nevada.

-1-

### III. STATEMENT OF COMPLAINT DETAILS:

I was hired as the Vice President for Sales and Marketing. I was employed by Konami from April 10th to June 14th, 2006 for two months from California. Upon my employment departure, in good faith, I have tried repeatedly to resolve this civilly and amiably. I have asked Konami and their council to pay my severance as agreed to in writing in my offer letter and reimburse my expenses. On or about August 10, 2007, Plaintiff sent Defendants' a final Demand Letter. Since they did not respond, I began proceedings through the Department of Labor and now legal proceedings in Federal Court.

It should be noted, Konami's council, Mr. Cole has been uncompromising, confrontational, accusatory and derogatory in all my correspondences and efforts to settle this dispute. Konami and their council are playing a big company Samson vs. Goliath and strong arm tactics in an effort to scare me into dropping this issue or doing it on their terms.

My compliant is fairly simple. In my offer letter, we agreed in writing to a three month severance which Konami has steadfastly refused to pay. They have also refused to pay my travel expenses. Additionally, in my written offer letter we agreed to four weeks of paid vacation which they have not paid me for. There are also penalties for non payment of items, pain and suffering, harassment and discrimination.

Per my offer letter, I initially tried to have this resolved via arbitration. Unfortunately we could not even agree on who or where the arbitration should occur. On August 8th I received a call from Ms. Michele Jackson from the American Arbitration Association explaining that she had no choice but to drop my request for arbitration with Konami since we could not agree on who or where arbitration would occur. There is not stipulation in the clause regarding this. Per Konami's Council's initial e-mail to me on June 16th, 2006, he stated that if we arbitrated in California, it would be their intention to request a "panel of arbitrators from Nevada and/or California". He also included the names of potential California arbitrators which confirms Konami's initial willingness to arbitrate in California.

Konami's Human Resources manager, Bobby Youngblood sent me an e-mail on May 1, 2006 requiring me to sign forms that would have me paid out of Nevada. This request was performed under substantial duress. It can be shown that Konami had withheld all payments of salary and expenses up to that point unless I signed this form. In fact there is no history of salary or expense payments to me prior to that time until after I was forced to sign those forms. Under California law and likely Nevada, you can't withhold salary or expense payments to employees for work performed.

Regarding my expenses, I incurred these normally reimbursable expenses in the course of my role and responsibilities in support of Konami. Konami identified the items they chose to pay and not to pay. Unpaid expenses totaled minimally $4383.41. While I was employed there was no explanation as to why they paid some and not others. After my departure, they provided very minimal rational.

Their Human Resources Manager, Bobby Youngblood unilaterally decided to send me an e-mail on May 5, 2006 that they were "processing my first expense report" and she had decided to not pay my travel expenses to Nevada in an effort to force me to relocate. At the time, I complained to my boss Steve Sutherland that I was in the process of evaluating options and needed time. During our employment discussions, I made it very clear I would not consider relocation immediately since I had children in school. It is illegal to withhold payroll and expense payments. It was unacceptable to strong arm me into signing something for Nevada payroll or not pay me for my legitimate expenses. Sutherland agreed to resolve the issue and I did not hear anything after

-2-

that. We never agreed on relocation much less a time frame to do it in. I have relocated numerous times and relocated others and it is normally at least a 6 month to a year long process.

Under California labor laws and normal business policies, Konami can not unilaterally pick and choose which legitimate business expenses they want to pay unless they are inappropriate or not normally reimbursable. They also can't use non payment of wages or legitimate expenses owed an employee for work performed as leverage to force someone to do something i.e. sign Nevada payroll papers. On August 14, 2006, I sent Konami an e-mail, questioning their non payment of my expenses. The fact is the non paid expenses identified include non local, reasonable, customary and legitimate business expenses outside of their Nevada office that can be supported via my receipts. Virtual positions are standard practice for sales professionals and for managing teams. It should also be noted that the revenue performance of the company was far worse than I was led to believe in interviews or expected. The housing market in Las Vegas had also taken a major turn for the worse. All these factors impacted a potential relocation.

After my termination, I was offered a Settlement Agreement and Release of Claims from Konami dated August 22, 2006. In paragraph two, sentence two, of that offer, Konami specifically acknowledges that "The total for the unreimbursed business expenses is approximately Four Thousand Dollars ($4,000.00)". By their own admission, they acknowledge there is $4,000 in unpaid business expenses and that they were willing to reimburse me if I signed the Release of Claims. In paragraph one, sentence three, they also say "This will include reimbursement for parking fees at the various airports at which you parked". Much of the expenses I submitted and they disallowed were those items. Additionally in paragraph one, sentence seven, an interesting comment that says "Once the contemplated relocation of your residence was accomplished, at a substantial expense to KGI, you would not have become liable for any hotel or meal expenses in Las Vegas". An interpretation might be that Konami was trying to use this non payment of normally reimbursable expenses as leverage to force relocation.

