SUZANNE L. MARTIN
California Bar No. 210613
Nevada Bar No. 8833
smartin@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, Nevada  89169
(702) 949-8200
(702) 949-8398 (fax)

Attorney for the Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU RAMONDETTA,<br><br>                              Plaintiff,<br><br>vs.<br><br>KONAMI, et al., Konami, Steve Sutherland, Satoshi Sakamoto and Tom Jingoli,<br><br>                              Defendants. | Case No. C08-01002 JSW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER F.R.C.P. 12(b)(2), (b)(3), 28 U.S.C. § § 1391, 1404(a)**<br><br>Hearing Date: May 9, 2008<br><br>Hearing Time: 9:00 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendants Konami Gaming, Inc. (incorrectly named "Konami"), Steve Sutherland, Satoshi Sakamoto, and Tom Jingoli (collectively "Defendants"), will bring the above motion on for hearing before the Honorable Judge Jeffrey S. White, in the United States District Court, Northern District of California, 450 Golden Gate Ave., in San Francisco, California, 94102, 17th Floor, Courtroom 2, on the 9th day of May, 2008, at the hour of 9:00 a.m., or as soon thereafter as the matter may be heard.

/ / /

/ / /

/ / /

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND 28 USC §§ 1391, 1404

1

CV-C-08-01002 JSW

402853.1

1        Defendants Steve Sutherland, Satoshi Sakamoto, and Tom Jingoli move this Court to

2   dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure

3   ("FRCP") 12(b)(2), and along with Defendant Konami Gaming, Inc. ("Konami"), incorrectly sued

4   as Konami, (collectively "Defendants") move this Court under FRCP 12(b)(3) and 28 U.S.C. §

5   1391 to dismiss this action for forum non-conveniens, or in the alternative transfer venue to the

6   United States District Court for the District of Nevada pursuant to 28 U.S.C. §1404(a).

7        This motion is made and based upon the pleadings and papers on file herein, the

8   declarations of  Steve Sutherland, Satoshi Sakamoto, and Tom Jingoli, filed contemporaneously

9   herewith, the FRCP, and any oral argument the Court may deem necessary at the time of hearing.

10       DATED this 13th day of March, 2008.

11                            Respectfully submitted,

12                            LEWIS AND ROCA LLP

13                            By:  /s/ Suzanne L. Martin

14                            SUZANNE L. MARTIN
                              California Bar No. 210613

15                            LEWIS AND ROCA LLP
                              3993 Howard Hughes Parkway, Ste. 600

16                            Las Vegas, Nevada  89169
                              (702) 949-8200

17                            (702) 949-8398 (fax)
                          Attorneys for Defendants

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND 28
USC §§ 1391, 1404

CV-C-08-01002 JSW

402853.1

**TABLE OF CONTENTS**

**SECTION**                                                                    PAGE #

**I.    INTRODUCTION** ................................................................. 1

**II.   STATEMENT OF FACTS** ........................................................ 1

    **A.  DEFENDANT KONAMI** ............................................... 1

    **B.  INDIVIDUAL DEFENDANTS** ........................................ 2

    **C.  WHEN KONAMI HIRED PLAINTIFF, HE AGREED TO MOVE TO NEVADA** ................................................. 3

**III.  LEGAL ARGUMENT** ............................................................ 4

    **A.  THE COURT LACKS PERSONAL JURISDICTION OVER INDIVIDUAL DEFENDANTS** .................................... 4

        **i.   THE COURT DOES NOT HAVE GENERAL JURISDICTION OVER INDIVIDUAL DEFENDANTS** ........ 6

        **ii.  INDIVIDUAL DEFENDANTS DO NOT HAVE THE REQUISITE "MINIMUM CONTACTS" WITH CALIFORNIA FOR THE COURT TO EXERCISE SPECIFIC JURISDICTION OVER THEM** ........................... 7

        **iii. THE FIDUCIARY SHIELD DOCTRINE PRECLUDES ESTABLISHING JURISDICTION OVER INDIVIDUAL DEFENDANTS** ................................................... 8

    **B.  THE COURT SHOULD DISMISS FOR FORUM NON-CONVENIENS** .................................................. 10

    **C.  IF THE COURT DOES NOT DISMISS THIS CASE IT SHOULD AT THE VERY LEAST TRANSFER VENUE** ................... 13

**IV.   CONCLUSION** ................................................................. 14

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND USC §§ 1391, 1404

CV-C-08-01002 JSW

i

402853.1

1

2

# TABLE OF AUTHORITIES

3    Amba Marketing Systems, Inc. v. Jobar Int'l, Inc., 551 F.2d 784 (9th Cir. 1977)............. 4

4    Bancroft & Masters, Inc. v. Augusta National, Inc., 223 F.3d 1082 (9th Cir. 2000) ...... 5, 6

5    Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) .................................................. 6

6    Calder v. Jones, 465 U.S. 783 (1984) ........................................................................... 9

7    Continental Grain co. v. Barge, F.B.L. − 585, 364 U.S. 19 (1960) ................................. 13

8    Data Disc. Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280 (9th Cir. 1977)........ 4

9    Doe v. Unocal, 248 F.3d 915 (9th Cir. 2001)................................................................. 4

10    Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947).............................................................. 11

