# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

Ramondetta

v.

Konami Gaming Inc

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: C08-01002 JSW

TO: (Name and address of defendant)

Konami Gaming Inc.
Steve Sutherland
Satoshi Sakamoto
Tom Jingoli

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Lou Ramondetta
2335 Stewart Ave.
Walnut Creek, CA 94596

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

DATE 2-22-08

HILARY JACKSON
(BY) DEPUTY CLERK

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Ramondetta
  v.
Konami et al.; defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

C08-01002 JSW

TO: Konami Gaming Inc
585 Trade Center Dr.
Las Vegas, NV 89119

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

e-mail correspondences, expense files, personal files

| PLACE | DATE AND TIME |
|---|---|
| Konami, 585 Trade Center Dr, Las Vegas, NV 89119 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| HILARY JACKSON | 4/22/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
U.S. DISTRICT COURT
450 GOLDEN GATE AVE., BOX 36060   (415) 522-4201
SAN FRANCISCO, CA 94102

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

Case 3:0X-cv-0N02-EDL    Document 1    Filed 03/18/2008    Page 3 of 11

**Thomas A. Jingoli**
Senior Director of Compliance & Legal Administration

**Konami Gaming, Inc.**
585 Trade Center Drive, Las Vegas, NV 89119
Tel: 702.616.1400  Cell: 702.596.4608  Fax: 702.952.1521
Email: tjingoli@kgiexecutive.com
www.konamigaming.com

**KONAMI PROCESS**

Clarkway Drive, Suite A-1
Las Vegas, NV 89106
(2) 631-0503 or 1 (888) 297-9163
8-1082  e-mail: jtdemarco@cox.net

*Nevada License #981*



PAID

| | Date | Invoice # |
|---|---|---|
| Client | 2/28/2008 | 25711 |

Lou Ramondetta
2335 Stewart Ave.
Walnut Creek, CA 94596

File/Case #

| Date | Person/Entity Served | Amount |
|---|---|---|
| 2/25/2008 | Konami Gaming, Inc. | 45.00 |
| 2/25/2008 | Tom Jingoli - same address fee | 10.00 |
| 2/25/2008 | Steve Sutherland - same address fee | 10.00 |
| 2/25/2008 | Satoshi Sakamoto - same address fee | 10.00 |

**Due Upon Receipt of Invoice**
**Make Checks Payable to A-1 Process**

| | |
|---|---|
| **Total** | $75.00 |
| **Payments** | $-75.00 |
| **Balance Due** | $0.00 |

• AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>February 25, 2008 |
| NAME OF SERVER *(PRINT)*<br>Nevada Licensed Process Server #981 | TITLE<br>Nevada Licensed Process Server #981 |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where
    585 Trade Center Drive, Las Vegas, Nevada 89119

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
    Name of person with whom the summons and complaint were _____

☐ Returned

☐ Other

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES $45.00 | TOTAL $45.00 |
|---|---|---|

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    February 25, 2008      _____
                             Date                      *Signature of Server*

                            651 Clarkway Drive, Suite A-1, Las Vegas, Nevada 89106
                            *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 2/25/2008 | 585 Trade Center Drive, Las Vegas, Nevada 89119 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Konami Gaming, Inc. | Corporate |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Tom DeMarco | Nevada Licensed Process Server #981 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    2-28-2008
               DATE

SIGNATURE OF SERVER

Tom DeMarco, Nevada Licensed Process Server #981

ADDRESS OF SERVER

651 Clarkway Drive, Las Vegas, NV 89106

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE<br>February 25, 2008 |
| NAME OF SERVER (PRINT)<br>Nevada Licensed Process Server #981 | TITLE<br>Nevada Licensed Process Server #981 |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where
    585 Trade Center Drive, Las Vegas, Nevada 89119

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
    Name of person with whom the summons and complaint were _____

☐ Returned

☐ Other

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES $10.00 | TOTAL $10.00 |
|---|---|---|

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   February 25, 2008         _[signature]_
                Date                           Signature of Server

                            651 Clarkway Drive, Suite A-1, Las Vegas, Nevada 89106
                            Address of Server

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/25/2008 | 585 Trade Center Drive, Las Vegas, Nevada 89119 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Tom Jingoli | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Tom DeMarco | Nevada Licensed Process Server #981 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    2-28-2008
               DATE

SIGNATURE OF SERVER

Tom DeMarco, Nevada Licensed Process Server #981

ADDRESS OF SERVER

651 Clarkway Drive, Las Vegas, NV 89106

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE<br>February 25, 2008 |
| NAME OF SERVER *(PRINT)*<br>Nevada Licensed Process Server #981 | TITLE<br>Nevada Licensed Process Server #981 |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where
   585 Trade Center Drive, Las Vegas, Nevada 89119

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person with whom the summons and complaint were _____

☐ Returned

☐ Other

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES $10.00 | TOTAL $10.00 |
|---|---|---|

**DECLARATION OF SERVER**

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   February 25, 2008
               Date                       *Signature of Server*

                                   651 Clarkway Drive, Suite A-1, Las Vegas, Nevada 89106
                                   *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/25/2008 | 585 Trade Center Drive, Las Vegas, Nevada 89119 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Steve Sutherland | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Tom DeMarco | Nevada Licensed Process Server #981 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   2-28-200
                    DATE

SIGNATURE OF SERVER

Tom DeMarco, Nevada Licensed Process Server #981

ADDRESS OF SERVER

651 Clarkway Drive, Las Vegas, NV 89106

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

· AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>February 25, 2008 |
| NAME OF SERVER *(PRINT)*<br>Nevada Licensed Process Server #981 | TITLE<br>Nevada Licensed Process Server #981 |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where
    585 Trade Center Drive, Las Vegas, Nevada 89119

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were _____

☐ Returned

☐ Other

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES $10.00 | TOTAL $10.00 |
|---|---|---|

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   February 25, 2008           _____
                       Date                        *Signature of Server*

                                      651 Clarkway Drive, Suite A-1, Las Vegas, Nevada 89106
                                                            *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/25/2008 | 585 Trade Center Drive, Las Vegas, Nevada 89119 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Satoshi Sakamoto | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Tom DeMarco | Nevada Licensed Process Server #981 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  2-28-2008
              DATE

SIGNATURE OF SERVER

Tom DeMarco, Nevada Licensed Process Server #981

ADDRESS OF SERVER

651 Clarkway Drive, Las Vegas, NV 89106

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.