LOU RAMONDETTA, *in propria persona*
2335 Stewart Avenue
Walnut Creek, CA 94596
Telephone: (925) 989-2525
Facsimile: (925) 945-1655

Suzanne Martin
Lewis and Roca LLP
3993 Howard Hughes Parkway, Ste. 600
Las Vegas, NV 89119
(702) 949-8200

March 19, 2008

FILED

MAR 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU RAMONDETTA,<br><br>    Plaintiff,<br><br>    v.<br><br>KONAMI, *et al.*, Konami, Steve Sutherland, Satoshi Sakamoto and Tom Jingoli<br><br>    Defendants. | CASE NO.: C08-01002 JSW<br><br>**APPLICATION FOR ASSISTED SETTLEMENT SUPPORT**<br><br>Date: May 30, 2008 CMC<br>Time: 1:30 PM<br>Courtroom: #2, 17th floor<br>Before: Hon. Judge White |

PLAINTIFF'S COMPLAINT
CASE NO. C0801002 JSW

## PLAINTIFF'S REQUEST FOR ASSISTED SETTLEMENT SUPPORT

Dear Honorable Judge White:

**I. INTRODUCTION and REQUEST:**
I am willing to consider a Settlement Conference or Mediation for our ADR process. The biggest area I need initial assisted settlement support for my case is proving that this California court has Jurisdiction over the defendants since Konami is claiming Nevada law should apply and that this Court does not have jurisdiction. My rational is below:

I have tried to resolve this amiably with Konami without imposing on the Courts time and resources but to no avail. My initial efforts were directly with the Konami management and Human Resources groups to reimburse my outstanding damages. I also tried to resolve this through an arbitration process but we could not agree the locations. Additionally, I also tried to resolve some of my issues partially with the California Labor Standards Commissioner  Since non of my efforts worked, on or about August10, 2007, I sent a final Demand notice to Konami. This case should be heard in this Court and the proper venue is the assigned Court which has legal jurisdiction over this case.

**II. FACTS AND PROCEDURAL HISTORY**
As an employee and representative of Konami, I was hired and worked for the Konami Gaming and Systems Division. My new role and responsibilities had to be approved by Konami Corporation in Japan. In his role, Plaintiff was also measured and responsible for the support, marketing and sale of Konami Gaming and Systems products and services. Konami Corporation is headquartered at 9-7-2, Akasaka, Minato-ku, Tokyo, 107-8323 in Japan. Konami Corporation has three major divisions including Digital Entertainment, Health and Fitness and Gaming & Systems. The CEO for Konami Gaming Inc. (KGI), Satoshi Sakamoto, works directly for the President, Director and CEO for Konami Corporation based in Japan, Kagemasa Kozuki. Konami Corporation has a U.S. based holding company headquartered at 2381 Rosecrans Ave., Ste 200, El Segundo, CA 90245 representing the three divisions.

**III. JURISDICTION:**
The United States District Court for Northern California has jurisdiction since the Plaintiff doesn't live in the same state as the Defendant and the amount of the controversy exceeds $75,000.

**IV. VENUE:**
This is the right venue for this lawsuit since this is the district that the Defendants did a substantial portion of the events and interactions that gave rise to this lawsuit. The defendants have global operations including facilities and resources in California.

In my role, I was directly responsible for sales in, among other areas, California. I supported a substantial amount of Konami sales in both Northern and Southern California. In fact, California is a major strategic revenue and growth market for Konami and a substantial portion of their overall revenues representing upwards of 50%, followed by Canada, Michigan and lastly Las Vegas.

I traveled with at least three salespeople who supported and sold to large customers in California. That can be supported by my various communications and expenses.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Northern California is the right venue. The California Department of Labor Standards Enforcement accepted jurisdiction over a similar case against Konami that I addressed separately with them setting precedence for California having Jurisdiction and being the right venue. On April 19th, 2007 in a letter from Ms. Ellen Shaffer, Sr. Deputy of Labor Commissioner, she stated that "California does have Jurisdiction over the matter".

California is the right venue and I was a California based employee. A substantial portion of the events and interactions that gave rise to this dispute occurred in California. Much of my discussions, interviews and negotiations happened in California. I lived and worked from California and never relocated to Nevada.

Konami sought me by entering California and hiring a California office of Korn-Ferry, a recruiting company with offices in California to recruit me.

Plaintiff was supported by and interacted with the said Defendants routinely from Northern California. In so doing, the Defendants' did business in California.

