United States District Court
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LOU RAMONDETTA,

    Plaintiff,

    v.

KONAMI, et al.

    Defendants.

No. C 08-01002 JSW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS UNDER F.R.C.P. 12(b)(2), (b)(3), 28 U.S.C. §§ 1391, 1404(a)**

## INTRODUCTION

Now before the Court is the Motion to Dismiss Under F.R.C.P. 12(b)(2), (b)(3), 28 U.S.C. §§ 1391, 1404(a), filed by Defendants Konami Gaming, Inc. ("Konami"), Steve Sutherland ("Sutherland"), Satoshi Sakamoto ("Sakamoto"), and Tom Jingoli ("Jingoli")[1] (collectively "Defendants"). Having considered the parties' papers, relevant legal authority, and the record in this case, and having had the benefit of oral argument, the Court HEREBY GRANTS IN PART AND DENIES IN PART Defendants' motion.

## BACKGROUND

Plaintiff Lou Ramondetta ("Ramondetta") is a California resident. Konami and the Officer Defendants are Nevada residents. (Declaration of Steve Sutherland ("Sutherland Decl.") ¶ 2; Declaration of Satoshi Sakamoto ("Sakamoto Decl.") ¶¶ 2-3; Declaration of Thomas A. Jingoli ("Jingoli Decl.") ¶ 2.) On or about March 16, 2006, Ramondetta received an offer of employment from Konami, pursuant to which he was hired as Konami's Vice President,

---

[1] The Court refers to Sutherland, Sakamoto and Jingoli as the "Officer Defendants."

Sales and Marketing. (Compl., Ex. 1 ("Offer Letter").) The Offer Letter suggests that Ramondetta would relocate to Las Vegas. (Offer Letter at 1.) The Offer Letter also sets forth benefits associated with the position, including four weeks paid vacation, and a three month severance package. (*Id.* at 2.) Sakamoto signed the Offer Letter in his capacity as Chief Executive Officer. (*Id.* at 3.) Ramondetta admits that he interviewed for the position in Las Vegas, but alleges that he negotiated the terms of and signed the Offer Letter in California. (Compl. at 1:21.)

Ramondetta alleges that he worked for Konami from April 10, 2006 through June 14, 2006, and also alleges that he worked primarily from California. (*Id.* at 2:1-2.) The employment relationship was not successful, and Konami terminated Ramondetta. (*Id.* at 3:9, 23-28.) Ramondetta contends that, after he was terminated, he attempted to get reimbursement for travel expenses, his severance, and his vacation pay. Ramondetta alleges that Konami and the Defendants have failed to abide by the terms outlined in the Offer Letter. (*See* Compl. at 2-3.) The Court addresses additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.     Motion to Dismiss for Lack of Personal Jurisdiction.**

   **1.     Legal Standards.**

The Officer Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In ruling on a 12(b)(2) motion, a court may hold an evidentiary hearing on the motion or base its decision on the written materials and declarations submitted by the by the parties. In either instance, the plaintiff bears the burden to establish personal jurisdiction. *See Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). The parties have not requested, and the Court has not deemed it necessary to conduct, an evidentiary hearing on the Officer Defendants' motion. Therefore, the Court bases its decision on the written materials and declarations submitted by the parties and considers whether those materials establish a prima facie showing of personal jurisdiction. *See AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) ("*AT&T*"). Where the facts are not directly controverted, Ramondetta's version of the facts is taken as true. *Id.* Likewise, the Court must

2

resolve "'conflicts between the facts contained in the parties' affidavits" in plaintiff's favor, "for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (quoting *AT&T*, 94 F.3d at 588).

### 2. Ramondetta Has Not Met His Burden to Show the Court Has Jurisdiction Over the Officer Defendants.

Ramondetta cannot rely on the Officer Defendants' status as officers of Konami to obtain jurisdiction over them.[2] Rather, Ramondetta bears the burden of establishing a *prima facie* showing of general or specific jurisdiction over each and every defendant he has sued. *Calder v. Jones*, 465 U.S. 783, 790 (1984). "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 800-801 (9th Cir. 2004). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Id.* at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The overriding constitutional principle is that maintenance of an action in the forum must not offend "traditional conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation." *Calder*, 465 U.S. at 788 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

"A defendant whose contacts with a state are 'substantial' or 'continuous and systematic' can be haled into court in that state in any action, even if the action is unrelated to those contacts." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 (1984)).

