HOWARD E. COLE
California Bar No. 91707
hcole@lrlaw.com
SUZANNE L. MARTIN
California Bar No. 210613
smartin@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8398 (fax)

Attorneys for the Defendant

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LOU RAMONDETTA,

Plaintiff,

vs.

KONAMI, *et al.*, Konami,

Defendant.

Case No. C08-01002 JSW

JOINT CASE MANAGEMENT STATEMENT

CMC: May 30, 2008

Time: 1:30 p.m.

Pursuant to Civil L.R. 16-9 and the Court's Order Setting Case Management Conference and ADR Deadlines (Doc. # 2) Plaintiff Lou Ramondetta ("Plaintiff" or "Ramondetta") and Defendants Konami Gaming, Inc. ("Defendant" or "Konami") file this Joint Case Management Statement.

1. Jurisdiction and Service. The Court has subject matter over the claim(s) of Ramondetta pursuant to 28 U.S.C. § 1332, and any counterclaims Konami may assert. There is complete diversity between Ramondetta, a California resident, and Konami, a Nevada corporation with its principal place of business in Nevada. Ramondetta also claims that he has damages in excess of $75,000.00. The Court has personal jurisdiction over Ramondetta because he is a California citizen and filed the lawsuit in this Court. Although Konami is a Nevada corporation

with its principal place of business in Nevada, the Court has personal general jurisdiction over Konami because it does business in California.

Konami disputes that the Northern District Court of California is the proper venue for this action because the conduct that gave rise to Ramondetta's claims, specifically, the alleged breach of the terms of an offer letter, transpired in Nevada and occurred as between a Nevada employer and a Nevada employee. Further, with the exception of Ramondetta, all of the witnesses and evidence are in Nevada, and this matter will be governed by Nevada law. Venue is therefore proper in Nevada. *See* 28 U.S.C. §§ 1391, 1404. *See also, Tanana Chiefs Conference v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 39611 (N.D. Cal. May 16, 2007); *Sagent Technology v. Micros Systems, Inc.*, 2002 U.S. Dist. LEXIS 26647 (N.D. Cal. May 29, 2002). However, the Court recently denied Konami's motion to dismiss for forum nonconveniens and/or to transfer venue. *See* Doc. # 26. In the same order, the Court concluded that it did not have personal jurisdiction over three named individual defendants, Steve Sutherland, Satoshi Sakamoto and Tom Jingoli, and therefore dismissed the individual defendants from the lawsuit. *See id.*

There are no other defendants, and no other defendants remain to be served. Konami will file an answer and may file counterclaims against Ramondetta. The answer and any counterclaims will be field and served by June 2, 2008. *See* F.R.C.P. 6, 12.

2. Facts. On or about October 14, 2005, Konami retained Elliot Gordon of the Irvine, California office of the international executive search firm Korn/Ferry International to conduct a national search for the position of Vice President of Sales and Marketing. The position was to be serviced in Nevada at Konami. Konami Corporation of Japan approved extending an offer of employment to Ramondetta, and his employment. On March 16, 2006, Konami extended an offer of employment to Ramondetta for the position of Vice President of Sales and Marketing. Certain terms of Ramondetta's offer and employment were outlined in the offer letter, which is attached to his Complaint, and specifically included: 1) a sign on bonus of $50,000.00; 2) 4 weeks of paid vacation; and 3) 3 months severance. The offer letter states "[t]his offer is contingent upon Compliance approval, a pre-employment drug test, and final approval from our Japanese parent

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

company." The offer letter also contained a relocation package for Ramondetta to relocate from California to Nevada.

Beginning on or about April 10, 2006, Ramondetta starting working for Konami. Each week, he either flew to Nevada to work at Konami, outside of California on business for Konami, or worked from home. Konami was not, and is not a California employer. It is a Nevada employer. Konami did not pay Ramondetta his salary and business expenses until he executed the required Nevada payroll and residency documents.

As the Vice President of Sales and Marketing for Konami, Ramondetta was required to become registered and/or licensed in the states that Konami sold its gaming products and services in. Ramondetta was required to provide, and did provide, personal and financial information, including tax returns, bank statements, investment information, credit card statements, criminal, marital, educational, employment, residence and relocation histories, net worth statements, family trusts, foreign assets, and safety deposit box information.