I believe the evidence confirms that Konami knows my severance and expenses are legitimate and should have been paid. Their lack of payment is a Samson vs. Goliath effort to strong arm me into what could have been a huge financial and personal impact to myself and my family. Konami can not unilaterally pick and choose which parts of my offer letter they choose to support and which legitimate business expenses they want to pay.

Mr. Cole expects me as a California resident and employee to plead my case in Nevada which is a less employee balanced state, where I have had no residence nor would I have any resources to support my case. It would be virtually impossible to get a fair review in Nevada. Konami is one of the world's biggest global gaming companies with ties to regulators, government officials and police services. Mr. Cole's, prior firm, Lionel, Sawyer and Collins lists minimally 70+ attorneys on their letterhead, many could have similar contacts, making it impossible to have a fair review of my case.

Relocation seems to be a primary reason for their termination but that is not a reason to threaten and withhold payment of legitimate salary, severance or expenses owed an employee for work performed. That should not be tolerated in California as ethical business practices by any company. In Mr. Cole's letter to the Department of Labor dated August 20, 2007, Konami's position is that my case is "deemed wholly without merit and without jurisdiction in the State of California", and that it should be dismissed.

Konami chose to terminate me given the 'At Will' clause in our agreement which is their right but they are therefore still responsible to pay me the agreed to severance and vacation in my negotiated offer letter and my expenses and any penalties as is customary.

-3-

**IV. LIST OF DAMAGES:**
**Three months of severance: $62,500:** (Annual salary of $250,000 divided by four).

**Four weeks of vacation: $20,833:** (Per our agreement in my offer letter).

**One months pay: $20,833:** (Penalty for non payment of expenses and vacation pay).

**Non-reimbursed travel expenses: $4383.41.** (Summary of unreimbursed expenses).

**Pain and Suffering, Harassment and Discrimination: $83,333.** (Four months pay).

**Total Damages: $191,882.41**

Konami has a personal file on me which includes everything I have sent them including my personal information. They have copies of my e-mail correspondences and my expense file including all expenses that were submitted and paid. While employed, I repeatedly asked for copies of those files, expenses, e-mails and reports but they were never supplied. I know Konami is required by gaming industry regulations to keep files of all of this.

**VI. PRAYER FOR RELIEF:**
Plaintiff requests the Court to require the Defendants to pay the money owed and award all additional relief to which the Plaintiff is entitled including legal fees. I have been damaged monetarily, professionally and personally. I have calculated my damages to be $191,882.41. I would very much like to resolve this matter with Konami but thus far they have refused my efforts. Konami has not acted expeditiously or in good faith in responding to me and trying to resolve this issue. Pursuant to California Civil Code 3736-3338, 3294, 1713 and 1712 Return Demand, I have been damaged. The court could also compel Konami to engage in Arbitration in Northern California under California labor laws.

Dated: 2/19/08

Respectfully Submitted,

LOU RAMONDETTA
*in propria persona*

Cc Served to:

Konami
Konami – Defendants below
585 Trade Center Dr.
Las Vegas, NV 89119
(702) 616-1400



585 Trade Center Drive
Las Vegas, Nevada 89119
702.616.1400

March 16, 2006

Lou Ramondetta
2335 Stewart Avenue
Walnut Creek, CA 94596

*for by phone*
*Steve - SS approved*

Dear Lou:

Konami Gaming, Inc. is pleased to offer you the position of Vice President, Sales and Marketing at an annual rate of $220,000 [~~$200,000~~] [→ $200,000 LR], payable in biweekly installments; a sign on bonus of $30,000 [~~$50,000~~] [→ $50,000 LR immediately] (minus applicable taxes) payable within 30 days [language] after your date of hire; and an additional bonus based on game unit sales in the North American market to include game units and participation units, as specified below:

| Quantity | Bonus Amount | Accumulated Amount |
|---|---|---|
| 4,500 units | $25,000 | $25,000 |
| 5,000 units | $50,000 | $75,000 |
| 5,500 units | $75,000 | $150,000 |
| 6,000 units | $100,000 | $250,000 |
| 6,001 – 10,000 units | $37.50/unit | per calculation |
| 10,001 & units | $50.00/unit | per calculation |