11    Hardaway Constructions, Inc. v. Codisco Indus., 583 F.Supp. 617 (D. N.J. 1983) ....13, 14

12    Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122

13    (9th Cir. 2003) ............................................................................................................. 4

14    Hoag v. Sweetwater Int'l, 857 F.Supp. 1420 (D. Nev. 1994) ......................................... 9

15    Idaho Potato Com'n v. Washington Potato Com'n, 410 F.Supp. 171 (D. Idaho 1976) ...... 9

16    Int'l Shoe Co. v. Wash., 326 U.S. 310 (1945)................................................................ 5

17    Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518 (1947).....................................10, 11

18    Marine Midland Bank, N.A. v. Miller, 664 F.2d 899 (2d Cir. 1981) ............................... 9

19    Multistate Legal Studies, Inc. v. Marino, 1996 U.S. Dist. LEXIS 20752

20    (C.D. Cal. 1996)........................................................................................................... 13

21    Norwood v. Kirkpatrick, 349 U.S. 29 (1955).............................................................13, 14

22    Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267 (9th Cir. 1995)....................... 6

23    Pebble Beach Co. v. Caddy, 453 F.3d 1151 (9th Cir. 2006) .................................4, 5, 6

24    Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981) .............................................10, 12, 14

25    Pocahontas First Corp. v. Venture Planning Group, Inc., 572 F.Supp. 503

26    (D. Nev. 1983)......................................................................................................... 9, 10

27    Priyanto v. M/S Amsterdam, 2007 U.S. Dist. LEXIS 96370 (C.D. Cal. 2007) ............... 10

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND
USC §§ 1391, 1404

402853.1

1    Sage Computer Technology v. P-Code Distributing Corp., 576 F.Supp. 1194

2    (D. Nev. 1983) ..................................................................................................... 9, 10

3    Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2003) ...................... 6

4    Sher v. Johnson, 911 F.2d 1357 (9th Cir. 1990) ........................................................ 5, 8, 9

5    Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp., __ U.S. __,

6    127 S.Ct. 1184 (2007) ................................................................................................ 10

7    The Dow Chemical Co. v. Claderon, 422 F.3d 827 (9th Cir. 2005)................................. 5

8    Van Dusen v. Barrack, 376 U.S. 612 (1964)...........................................................12, 13

9    Videotronics, Inc. v. Bend Electronics, 564 F.Supp. 1471 (D. Nev. 1983)..................... 9

10   World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980) ................................ 5

11   Cal. Civ. Proc. Code §410.10 ........................................................................................ 5

12   28 U.S.C §§ 1391, 1404(a) ......................................................................................... 13

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND
USC §§ 1391, 1404

CV-C-08-01002 JSW

iii

402853.1

**STATEMENT OF ISSUES**

1.  The United States District Court, Northern District of California does not have personal jurisdiction over the individual defendants, Steve Sutherland, Satoshi Sakamoto, and Tom Jingoli, and this matter must be dismissed as to the individual defendants.

**2.**  Venue not convenient in the United States District Court, Northern District of California because this action arises out of Plaintiff's execution of an employment agreement in Nevada, and his employment in Nevada, by a Nevada corporation. Further, this Court does not have jurisdiction over three of the four named defendants, and all of the witnesses and evidence are in Nevada.  Litigating this matter in California Court would be financially oppressive and vexatious to the Nevada parties and witnesses, and would not serve the public interest of the citizens of California, or this Court, all of whom would be required to preside as fact finders in a case involving Plaintiff's employment in Nevada by a Nevada corporation, and to apply Nevada law.

**3.**  Venue is not proper in the United States District Court, Northern District of California. This action arises out of and relates to Plaintiff's employment in Nevada by a Nevada corporation, and the breach of an alleged employment agreement he executed in Nevada.  Should the court not dismiss this action for forum non-conveniens it should transfer venue of this action to the United States District Court, District of Nevada.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND USC §§ 1391, 1404

CV-C-08-01002 JSW

402853.1

1

## **SUMMARY OF ARGUMENT**

2

California does not have personal jurisdiction over three of the four named defendants.

3

*See* Int'l Shoe Co. v. Wash., 326 U.S. 310 (1945).  Regardless, the Court is precluded from

4

exercising jurisdiction over the individual defendants because of the fiduciary shield doctrine.  *See*

5

Sher v. Johnson, 911 F.2d 1357 (9th Cir. 1990).

6

California is not a convenient forum for this action because, with the exception of Plaintiff, all of

7

the parties, the witnesses, and the sources of proof are in Nevada – not California.  *See* Piper

8

Aircraft Co. v. Reyno, 454 U.S. 235 (1981); Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping

9

Corp., __ U.S. __, 127 S.Ct. 1184 (2007).