My agreement and Offer Letter was negotiated, accepted and signed in California. It was sent to me pre-signed and executed in California by my signature. I have been a California resident for many years and Konami employed me from April 10th to June 14th, 2006 for two months from California. During my time with Konami, I worked in California to support my role and maintained a home office. I also flew from California to various destinations to support my role. I spent little of my time in Las Vegas.

Konami also has another office in California at 1400 Bridge Pkwy, Redwood City, CA as well as an office in El Segundo, CA and Nevada.

**V. STATEMENT OF COMPLAINT DETAILS:**
I was hired as the Vice President for Sales and Marketing. I was employed by Konami from April 10th to June 14th, 2006 for two months from California. Upon my employment departure, in good faith, I have tried repeatedly to resolve this civilly and amiably. I have asked Konami and their council to pay my severance as agreed to in writing in my offer letter and reimburse my expenses. On or about August 10, 2007, Plaintiff sent Defendants' a final Demand Letter. Since they did not respond, I began proceedings through the Department of Labor and now legal proceedings in Federal Court.

It should be noted, Konami's council, Mr. Cole has been uncompromising, confrontational, accusatory and derogatory in all my correspondences and efforts to settle this dispute. Konami and their council are playing a big company Samson vs. Goliath and strong arm tactics in an effort to scare me into dropping this issue or doing it on their terms.

My compliant is fairly simple. In my offer letter, we agreed in writing to a three month severance which Konami has steadfastly refused to pay. They have also refused to pay my travel expenses. Additionally, in my written offer letter we agreed to four weeks of paid vacation which they have not paid me for. There are also penalties for non payment of items, pain and suffering, harassment and discrimination.

Per my offer letter, I initially tried to have this resolved via arbitration. Unfortunately we could not even agree on who or where the arbitration should occur. On August 8th I received a call from Ms. Michele Jackson from the American Arbitration Association explaining that she had no choice but to drop my request for arbitration with Konami since we could not agree on who or where

PLAINTIFF'S COMPLAINT                             -2-

CASE NO. C08-01002 JSW

arbitration would occur. There is not stipulation in my Offer Letter clause regarding this. Per Konami's Council's initial e-mail to me on June 16th, 2006, he stated that if we arbitrated in California, it would be their intention to request a "panel of arbitrators from Nevada and/or California". He also included the names of potential California arbitrators which confirms Konami's initial willingness to arbitrate in California.

Konami's Human Resources manager, Bobby Youngblood sent me an e-mail on May 1, 2006 requiring me to sign forms that would have me paid out of Nevada. This request was performed under substantial duress. It can be shown that Konami had withheld all payments of salary and expenses up to that point unless I signed this form. In fact there is no history of salary or expense payments to me prior to that time until after I was forced to sign those forms. Under California law and likely Nevada, you can't withhold salary or expense payments to employees for work performed.

Regarding my expenses, I incurred these normally reimbursable expenses in the course of my role and responsibilities in support of Konami. Konami identified the items they chose to pay and not to pay. Unpaid expenses totaled minimally $4383.41. While I was employed there was no explanation as to why they paid some and not others. After my departure, they provided very minimal rational.

Their Human Resources Manager, Bobby Youngblood unilaterally decided to send me an e-mail on May 5, 2006 that they were "processing my first expense report" and she had decided to not pay my travel expenses to Nevada in an effort to force me to relocate. At the time, I complained to my boss Steve Sutherland that I was in the process of evaluating options and needed time. During our employment discussions, I made it very clear I would not consider relocation immediately since I had children in school. It is illegal to withhold payroll and expense payments. It was unacceptable to strong arm me into signing something for Nevada payroll or not pay me for my legitimate expenses. Sutherland agreed to resolve the issue and I did not hear anything after that. We never agreed on relocation much less a time frame to do it in. I have relocated numerous times and relocated others and it is normally at least a 6 month to a year long process.

Under California labor laws and normal business policies, Konami can not unilaterally pick and choose which legitimate business expenses they want to pay unless they are inappropriate or not normally reimbursable. They also can't use non payment of wages or legitimate expenses owed an employee for work performed as leverage to force someone to do something i.e. sign Nevada payroll papers. On August 14, 2006, I sent Konami an e-mail, questioning their non payment of my expenses. The fact is the non paid expenses identified include non local, reasonable, customary and legitimate business expenses outside of their Nevada office that can be supported via my receipts. Virtual positions are standard practice for sales professionals and for managing teams. It should also be noted that the revenue performance of the company was far worse than I was led to believe in interviews or expected. The housing market in Las Vegas had also taken a major turn for the worse. All these factors impacted a potential relocation.