---

[2] Konami concedes that it is subject to the Court's jurisdiction.

3

As the Ninth Circuit explained in *Bancroft & Masters*, this is a "fairly high" standard which "requires that the defendant's contacts be of the sort that approximate physical presence in the state. *Id.* Here, each of the Officer Defendants attests that they reside in Nevada, that they do not own or lease property in California, that they have no bank accounts in California, and that they do not have any business connections in California, outside of business they may perform on Konami's behalf. (*See* Jingoli Decl., ¶¶ 2, 9-11; Sutherland Decl., ¶¶ 2, 10-12; Sakamoto Decl., ¶¶ 2, 9-11.) The Court finds these contacts to be insufficient to establish general jurisdiction over the Officer Defendants.

Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully directed his or her activities at residents of the forum state or the forum state itself; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger,* 374 F.3d at 802; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* at 802 (internal citation omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, 'the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1057 (quoting *Schwarzenegger*, 374 F.3d at 802, in turn quoting *Burger King*, 471 U.S. at 476-78) (internal quotations omitted).

The Ninth Circuit has noted that the "purposeful availment" prong, "[d]espite its label ... includes both purposeful availment *and* purposeful direction. It may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitsme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

In *Yahoo!*, the Ninth Circuit also noted that, generally, it has treated the purposeful availment prong differently in contract and tort cases. "[I]n contract cases, we typically inquire whether a defendant 'purposefully avails itself of the privilege of conducting activities' or 'consummate[s] [a] transaction' in the forum, focusing on activities such as delivering goods or

4

executing a contract." *Id.* (quoting *Schwarzenegger*, 374 F.3d at 802). As to the Officer Defendants, there are no such allegations here. Indeed, Ramondetta alleges that he received the Offer Letter pre-signed.

In contrast, in tort cases, a court "typically inquire[s] whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Id.* (citing *Schwarzenegger*, 374 F.3d at 803). Under that "effects" test, a defendant purposefully directs his or her activity at a forum state where: (1) he or she commits an intentional act; (2) the act is expressly aimed at the forum state; and (3) the act causes harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 374 F.3d at 803 (citing *Calder*, 465 F.3d at 789-90); *cf. Bancroft & Masters, Inc. v. Augusta National, Inc.*, 233 F.3d 1082, 1087 (9th Cir. 2000) (framing last issue as the act causes harm "the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state").

Although Ramondetta argues that each of the Officer Defendants made "personal tort decisions" that impacted him, when the Court construes the facts set forth in the Complaint liberally, the allegations therein set forth a pure breach of contract claim. Thus, the Court concludes that Ramondetta has failed to show that the Officer Defendants could be haled into this Court under the "effects test." Moreover, none of the facts set forth in the Complaint suggest that any of the Defendants acted outside their capacity as officers of Konami or any basis on which the Court could hold impute any contacts they had with Ramondetta in California on Konami's behalf to them in their individual capacity. *See, e.g, Davis v. Metro Fuel,* 885 F.2d 515, 520-21 (9th Cir. 1989) (discussing application of fiduciary shield doctrine); *see also M2 Software, Inc. v. M2 Communications LLC*, 149 Fed. Appx. 612, 615 (9th Cir. 2005).

Accordingly, the Court concludes that Ramondetta fails to establish that this Court has jurisdiction over the Officer Defendants, and the motion to dismiss is GRANTED IN PART on this basis.

5

**B.     The Motion to Dismiss or Transfer Venue is Denied.**[3]

Defendants have moved to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer this case to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1404(a)

### 1.     Legal Standards.

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. A motion to transfer venue under section 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum.[4] *See Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 -09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Defendants bear the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (noting that to meet this burden requires production of affidavits or declarations identifying key witnesses and anticipated testimony). If the balance of convenience weighs strongly in favor of transfer, the Court may accord less deference to a plaintiff's chosen forum. *Id.*

### 2.     Konami Has Not Met Its Burden to Show Transfer is Warranted.

There is no dispute that Ramondetta could have brought this case in the District of Nevada. Accordingly, the Court weighs the relevant competing factors to determine which forum is appropriate under the circumstances. In general, the Court affords a plaintiff's chosen forum great weight. However, the deference accorded should be balanced against both the

---

[3] Konami moved to dismiss for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1391. Subject matter jurisdiction in this case is premised upon diversity of citizenship. Konami concedes that it is subject to the personal jurisdiction of this Court. Having dismissed the Officer Defendants, venue is proper in this district. *See* 28 U.S.C. §§ 1391(a), (c).