As in Nevada, New Jersey and other states and provinces, employees of gaming manufacturers who sold gaming machines in Ontario, must become registered with the Ontario Alcohol and Gaming Commission. *See* O.S. 1992, Chap. 424(1.1); NRS § 464.010, *et seq.*, N.J.S.A. 5:12-1, *et seq.* The registration process in Ontario required the submission of an application and a personal interview. *See* O.S. 1992, Chap. 42, 6 - 9. On or about June 8, 2006, the Ontario Alcohol and Gaming Commission interviewed Ramondetta. Tom Jingoli ("Jingoli"), Konami's Director of Compliance, and Ramondetta discussed attending the interview together. However, Jingoli could not attend the interview with Ramondetta because of his travel schedule. After the interview, the Ontario investigator expressed concern to Jingoli about Ramondetta's omissions and general lack of preparedness for the interview, and opined that "he was lucky it was Ontario interviewing him and not Nevada or New Jersey." *See* Doc. #24-6.

At or about this same time, Ramondetta had a discussion with Steve Sutherland, Konami's Chief Operating Officer, regarding his existing working arrangements. Among other reasons, Konami terminated Ramondetta's employment because he did not relocate to Nevada, omitted

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

material information during the Ontario registration and compliance process. Ramondetta was not employed long enough to receive compliance approval from Ontario or any other jurisdiction.

Thereafter, Ramondetta claimed that Konami failed to properly reimburse his business expenses and pay him severance. The parties unsuccessfully attempted to resolve the matter through demand letters, a proffered settlement agreement, the Division of Labor Standards Enforcement and through the American Arbitration Association.

On February 19, 2008, Ramondetta filed a lawsuit in the United States District Court, Northern District of California, alleging breach of the offer letter (failure to pay severance, vacation and business expenses), penalties for failure to pay claimed "wages", and for pain, suffering, harassment and discrimination.[1] *See* Doc. #1, p. 4, lns. 1-7.

Konami disputes it breached the terms of the offer letter, or the terms and conditions of Ramondetta's employment, and that any amounts are owed to Ramondetta.

3. <u>Legal issues</u>.

a. Whether Konami was obligated, but failed to pay business expenses, vacation and severance and thereby breached the terms of the offer letter, without excuse or justification.

b. Whether the business expenses, vacation and severance are "wages" and thus, whether the failure to pay these amounts constitutes a willful failure to pay wages warranting a penalty of up to 30-days pay. *See* NRS § 608.012, 608.020.

c. Whether Nevada, or California law, governs Ramondetta's claims. *See* *Tanana Chiefs Conference v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 39611 (N.D. Cal. May 16, 2007); *Sagent Technology v. Micros Systems, Inc.*, 2002 U.S. Dist. LEXIS 26647 (N.D. Cal. May 29, 2002).

---

1 Ramondetta never filed a charge of discrimination for harassment or discrimination with the Nevada Equal Rights Commission, the Department of Fair Employment and Housing or the Equal Employment Opportunity Commission. Ramondetta's failure to timely exhaust his administrative remedies bars any harassment or discrimination claim. *See* 42 U.S.C. § 2000e-5(e)(1); NRS § 613.430; Cal. Gov. C. §15960; *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1999).

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

4. Motions. On March 13, 2008, Konami filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(2) and 29 U.S.C. §§1391, 1404. *See* Doc. # 3. After considering Ramondetta's Opposition (Doc. # # 21, 22), Konami's Reply (Doc. # 24), and hearing oral argument on May 16, 2008, the Court granted in part, and denied in part Konami's Motion to Dismiss. *See* Doc. # 26.

On March 19, 2008, Ramondetta filed an Application for Assisted Settlement Support. Doc. #15. The Court will consider Ramondetta's request, and the parties' respective requests for ADR, during the Case Management Conference scheduled for May 30, 2008.

Konami is willing to submit to binding arbitration as required by the offer letter. Ramondetta is no longer willing to participate in arbitration, and instead, would like to pursue mediation or a settlement conference. If the Court does not order the parties into binding arbitration, Konami will file a motion to compel arbitration. *See e.g., Semcken v. Genesis Medical Interventional, Inc., et al.*, 2004 U.S. Dist. LEXIS 20380 (N.D. Cal. Sept. 29, 2004) *aff'd*, 2005 U.S. App. LEXIS 9252 (9th Cir. Cal., May 19, 2005) (arbitration clause in offer letter that was negotiated by employer and employee was enforceable, case dismissed.)

The parties may seek leave of court to file a motion(s) to compel discovery, or for a protective order, as well as any other motions as permitted by the Court and the applicable rules, including a motion for summary judgment.

5. Amendment of Pleadings. On or before June 2, 2008, Konami will file an answer and may file counterclaims against Ramondetta. Any amendments to the parties' respective pleadings will be done in accordance with the proposed discovery schedule included in this Case Management Statement, or by order of the Court.

6. Evidence preservation. Both parties have copies of the offer letter, as amended by hand by Ramondetta. In the regular course of business, Konami kept and maintained the receipts Ramondetta submitted to support the alleged business expenses he now seeks reimbursement for. Shortly after Ramondetta's termination of employment, Konami identified and collected the correspondence, including e-mail correspondence, related to Ramondetta's claims for unpaid severance and business expenses. The policies and procedures that applied in 2006 to vacation and business expenses are maintained by Konami.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

7. Disclosures. The parties conducted their Rule 26(f) conference on May 8, 2008, at which time they mutually agreed to defer further discussion of a discovery plan and scheduling order and initial disclosures until after the hearing on Konami's Motion to Dismiss on May 16, 2008. The parties reconvened on May 22, 2008, and conducted their Rule 26(f) conference and will exchange their respective Initial Disclosures within 14-days, or by Thursday, June 5, 2008.

8. Discovery. No discovery has been taken to date. Unless otherwise ordered by the Court, or the arbitrator(s), the parties anticipate that discovery will proceed in accordance with the applicable rules of Federal Procedure and the Local Rules of this Court, without modification as to the scope of discovery, limitations or modification of discovery, except that the parties may file or request that the Court enter a protective and order and/or stipulated confidentiality order.

9. Class Actions. This is not a class action lawsuit.

10. Related Cases. There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief.

a. Ramondetta seeks the following relief:

i. Three months severance: $62,500 (based on an incorrect annual salary of $250,000);

ii. Four weeks of vacation: $20,833 (based on the offer letter, and also calculated using an incorrect annual salary);

iii. One months pay: $20,833 (penalty for alleged non-payment of expenses and vacation pay calculated using an incorrect annual salary);

iv. Non-reimbursed travel expenses: $4,383.11;

v. Pain and suffering, harassment and discrimination: $83,333;

Total alleged damages: $191,882.41.

Konami denies that Ramondetta is entitled to the relief he seeks. Nevertheless, if liability is established damages should be calculated as follows:

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

i. Three months severance: $50,000 (based on an annual salary of $200,000);

ii. Unpaid vacation: None. (Konami paid Ramondetta all accrued vacation at the time of his termination.)

iii. Penalties: None. (Konami reimbursed Ramondetta for reasonable business expenses and accrued vacation. Regardless, under Nevada law, paid vacation, business expenses and severance are not considered wages and therefore, these amounts are not due an owing at the time of termination, nor would the failure to pay these amounts result in a penalty for the failure to wages. *See* NRS § 608.012, § 608.020.)

iv. Non-reimbursed business expenses: None. (Although Konami reimburses employees for reasonable business expenses, and did reimburse Ramondetta for the reasonable business expenses he incurred as an employee, including expenses incurred for his travel and accommodations in Las Vegas, Nevada, during his first week of work, the $4,383.41 Ramondetta seeks are for his travel and accommodations to and from Las Vegas, Nevada, after his first week of work.)

v. Pain and suffering, harassment and discrimination. None. (Ramondetta has not filed any claims that would support such an award. *See* n. 1, p. 5.)

b. Konami seeks the following relief:

i. Dismissal of Ramondetta's lawsuit, with prejudice;

ii. Payment of reasonable attorneys' fees and costs (to be determined);

iii. Any damages in connection with the counterclaims Konami may pursue against Ramondetta, as specified in the Counterclaims.

Ramondetta denies that Konami is entitled to any relief.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

12. Settlement and ADR. Shortly after Konami terminated Ramondetta, it offered to him a severance and release package equal to $10,000.00. When the parties first met and conferred about initial disclosures and discovery on May 8, 2009, they discussed settlement. Ramondetta has indicated that he would be willing to settle for the amount of damages stated in his Complaint, or $191,882.41. There have been no further settlement discussions.

Konami has complied with ADR L.R. 3-5, and is willing to participate in binding arbitration as required by the offer letter. Ramondetta has complied with ADR L.R. 3-5, but is not willing to participate in binding arbitration as required by the offer letter. Ramondetta would prefer mediation or a settlement conference.

Discovery that will position the parties to negotiate a resolution includes: depositions (party and third party), and written discovery regarding the negotiations and intentions of Konami and Ramondetta with respect to the offer of employment, and acceptance of employment, the reasons for Ramondetta's separation, and Konami's policies and procedures governing severance, reimbursement of business expenses, and vacation. Whether Nevada or California law applies to Ramondetta's claims may have to be resolved by motion.

13. Consent to Magistrate Judge For All Purposes. Konami will not consent to a magistrate judge. Ramondetta would be willing to consent to a magistrate judge.

14. Other References. None at this time.

15. Narrowing of Issues. None at this time.

16. Expedited Schedule. Ramondetta feels that this case can be handled on an expedited basis; Konami does not agree.

17. Scheduling. Unless otherwise ordered by the Court, or an arbitrator, if this matter is not ordered into binding arbitration as required by the offer letter, then Konami proposes the below discovery schedule. Ramondetta believes the discovery period is too long.

a. *Discovery Cut-off Date.* The cut-off for completion of discovery shall be 180 days from the Case Management Conference, Wednesday, November 25, 2008;

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

b. *Amending the Pleadings and Adding Parties.* The last date for filing motions to amend the pleadings or add parties shall be ninety (90) days prior to the close of discovery, August 27, 2008.

c. *Expert Disclosures.* Initial expert disclosures shall be made sixty (60) days before the discovery cut-off, September 26, 2008. Rebuttal expert disclosures shall be made thirty (30) days after the due date for expert disclosure, October 27, 2008. The parties shall have until November 10, 2008, to supplement their expert disclosures and shall have until the discovery cut-off date to take the depositions of the experts.

d. *Dispositive Motions.* Dispositive motions shall be filed forty-five (45) days after the completion of discovery, January 9, 2009 (to accommodate the intervening holidays).

e. *Discovery Motions.* Pursuant to Civil L.R. 26-2, motions to compel discovery shall be filed no later than 7 days after the discovery cut off, December 2, 2008.

f. *Joint Pretrial Conference Statement.* Counsel shall meet and confer to prepare the joint final pretrial conference statement and proposed order no later than forty-five (45) days before the trial date set by this Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the final pretrial order, which shall be prepared and filed thirty (30) days before trial.

g. *Issues Related to the Disclosure or Discovery of Electronically Stored Information.* With respect to the production of electronically stored information, to the extent feasible, Konami proposes that relevant electronically stored information, including e-mails, will be exchanged by the parties in paper format.

h. *Issues Relating to Claims of Privilege or Attorney Work Product.* While parties make diligent and reasonable efforts to identify and withhold from production any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, Konami proposes that that a party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may, within fifteen (15) days after the producing

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

18. Trial. If the Court does not order the parties to binding arbitration, Ramondetta has requested a jury trial. Konami estimates that a trial on Ramondetta's claims will last 2-3 days.

19. Disclosure of Non-Party Interested Entities or Persons. Konami filed its Certification of Interested Entities or Persons on May 23, 2008. Pursuant to Civil L.R. 3-16, counsel certifies that, as of this date, other than the named defendant Konami Gaming, Inc., there is no such interest to report.

DATED this 23rd day of May, 2008.

LEWIS AND ROCA LLP

By: /s/ Suzanne L. Martin
HOWARD E. COLE
California Bar No. 91707
SUZANNE L. MARTIN
California Bar No. 210613
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Ste. 600
Las Vegas, Nevada 89169

DATED this 23rd day of May, 2008.

By: /s/ Lou Ramondetta
*Appearing pro se*
2335 Stewart Ave.
Walnut Creek, CA 94596