Second year annual salary will be no less than $250,000, *plus applicable annual performance and Cost of Living adjust LR* or as agreed to by CEO Satoshi Sakamoto. This is a full-time exempt position reporting to Steve Sutherland, Executive Vice President and COO of Konami Gaming, Inc. Your start date will be on or about April 3, 2006. [10th LR]

Relocation costs will be based on mutually agreed upon standards to include:
- current home closing costs, such as sales commission, legal and recording fees (excluding outstanding taxes, liens, etc)
- closing costs on the purchase of new residence in Las Vegas, Nevada such as title fees, application, etc (excluding 'points')
- cost of packing and moving household goods from California to Nevada and the transportation of two vehicles (excluding car collections; RV, etc)
- cost associated with moving one family, including mileage, airfare, hotel, meals

Ramondetta Offer                    Page 1 of 3

- general fund of $10,000 to include painting, carpet cleaning, miscellaneous preparatory expenses associated with new residence
- total amount (based on submission of verified receipts) to be grossed up and agreed upon by your start date at Konami Gaming, Inc.
- should employee voluntarily terminate employment within the first 12-months of the start date with Konami Gaming, Inc., the employee is responsible for the repayment of all relocation costs to Konami.

The scope of this letter is to outline our offer of employment and is not to be perceived as an employment contract. Konami Gaming, Inc. (KGI) is an "At Will" employer meaning that either you or KGI can terminate the employment relationship at any time, with or without notice, and with or without reason. Immediate roles and responsibilities will include Konami Game Sales, Product Management, and Sales Administration. Upon successful demonstration to executive management that the game sales group is performing per plan, your role will expand to taking on responsibility of the Konami Systems Sales group. In the interim period, you will be working with Steve Sutherland on the strategic positioning and organization of the systems division, ensuring cohesive and tactical sales efforts in the marketplace between both departments are achieved. It should be noted KGI considers an essential job function of your position to include travel. By signing the acceptance below, you are warranting that you will be able to conform to the reasonable expectations of KGI and fulfill the job functions. As a condition of employment, you may be required to sign Confidentiality and Intellectual Property Agreement(s) covering, without limitation, use, disclosure and/or ownership of confidential, proprietary, and/or trade secret information of KGI and its affiliates during and following the tenure of employment.

BENEFITS
- You are eligible to participate in the KGI Health, Dental, Vision, and other benefit plans on the first of the month following the date of hire
- Term Life insurance equal to two (2) times your annual salary
- Four weeks paid vacation
- Our current 401K benefit includes a company match of 50% up to 15% contributed for this calendar year
- Three months severance including a three-month non-compete agreement.

Other: The Company maintains memberships at Southern Highlands Golf Course and the Foundation Room specifically for the purposes of customer entertainment. In your role at KGI, you will have access to these facilities per the guidelines established for employees provided such access.

Because we operate in a heavily regulated industry, the position offered to you is subject to a criminal background check. This offer is contingent upon Compliance approval, a pre-employment drug test, and final approval from our Japanese parent company. Should you fail to receive Compliance approval, or test positive for the presence of an illegal or controlled substance, or not be approved by our parent company, this offer will be withdrawn. All necessary paperwork and drug test forms need to be completed at your

Ramondetta Offer                 Page 2 of 3

earliest convenience. Additionally, as a key employee of Konami Gaming, Inc. you will be subject to further criminal background checks by multiple gaming jurisdictions throughout your tenure of employment.

By accepting this offer of employment, you agree to settle any and all claims, disputes or controversies arising out of or relating to your application or candidacy for employment, employment and/or cessation of employment with KGI, *exclusively* by final and binding *arbitration* before a neutral arbitrator. By way of example only, such claims include claims under federal, state, and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, as amended, including the amendments of the Civil Rights Act of 1991, the American With Disabilities Act, the law of contract and the law of tort.

Please indicate your acceptance of the terms of this offer by signing on the line provided. Your signature confirms that you do not have any restrictive covenant with your employer that would prevent you from accepting employment with KGI. Additionally, as professionals operating within this competitive industry, you have our commitment that we will not ask for, nor should you divulge, any proprietary information, including customer lists. All confidential material relative to your previous employer must and shall remain confidential.

Sincerely,

*[signature]*

Satoshi Sakamoto, Chief Executive Officer
Konami Gaming, Inc.

Accepted by:

*[signature]* 3/24/06

Lou Ramondetta      (Date)