10

California is not the proper venue for Plaintiff's claims, all of which are related to his

11

employment in Nevada with a Nevada corporation.  Nevada, not California, is the appropriate

12

forum and venue for this matter.  *See* Norwood v. Kirkpatrick, 349 U.S. 29 (1955).  *See also,*

13

FRCP 12(b)(3); 28 U.S.C. § 1391.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND USC §§ 1391, 1404

CV-C-08-01002 JSW

402853.1

v

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

On or about March 16, 2006, Konami, a Nevada corporation, hired Plaintiff, a California resident, to work in Las Vegas, Nevada as Konami's Vice President of Sales and Marketing.  As an expressed condition of employment, Konami required Plaintiff relocate to Las Vegas, Nevada. Indeed, Plaintiff negotiated a generous relocation package that included home closing costs on the sale of his California home and purchase of a Nevada home, the cost of packing and moving from California to Nevada, and other relocation costs.  Then, Plaintiff reneged on his agreement, and decided to stay in California.  Based in part on this decision, Konami terminated his employment. Now, Plaintiff wants a California court to decide claims that arose out of his employment in Nevada by a Nevada corporation.  This Court cannot do so.  First, California does not have personal jurisdiction over three of the four named defendants.  Second, California is not a convenient forum for this action because, with the exception of Plaintiff, all of the parties, the witnesses, and the sources of proof are in Nevada – not California.  Finally, California is not the proper venue for Plaintiff's claims, all of which are related to his employment in Nevada with a Nevada corporation. [1]  Nevada, not California, is the appropriate forum and venue for this matter.

## II.     STATEMENT OF FACTS

### A. DEFENDANT KONAMI

Konami is a Nevada corporation, with its principal place of business in Las Vegas, Nevada.  *See* Sutherland Declaration ¶ 3; Satoshi Sakamoto  Declaration ¶ 3; and Tom Jingoli Declaration ¶ 3 (filed contemporaneously herewith).   Konami does not have any employees in California, but it does employ Nevada employees who provide sales and technical support to

---

[1]  Although there is an arbitration agreement between the parties, the issue of the validity of the arbitration agreement between Plaintiff and Konami is not yet before this Court.  This Court may not reach said issue absent the Court having jurisdiction over Defendants and ruling that this is the appropriate venue or forum for this case.  After reviewing the current motion, Defendants are confident that the Court will dismiss individual defendants, and dismiss this action on the grounds of forum non-conveniens or in the alternative transfer venue to the United States District Court in the District of Nevada.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND USC §§ 1391, 1404

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

CV-C-08-01002 JSW

1

402853.1

Konami's California customers.[2]   Sutherland Declaration ¶ 4.   Konami maintains its own corporate records, and Individual Defendants have never commingled their own funds with Konami.  Sutherland Declaration ¶ 3; Sakamoto Declaration ¶ 3; Jingoli Declaration ¶ 3.

## B.  INDIVIDUAL DEFENDANTS

Sakamoto is currently, and has been at all relevant times associated with this lawsuit, the Chief Executive Officer for Konami.  Sakamoto Declaration ¶ 3.  Sutherland is currently, and has been at all relevant times associated with this lawsuit, the Executive Vice President and Chief Operating Officer for Konami.  *Id.*  Jingoli is currently, and has been at all relevant times associated with this lawsuit, the Senior Director of Compliance and Legal Administration for Konami.  Jingoli Declaration ¶ 3.

Individual Defendants travel all over the world as part of their duties for Konami, including California.  Sutherland Declaration ¶ 10; Sakamoto Declaration ¶ 9; Jingoli Declaration ¶ 9.  However, Individual Defendants do not regularly travel to California for personal reasons. *Id.*  Sutherland has vacationed in California a few times in his life.  Sutherland Declaration ¶ 10. Sakamoto has spent time in various California airports while on layovers traveling to and from various international destinations like Australia and Japan.  Sakamoto Declaration ¶ 9.  Jingoli travels perhaps an average of 5 times a year to visit friends in California, and from time to time calls his financial advisor in Los Angeles, California.  Jingoli Declaration ¶¶ 9, 11.  Individual Defendants meet with Konami clients and potential clients when they travel on Konami's behalf. Sutherland Declaration ¶ 10; Jingoli Declaration ¶ 9.  Individual Defendants have also negotiated and entered into contracts for services on behalf of Konami, and applied for and obtained all necessary state and governmental licenses and permits for Konami to sell goods and services in California. *Id.*

Outside of the business conducted for Konami or other corporate entities, Individual Defendants have never conducted any business in California.   Sutherland Declaration ¶ 11;

---

[2]  Due to Konami's contacts with California through its sales employees, Konami is not challenging the Court's jurisdiction over it.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND USC §§ 1391, 1404

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

CV-C-08-01002 JSW

402853.1

1    Sakamoto Declaration ¶ 10; Jingoli Declaration ¶ 10.  Indeed, aside from their activities on

2    behalf of Konami, Individual Defendants do not maintain personal offices or places of business in

3    California.  *Id.*  Individual Defendants also do not have any personal employees in California.  *Id.*

4        Lastly, Individual Defendants do not own, lease, or maintain any property in California.

5    Sutherland Declaration ¶ 12; Sakamoto Declaration ¶ 11; Jingoli Declaration ¶ 11.  Individual

6    Defendants do not have personal telephone listings or addresses in California, nor do Individual

7    Defendants maintain any personal bank accounts in California.  *Id.*

8            ## C.  WHEN KONAMI HIRED PLAINTIFF, HE AGREED TO MOVE TO NEVADA

9

10       On or about October 14, 2005, Konami hired international executive search firm

11   Korn/Ferry International to conduct a national search for the position of Vice President of Sales

12   and Marketing at Konami, in Las Vegas, Nevada.  Sutherland Declaration ¶ 5; Sakamoto

13   Declaration ¶ 4; Jingoli Declaration ¶ 4.  As part of Konami's search for a Vice President of

14   Sales and Marketing, Individual Defendants interviewed Plaintiff.  Sutherland Declaration ¶ 6;

15   Sakamoto Declaration ¶ 5; Jingoli Declaration ¶ 5.  The interview took place **in Las Vegas,**

16   **Nevada**.  *Id.*  Individual Defendants have never met with Plaintiff in California.  *Id.*  On or about

17   March 16, 2006, Konami hired Plaintiff as its Vice President of Sales and Marketing; Plaintiff

18   commencing his employment on April 10, 2006.  Sutherland Declaration ¶ 7; Sakamoto

19   Declaration ¶ 6; Jingoli Declaration ¶ 6.  Konami made its decision to hire Plaintiff with the

20   expressed expectation that Plaintiff would relocate to Nevada.  Sutherland Declaration ¶ 7;

21   Sakamoto Declaration ¶ 6.  Plaintiff's offer letter contemplates his relocation to Nevada, and

22   provides Plaintiff with a generous relocation package.  Sakamoto Declaration ¶ 6; *see also*

23   Exhibit 1 to Sakamoto Declaration.

24       Two months after commencing employment as Vice President of Sales and Marketing at

25   Konami in Las Vegas, Nevada, and agreeing to relocate to Nevada, Plaintiff changed his mind.

26   Sutherland Declaration ¶ 8; Sakamoto Declaration ¶ 7; Jingoli Declaration ¶ 7.  Plaintiff reneged

27   on his agreement to move to Nevada, and informed Konami of the same.  *Id.*  Plaintiff then

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND USC §§ 1391, 1404

CV-C-08-01002 JSW

3

402853.1

1   attempted to renegotiate his employment with Konami, so that Konami would be responsible for

2   paying Plaintiff's travel expenses between his home in California and Las Vegas, Nevada.  *Id.*

3   Konami could not continue to employ Plaintiff as its Vice President of Sales and Marketing,

4   partially in light of his decision to stay in California.  Sutherland Declaration  ¶ 9; Sakamoto

5   Declaration  ¶ 8; Jingoli Declaration  ¶ 8.  Konami's sales and marketing staff is located in Las

6   Vegas, Nevada.  Sutherland Declaration  ¶ 4.  Therefore, on or about June 15, 2006, Konami

7   terminated Plaintiff's employment.  Sutherland Declaration  ¶¶ 8, 9; Sakamoto Declaration  ¶¶ 7,

8   8; Jingoli Declaration  ¶¶ 7, 8.

9        The above are the facts that give rise to the instant litigation.  As shown in detail below,

10  California does not have personal jurisdiction over Individual Defendants, and is not the proper

11  forum or venue for this action.

12  **III.    LEGAL ARGUMENT**

13      **A. THE COURT LACKS PERSONAL JURISDICTION OVER INDIVIDUAL**

14          **DEFENDANTS**

15      The Court should dismiss this action as to Individual Defendants because it lacks personal

16  jurisdiction over them.  FRCP 12(b)(2) provides that a court may dismiss a complaint for "lack of

17  jurisdiction over the person."  "When a defendant moves to dismiss for lack of personal

18  jurisdiction, the **plaintiff** bears the burden of demonstrating that the court has jurisdiction over the

19  defendant." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006) *citing* Harris Rutsky

20  & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003)

21  (emphasis added).   A court evaluating such a motion may consider evidence presented in

22  affidavits to assist it in its determination. Data Disc. Inc. v. Systems Technology Assoc., Inc., 557

23  F.2d 1280, 1285 (9th Cir. 1977).  Where a court proceeds on the basis of affidavits and without

24  discovery and an evidentiary hearing, "the plaintiff need only make a prima facie showing of

25  jurisdiction..." Pebble Beach Co., 453 F.3d at 1154 *citing* Doe v. Unocal, 248 F.3d 915, 922 (9th

26  Cir. 2001).  However, **the plaintiff cannot simply rest on the bare allegations of the complaint**.

27  Amba Marketing Systems, Inc. v. Jobar International, Inc., 551 F.2d 784, 787 (9th Cir. 1977).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND
USC §§ 1391, 1404

CV-C-08-01002 JSW

4

402853.1

1    Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statue, and

2    if the exercise of that jurisdiction does not violate federal due process. <u>Pebble Beach Co.</u>, 453

3    F.3d at 1154. California's long-arm statute allows courts to "exercise jurisdiction on any basis not

4    inconsistent with the Constitution of [California] or of the United States." Cal. Civ. Proc. Code

5    §410.10. Therefore, California courts may exercise jurisdiction to the limits of the Due Process

6    Clause of the United States Constitution. <u>The Dow Chemical Co. v. Claderon</u>, 422 F.3d 827, 831

7    (9th Cir. 2005).

8    Federal due process requires that a nonresident defendant have minimum contacts with the

9    forum state such that the exercise of personal jurisdiction does not offend traditional notions of

10   fair play and substantial justice. <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310, 315 (1945); *see also* <u>The</u>

11   <u>Dow Chemical Co.</u>, 422 F.3d at 831. A defendant's conduct and connection with the forum must

12   be such that the defendant should reasonably anticipate being hauled into court there. <u>Sher v.</u>

13   <u>Johnson</u>, 911 F.2d 1357, 1361 (9th Cir. 1990) *citing* <u>World-Wide Volkswagen Corp. v. Woodson</u>,

14   444 U.S. 286, 297 (1980).

15   These due process concerns are satisfied by a finding of either general or specific

16   jurisdiction. When a defendant has *substantial* or *continuous and systematic* contacts with the

17   forum state, general jurisdiction is proper even if the cause of action is unrelated to the defendant's

18   forum activities. <u>Bancroft & Masters, Inc. v. Augusta National, Inc.</u>, 223 F.3d 1082, 1086 (9th Cir.

19   2000). This standard is "fairly high" and requires contacts that approximate physical presence. *Id.*

20   In the absence of general jurisdiction, "[s]pecific personal jurisdiction over a defendant

21   may be established **only where the cause of action arises from the defendant's contacts with**

22   **the forum.**" <u>Bancroft & Masters, Inc.</u>, 223 F.3d at 1086 (emphasis added). In other words,

23   Individual Defendants must have "minimum contacts" with California such that the assertion of

24   jurisdiction "does not offend traditional notions of fair play and substantial justice." <u>Int'l Shoe</u>

25   <u>Co.</u>, 326 U.S. at 315 (1945).

26   The Ninth Circuit uses a three-part test to determine if a party has minimum contacts

27   sufficient for a court to exercise specific personal jurisdiction over a defendant. "This minimum

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

28   DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND
     USC §§ 1391, 1404

CV-C-08-01002 JSW

402853.1

1   contacts test is satisfied when, 1) the defendant has performed some act or consummated some

2   transaction within the forum or otherwise purposefully availed himself of the privileges of

3   conducting activities in the forum, 2) the claim arises out of or results from the defendant's forum-

4   related activities, and 3) the exercise of jurisdiction is reasonable." Pebble Beach Co., 453 F.3d at

5   1155 *citing* Bancroft & Masters, Inc., 223 F.3d at 1086. If any of the three requirements above is

6   not satisfied, jurisdiction in the forum is improper. Pebble Beach Co., 453 F.3d at 1155 *citing*

7   Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). Plaintiff bears the

8   burden of satisfying the first two prongs of the minimum contacts test. Pebble Beach Co., 453

9   F.3d at 1155 *citing* Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802. "Once it has

10  been decided that a defendant purposefully established minimum contacts within the forum State,

11  these contacts may be considered in light of other factors to determine whether the assertion of

12  personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King Corp.

13  v. Rudzewicz, 471 U.S. 462, 476-77 (1985).

### i. THE COURT DOES NOT HAVE GENEARL JURISDICTION OVER INDIVIDUAL DEFENDANTS

16  Individual Defendants' contacts with California do not qualify as "continuous" and

17  "systematic" enough for the Court to exercise general jurisdiction over them.

18  Individual Defendants do not have any personal interests in California. Sutherland

19  Declaration ¶¶ 10-12; Sakamoto Declaration ¶¶ 9-11; Jingoli Declaration ¶¶ 9-11. Individual

20  Defendants do not individually own, lease, or maintain property in California. Sutherland

21  Declaration ¶ 12; Sakamoto Declaration ¶ 11; Jingoli Declaration ¶ 11. They do not maintain

22  personal bank accounts in California, nor do they have telephone listings or addresses in

23  California. *Id.* Individual Defendants do not maintain offices or places of business, aside from

24  their activities for Konami, in California, and they do not have employees in California who act on

25  their individual behalves. Sutherland Declaration ¶ 11; Sakamoto Declaration ¶ 10; Jingoli

26  Declaration ¶ 10. Two Individual Defendants have never availed themselves of the privilege of

27

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND USC §§ 1391, 1404

CV-C-08-01002 JSW

402853.1

1    conducting business or any other substantive activity in California, nor invoked the protections or

2    benefits of California law.  Sakamoto Declaration ¶¶ 9-11; Jingoli Declaration ¶¶ 9-11.

3         Sutherland's personal contacts with California span his lifetime, and are limited to a few

4    vacations, and having spent time living and working in California during the 1980s.  Sutherland

5    Declaration  ¶ 10.  Sutherland's only other California contacts have been in the capacity of

6    Executive Vice President and Chief Operating Officer, in the service of Konami.  Sutherland

7    Declaration ¶¶ 10-12.

8         Sakamoto's personal contacts with California are limited to layovers in various California

9    airports while waiting for connecting flights to international destinations like Australia and Japan.

10   Sakamoto Declaration  ¶ 9.  Sakamoto's only other contacts with California have been as Chief

11   Executive Officer for Konami, and include occasional meetings with Konami auditors.  Sakamoto

12   Declaration ¶¶ 9-12.

13        Jingoli's personal contacts with California have been limited to an average of 5 trips a year

14   to visit friends in California.  Jingoli Declaration ¶ 9.  Jingoli also contacts his financial advisor in

15   Los Angeles, California from time to time.  Jingoli Declaration ¶ 11.  Jingoli's only other contacts

16   with California have been as its Senior Director, Compliance and Legal Administration in the

17   service of Konami.  Jingoli Declaration ¶¶ 9-11.

18        Individual Defendants' contacts simply are not "continuous" and "systematic" enough, and

19   are utterly insufficient to meet the fairly high due process concerns for the Court to exercise

20   general jurisdiction over them.

21            **ii.    INDIVIDUAL DEFENDANTS DO NOT HAVE THE REQUISITE**
                       **"MINIMUM CONTACTS" WITH CALIFORNIA FOR THE COURT**
22                     **TO EXERCISE SPECIFIC JURISDICTION OVER THEM**

23        The Court cannot exercise specific jurisdiction over Individual Defendants because none of

24   Individual Defendants' contacts with California were related to Plaintiff's employment, nor do

25   they give rise to any of Plaintiff's claims.  In other words, Individual Defendants do not have the

26   requisite "minimum contacts" with California for the Court to exercise specific jurisdiction over

27   them.

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND
USC §§ 1391, 1404

CV-C-08-01002 JSW

402853.1

Reviewing the facts outlined above in §III(A)(i) *supra*, it is clear that Plaintiff's claims do not arise out of any of Individual Defendants' activities in California. Plaintiff's claims do ***not*** **arise** out of Sutherlands' contacts with California in the 1980s or his sporadic vacations to California. Plaintiff's claims do ***not*** **arise** out of Sakamoto's layovers in various California airports while waiting for connecting flights to international destinations. Plaintiff's claims do ***not*** **arise** out of Jingoli's trips to visit friends in California, or Jingoli's telephone calls with his financial advisor in Los Angeles, California. Plaintiff's claims **do arise** out of his employment in Nevada with a Nevada corporation. Plaintiff's employment was in Nevada. Sutherland Declaration ¶¶ 5, 7; Sakamoto Declaration ¶¶ 4, 6; Jingoli Declaration ¶¶ 4, 6. Individual Defendants' contacts and meetings with Plaintiff during the interview processes and thereafter never took place in California. Sutherland Declaration ¶ 6; Sakamoto Declaration ¶ 5; Jingoli Declaration ¶ 5.

Individual Defendants do not have the requisite "minimum contacts" with California sufficient for the Court to exercise specific personal jurisdiction over them without upsetting the traditional notions of fair play and substantial justice.

### iii. THE FIDUCIARY SHIELD DOCTRINE PRECLUDES ESTABLISHING JURISDICTION OVER INDIVIDUAL DEFENDANTS

Even if the Court concludes that Individual Defendants' contacts with California are sufficient to exercise specific jurisdiction (which they are not), it is indisputable that all of Individual Defendants' contacts with Plaintiff were made in their capacity as officers and directors of Konami. Individual Defendants, in their capacity as Konami officers, interviewed Plaintiff in Nevada, met with Plaintiff in Nevada, and negotiated Plaintiff's employment agreement from Nevada. Plainly stated, a Nevada corporation, not Individual Plaintiffs, hired Plaintiff to work in Nevada.

The "fiduciary shield" doctrine precludes the Court from exercising personal jurisdiction over an individual based on his forum-related contacts while acting only as an agent for his principal. The Ninth Circuit recognizes the "fiduciary shield" doctrine. Sher, 911 F.2d 1375. In

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND USC §§ 1391, 1404

CV-C-08-01002 JSW

8

402853.1

1    Sher, the Ninth Circuit Court of Appeals applied the fiduciary shield doctrine and concluded that

2    the plaintiff could not establish personal jurisdiction over individual partners of a partnership

3    based on contacts they had with California while acting in furtherance of the partnership.  *Id.*  The

4    court stated that although actions of agents are attributable to principals for purposes of personal

5    jurisdiction, the converse is not true.  *Id.* at 1366.  **Jurisdiction over each individual defendant**

6    **must be established**.  *Id.* at 1365.

7        "Jurisdiction over an individual director or officer of a corporation may not be predicated

8    on the court's jurisdiction over the corporation itself, unless the individual himself maintains

9    contacts with the forum state that would subject him to the coverage of the state's long arm statute

10   and comport with due process."  Hoag v. Sweetwater International, 857 F.Supp. 1420, 1426 (D.

11   Nev. 1994) *citing* Calder v. Jones, 465 U.S. 783, 790 (1984).

12       In Pocahontas First Corp. v. Venture Planning Group, Inc., 572 F.Supp. 503, 508 (D. Nev.

13   1983), the U.S. District Court quoted from Marine Midland Bank, N.A. v. Miller, 664 F.2d 899,

14   902 (2d Cir. 1981):

15            If an individual has contact with a particular state only by virtue of
16            his acts as a fiduciary of the corporation, he may be shielded from
             the exercise, by that state, of jurisdiction over him personally on
17            the basis of that conduct.   Thus, his conduct, although it may
             subject him to personal liability, may not form the predicate for the
18            exercise of jurisdiction over him as an individual.

19            The underpinning of this fiduciary shield doctrine is the notion that
             it is unfair to force an individual to defend a suit brought against
20            him personally in a forum with which his only relevant contacts
             are acts performed not for his own benefit but for the benefit of his
21            employer.

22       "Absent a ruse to conceal an employee's personal activity behind the corporate shield, it is

23   most difficult to conclude that the employee purposefully availed himself of a distant forum's

24   laws."  Pocahontas First Corp., 572 F.Supp. at 508 *citing* Idaho Potato Com'n v. Washington

25   Potato Com'n, 410 F.Supp. 171, 181 (D. Idaho 1976).  Jurisdiction over an individual officer of a

26   corporation may not be predicated merely upon jurisdiction over the corporation itself.  Id.; *see*

27   *also* Videotronics, Inc. v. Bend Electronics, 564 F.Supp. 1471, 1475 (D. Nev. 1983); Sage

28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND
USC §§ 1391, 1404

CV-C-08-01002 JSW

402853.1

1   <u>Computer Technology v. P-Code Distributing Corp.</u>, 576 F.Supp. 1194, 1196 (D. Nev. 1983).  The

2   corporation is not an agent of the officer.  <u>Pocahontas First Corp.</u>, 572 F.Supp. at 508.

3       Here, Individual Defendants' contacts with California in their official capacity as officers

4   of Konami cannot support the Court's exercise of jurisdiction over them.  Therefore, the Court

5   should dismiss Individual Defendants for lack of personal jurisdiction.

6                 **B.  THE COURT SHOULD DISMISS FOR FORUM NON-CONVENIENS**

7       Regardless of whether the Court dismisses Individual Defendants for lack of personal

8   jurisdiction, this action should be dismissed as to all Defendants for forum non-conveniens.  The

9   Supreme Court recently held that "a district court has discretion to respond at once to a

10  defendant's *forum non conveniens* plea, and need not take up first any other threshold objection.

11  In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-

12  matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a

13  foreign tribunal is plainly the more suitable arbiter of the merits of the case."  <u>Sinochem</u>

14  <u>International Co., Ltd. v. Malaysia International Shipping Corp.</u>, __ U.S. __, __, 127 S.Ct. 1184,

15  1188 (2007) (emphasis in original).

16      This Court has wide latitude in deciding a motion to dismiss for forum non-conveniens.

17  <u>Priyanto v. M/S Amsterdam</u>, 2007 U.S. Dist. LEXIS 96370 *16 (C.D. Cal. 2007) *citing* <u>Piper</u>

18  <u>Aircraft Co. v. Reyno</u>, 454 U.S. 235, 256 (1981).  Although a plaintiff's choice of forum should

19  rarely be disturbed, this Court may properly dismiss this action under the doctrine of forum non-

20  conveniens when the convenience of the parties and the ends of justice weigh heavily against the

21  retention of jurisdiction.  <u>Priyanto</u>, 2007 U.S. Dist. LEXIS 96370 *16 *citing* 28 U.S.C. §1404(a).

22  When an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum

23  would "establish … oppressiveness and vexation to a defendant … out of all proportion to

24  plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations

25  affecting the court's own administrative and legal problems," the court may, in the exercise of its

26  sound discretion, dismiss the case.  <u>Piper Aircraft Co.</u>, 454 U.S. at 241 *citing* <u>Koster v.</u>

27

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

28  DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND
                                USC §§ 1391, 1404

                                                                        CV-C-08-01002 JSW

402853.1

<u>Lumbermens Mut. Cas. Co.</u>, 330 U.S. 518, 524 (1947). To that end, the Court needs to consider the following factors to guide its decision:

1. relative ease of access to sources of proof;
2. availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;
3. possibility of view of premises, if view would be appropriate to the action;
4. all other practical problems that make trial of a case easy, expeditious, and inexpensive; and finally
5. the "public interest" factors including the relative congestion of court dockets, choice of law considerations and the relations of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation.

*See* <u>Piper Aircraft Co.</u>, 454 U.S. at 241 n.6 *citing* <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508-9 (1947). All of these factors weigh in favor of dismissal for forum non-conveniens.

*Relative Ease of Access to Sources of Proof*

- All the Defendants are citizens of, reside in, or are incorporated and maintain a principal place of business in Nevada.

- All of the "sources of proof," including relevant documents and witnesses (save Plaintiff) are in Nevada.

*Availability of Compulsory Process for Attendance of Unwilling, and the Cost of Obtaining Attendance of Willing, Witnesses*

- All of the witnesses are in Nevada, except for Plaintiff. Willing or unwilling, it will be less onerous and less expensive to compel witnesses attendance in Nevada.

*Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive*

- Defendants all reside in Nevada.

- Conducting the litigation in California, and requiring Defendants and all the witnesses to travel to California for depositions, hearings, etc., would be financially oppressive and vexatious in comparison with conducting the litigation in Nevada.

- In addition to the cost of travel, it will be a logistical nightmare to coordinate the schedules of all witnesses and parties (and their counsel) involved in California. The Court should not only consider the amount of time the parties, witnesses, and

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND USC §§ 1391, 1404

CV-C-08-01002 JSW

402853.1

11

attorneys would spend traveling from work to California, but also the amount of time those same individuals would spend away from work.

*Public Interest Factors*

- Nevada law would apply to this case.
- California citizens and this Court would be unfairly burdened with being required to serve as fact-finders in this case, and forced to decide issues in this litigation, all of which occurred in Nevada, and are governed by Nevada law.

Defendants anticipate that Plaintiff will argue that dismissal on the ground of forum non-conveniens is improper because the law of any alternate forum, namely Nevada, is less favorable to Plaintiff than that of the present forum, California. Plaintiff may not defeat a motion to dismiss on the ground of forum non-conveniens because the law of any alternate forum may be less favorable to Plaintiff than that of the present forum. <u>Piper Aircraft Co.</u>, 454 U.S. at 247. "The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry." *Id.* (emphasis in original). Even if this case were heard in California, Plaintiff could not avoid the application of Nevada law. Nevada law would govern Plaintiff's breach of contract and other common law tort claims[3], if any, because Plaintiff was employed in Nevada by a Nevada corporation, his offer letter was executed in Nevada, and his duties were to be performed in Nevada.

Clearly, after balancing and considering the relevant factors, the Court must dismiss this case on the ground of forum non conveniens.

/ / /

/ / /

/ / /

/ / /

---

[3] It appears that Plaintiff alleges in his Complaint discrimination and harassment claims in violation of federal or state anti-discrimination laws. Plaintiff has not plead, nor do Defendants believe, that Plaintiff has exhausted his administrative remedies. Defendants do not believe that Plaintiff ever filed an underlying Charge of Discrimination with any federal or state agency, and the time to do so has now expired.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND USC §§ 1391, 1404

CV-C-08-01002 JSW

402853.1

1

## C.  IF THE COURT DOES NOT DISMISS THIS CASE IT SHOULD AT THE VERY LEAST TRANSFER VENUE

2

3    If the Court does not dismiss this case for forum non-conveniens, it should at least transfer

4    venue to the United States District Court for the District of Nevada.  This Court has the power to

5    transfer an action pursuant to 28 U.S.C §1404(a), which provides in pertinent part:

6    For the convenience of parties and witnesses, in the interest of
      justice, a district court may transfer any civil action to any other
7    district or division where it might have been brought.

8    28 U.S.C. §1404(a).

9    The United States Supreme Court has recognized that the purpose of 28 U.S.C. §1404(a) is

10    to "prevent waste of time, energy and money and protect litigants, witnesses and the public against

11    unnecessary inconvenience and expense."  Van Dusen v. Barrack, 376 U.S. 612, 615 (1964)

12    quoting Continental Grain co. v. Barge, F.B.L. – 585, 364 U.S. 19, 26-7 (1960).

13    In the furtherance of justice and judicial economy, and as shown in detail in this motion,

14    Nevada is the appropriate venue and forum for this action, not the Northern District of California.

15    All, or a substantial part of the events that give rise to this action occurred in Nevada.  See 28

16    U.S.C. § 1391.  This action should be transferred to the United States District Court for the

17    District of Nevada.  All the witnesses and parties (except Plaintiff) are in Nevada.  The

18    employment agreement was entered into in Nevada.  Plaintiff's employment was to be performed

19    in Nevada.  All meetings between Plaintiff and Defendants took place outside of California.

20    It is well-established that the decision to transfer venue resides in the sound discretion of

21    the transferor court.  See, e.g., Multistate Legal Studies, Inc. v. Marino, 1996 U.S. Dist. LEXIS

22    20752 (C.D. Cal. 1996).  In making this decision, a court's analysis of a transfer of venue motion

23    is similar to the analysis employed in evaluating a forum non-conveniens motion.  Norwood v.

24    Kirkpatrick, 349 U.S. 29, 32 (1955); Hardaway Constructions, Inc. v. Codisco Indus., 583 F.Supp.

25    617, 619 (D. N.J. 1983).  Although the same principles underlie both the forum non-conveniens

26    doctrine and the statute authorizing transfer of venue, a lesser showing of inconvenience is

27    required under a §1404(a) motion to transfer venue, and a district court's discretion in granting a

28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND
USC §§ 1391, 1404

CV-C-08-01002 JSW

402853.1

1  transfer is broader than when determining whether to allow a transfer pursuant to the doctrine of

2  forum non-conveniens.  <u>Piper Aircraft Co.</u>, 454 U.S. at 253; <u>Norwood</u>, 345 U.S. at 32; <u>Hardaway</u>,

3  583 F.Supp. at 619.

4      When reviewing the evidence presented above and in §III(B) *supra* under the less-

5  burdensome lens of §1404(a), it is clear that a transfer of venue to the United States District Court

6  for the District of Nevada must be granted.

7  **IV.    CONCLUSION**

8      For the forgoing reasons, the Court should dismiss Individual Defendants from this action

9  for lack of personal jurisdiction.    Additionally, and irregardless of whether the Court dismisses

10  Individual Defendants, it should dismiss this action as to all Defendants for forum non-

11  conveniens, or in the alternative transfer venue to the District Court of Nevada.

12      DATED this 13th day of March, 2008.

13                      Respectfully submitted,

14                      LEWIS AND ROCA LLP

15                      By: /s/ Suzanne L. Martin
16                      SUZANNE L. MARTIN
                        California Bar No. 210613
17                      LEWIS AND ROCA LLP
                        3993 Howard Hughes Parkway, Ste. 600
18                      Las Vegas, Nevada  89169
                        (702) 949-8200
19                      (702) 949-8398 (fax)
                        Attorneys for Defendants

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND
USC §§ 1391, 1404

CV-C-08-01002 JSW

402853.1

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on March 13, 2008, I electronically transmitted the foregoing

3 **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER F.R.C.P.**

4 **12(b)(2), (b)(3), 28 U.S.C. § § 1391, 1404(a)** with the Clerk's Office using the CM/ECF System

5 for filing and transmittal and served the foregoing by depositing a copy of mailing, first-class mail,

6 postage prepaid to the following:

7

8                                    Lou Ramondetta
                                     2335 Stewart Avenue
9                                    Walnut Creek, CA 94596

10
                            By : ___/s/ Laura Sliwinski_____
11                                     An Employee of Lewis and Roca LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP 12(B)(2), 12(B)(3), AND
USC §§ 1391, 1404

402853.1