After my termination, I was offered a Settlement Agreement and Release of Claims from Konami dated August 22, 2006. In paragraph two, sentence two, of that offer, Konami specifically acknowledges that "The total for the unreimbursed business expenses is approximately Four Thousand Dollars ($4,000.00)". By their own admission, they acknowledge there is $4,000 in unpaid business expenses and that they were willing to reimburse me if I signed the Release of Claims. In paragraph one, sentence three, they also say "This will include reimbursement for parking fees at the various airports at which you parked". Much of the expenses I submitted and they disallowed were those items. Additionally in paragraph one, sentence seven, an interesting comment that says "Once the contemplated relocation of your residence was accomplished, at a substantial expense to KGI, you would not have become liable for any hotel or meal expenses in

PLAINTIFF'S COMPLAINT                    -3-

CASE NO. C08-01002 JSW

Las Vegas". An interpretation might be that Konami was trying to use this non payment of normally reimbursable expenses as leverage to force relocation.

I believe the evidence confirms that Konami knows my severance and expenses are legitimate and should have been paid. Their lack of payment is a Samson vs. Goliath effort to strong arm me into what could have been a huge financial and personal impact to myself and my family. Konami can not unilaterally pick and choose which parts of my offer letter they choose to support and which legitimate business expenses they want to pay.

Mr. Cole expects me as a California resident and employee to plead my case in Nevada which is a less employee balanced state, where I have had no residence nor would I have any resources to support my case. It would be virtually impossible to get a fair review in Nevada. Konami is one of the world's biggest global gaming companies with ties to regulators, government officials and police services. Mr. Cole's, prior firm, Lionel, Sawyer and Collins lists minimally 70+ attorneys on their letterhead, many could have similar contacts, making it impossible to have a fair review of my case.

Relocation seems to be a primary reason for their termination but that is not a reason to threaten and withhold payment of legitimate salary, severance or expenses owed an employee for work performed. That should not be tolerated in California as ethical business practices by any company. In Mr. Cole's letter to the Department of Labor dated August 20, 2007, Konami's position is that my case is "deemed wholly without merit and without jurisdiction in the State of California", and that it should be dismissed.

Konami chose to terminate me given the 'At Will' clause in our agreement which is their right but they are therefore still responsible to pay me the agreed to severance and vacation in my negotiated offer letter and my expenses and any penalties as is customary.

## VI. LIST OF DAMAGES:

**Three months of severance: $62,500:** (Annual salary of $250,000 divided by four).

**Four weeks of vacation: $20,833:** (Per our agreement in my offer letter).

**One months pay: $20,833:** (Penalty for non payment of expenses and vacation pay).

**Non-reimbursed travel expenses: $4383.41.** (Summary of unreimbursed expenses).

**Pain and Suffering, Harassment and Discrimination: $83,333.** (Four months pay).

**Total Damages: $191,882.41**

Konami has a personal file on me which includes everything I have sent them including my personal information. They have copies of my e-mail correspondences and my expense file including all expenses that were submitted and paid. While employed, I repeatedly asked for copies of those files, expenses, e-mails and reports but they were never supplied. I know Konami is required by gaming industry regulations to keep files of all of this.

## VII. PRAYER FOR RELIEF:
Plaintiff requests the Court to require the Defendants to pay the money owed and award all additional relief to which the Plaintiff is entitled including legal fees. I have been damaged monetarily, professionally and personally. I have calculated my damages to be $191,882.41. I would very much like to resolve this matter with Konami but thus far they have refused my efforts.

PLAINTIFF'S COMPLAINT                    -4-

CASE NO. C08-01002 JSW

1  Konami has not acted expeditiously or in good faith in responding to me and trying to resolve this issue. Pursuant to California Civil Code 3736-3338, 3294, 1713 and 1712 Return Demand, I
2  have been damaged. The court could also compel Konami to engage in Arbitration in Northern California under California labor laws.

Dated: 3/19/08

Respectfully Submitted,

LOU RAMONDETTA
*in propria persona*

Cc Served to:

Suzanne Martin
Lewis and Roca LLP
3993 Howard Hughes Parkway, Ste. 600
Las Vegas, NV 89119
(702) 949-8200

PLAINTIFF'S COMPLAINT                    -5-
CASE NO. C08-01002 JSW