[4] Neither party addressed this factor in their papers.

6

1 extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including
2 those relating to a plaintiff's cause of action. *See Pacific Car and Foundry Co. v. Pence*, 403
3 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of
4 original selection and that forum has no particular interest in the parties or the subject matter,
5 [a] plaintiff's choice is only entitled to minimal consideration." *Id.*

6 Ramondetta is a California resident, and Konami agrees that it does business within
7 California. Ramondetta also contends that he negotiated the terms of and signed the Offer
8 Letter in California. Konami contends that Ramondetta was hired to work in Nevada.
9 However, the terms of the Offer Letter and Konami's alleged failure to abide by them appear to
10 be the crux of Ramondetta's claims. Accordingly, the Court shall afford Ramondetta's chosen
11 forum deference.

12 Konami argues that each of the remaining factors weigh in favor of transfer but its
13 evidentiary support for those arguments is minimal. For example, although the convenience of
14 the witnesses is often the most important factor when deciding a motion to transfer, as is the
15 availability of key witnesses not within compulsory process of the Court, Kondami did not
16 identify any third party witnesses located in Nevada with knowledge of Ramondetta's claims.[5]
17 *See Gulf Oil Co.*, 330 U.S. 508-09. Moreover, because Sutherland, Sakamoto, and Jingoli are
18 officers and employees of Konami, Konami would be able to secure their testimony at trial.
19 Therefore, the Court accords less weight to their convenience. *See, e.g.*, *Ashmore v. N.E.*
20 *Petroleum Div. of Cargill, Inc.,* 925 F. Supp. 36, 38 (D. Me. 1996) ("a defendant's motion to
21 transfer under section 1404(a) may be denied when the witnesses are employees of the
22 defendant and their presence may be obtained by the party").

23 Similarly, although Konami argues that it would be "financially oppressive" to litigate
24 the matter here, it fails to offer persuasive evidence on this point or that it would be less
25 expensive for Ramondetta to litigate this matter in Nevada. Rather, it relies primarily on the

26
27

28      [5]   At the hearing Konami referred to one former employee who was referenced in Ramondetta's complaint.

7

expense receipts, submitted to Konami by Ramondetta, that are at issue in this dispute. The Court finds that these factors weigh against transfer.

Access to sources of proof is another factor to consider in evaluating whether it is appropriate to transfer a case. *Gulf Oil Co.*, 330 U.S. at 508. Konami argues that all of the relevant documents are located in Nevada, and Ramondetta has not argued to the contrary. However, the crux of Ramondetta's claim appears to be a breach of contract and whether Konami has lived up to the terms. It does not appear to the Court from the allegations in the Complaint that this will be a document heavy case. While Konami's principal place of business is in Las Vegas, Nevada and it is reasonable to infer that documents relevant to this dispute would be located there, it does not appear that it would be overly burdensome to produce any relevant documents in California.

Finally, Konami contends that transfer is warranted because Nevada law will apply to Ramondetta's claims. Ramondetta, however, contends that he executed the Offer Letter in California. Neither party has definitively demonstrated which law will be applied in this case. Accordingly, the Court finds this factor to be neutral. Konami bears the burden of showing that the relevant factors weigh strongly in favor of transfer. On balance, the majority of the factors are neutral or weigh against transfer.

Accordingly, the motion to dismiss is DENIED IN PART on this basis.

## CONCLUSION

For the foregoing reasons, the Officer Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED, and all claims against them are dismissed. Konami's motion to dismiss or to transfer is DENIED. The parties shall appear as scheduled for the case management conference set for May 30, 2008 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: May 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LOU RAMONDETTA,

        Plaintiff,

  v.

KONAMI et al,

        Defendant.

Case Number: CV08-01002 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lou Ramondetta
2335 Stewart Ave.
Walnut Creek, CA 94596

Dated: May 19, 2008

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk