1  LOU RAMONDETTA, *in propria persona*
   2335 Stewart Avenue
2  Walnut Creek, CA  94596
   Telephone:  (925) 989-2525
3  Facsimile:   (925) 945-1655

4
   Lewis and Roca LLP
5  3993 Howard Hughes Pkwy., Ste. 600
   Las Vegas, NV 89169
6  (702) 949-8200
   (702) 949-8398 (fax)
7

8  May 28, 2008

9

**FILED**

MAY 2 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10

11

12
                    UNITED STATES DISTRICT COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14

15

16  LOU RAMONDETTA,                          )   CASE NO.: C08-01002 JSW
                                             )
17         Plaintiff,                        )   **DECLARATIONS OF LOU
                                             )   RAMONDETTA OPPOSING
18     v.                                    )   DEFENDANT'S REQUEST TO
                                             )   APPEAR TELEPHONICALLY**
19  KONAMI, *et al.*, Konami, Steve Sutherland, )
    Satoshi Sakamoto and Tom Jingoli         )   Date: May 30, 2008
20                                           )   Time: 1:30 pm
                                             )   Courtroom: #2, 17th floor
21         Defendants.                           Before: Honorable Judge White
    _____
22

23

24

25

26

27

28

    PLAINTIFF'S DECLARATIONS

    CASE NO. C0801002 JSW

## PLAINTIFF'S DECLARATIONS

1. I, Lou Ramondetta declare:

2. I have personal knowledge of this declaration based on my own personal knowledge of the contents herein, or on information and belief.

3. I tried to resolve the issues with Konami personally, 1) directly with Konami's Steve Sutherland and Bobby Youngblood, 2) with their attorney at the time, 3) through efforts to initiate arbitration, 4) through the California Department of Labor Standards Enforcement and 5) through the United States District Court, 6) initially accepting the ADR process on March 19th.

4. My efforts to resolve this with Konami prior to going to Court were unsuccessful and most recently Konami and the Defendants even initially choose to delay a decision on participating in the ADR process.

5. I will have substantial time off from work to personally appear in Court and at this Case Management conference. I also have substantial time and effort involved with preparing and supporting my case. The cost, travel and time hardship will be far more oppressive on the Plaintiff. I am supporting this case in propria persona to manage costs associated with defending my case against a substantial corporation and their experienced legal counsel.

6. The Defendants have had substantial opportunity to positively address my issues much less resolve this issue long before it needed to get to this point in Federal Court. They know the costs, resources and responsibilities associated with a case in the District Court. Konami knowingly choose a Nevada based attorney at their specified rates knowing the costs and fees associated with defending this case.

7. Konami is a multi-million dollar global company that has substantial resources to defend their position. This is likely one of numerous legal claims that Konami is regularly involved with. Konami has substantial access to internal and external legal resources on a regular basis as part of their ongoing routine business.

8. Given the above I find it hard to understand how the Defendants can now complain about the costs associated with defending this case. They knew full well the implications of not even acknowledging much less addressing my complaint but they choose to be uncooperative and delay anyway.

9. Given the advantages of personal interaction, I am confident that the Court would not achieve the same desired results for the Case Management Conference telephonically as they would in person.

10. Despite a lengthy and exasperating discussions with opposing counsel regarding the detailed word by word crafting of our joint Case Management Conference Statement, nothing was mentioned of their intent to request to participate in the Conference telephonically nor did they make mention it in our Statement.

PLAINTIFF'S DECLARATIONS                -1-

CASE NO. C08-01002 JSW

11. On a different note, one sentence in the Case Management Conference Statement I did not agree to that still ended up in final document is, "The position was to be serviced in Nevada at Konami". Given the time constraints to submit on time, opposing counsel could not have me review the final draft prior to submission.

12. Konami does a substantial part of their business and revenues in California. This is a forum they should be very comfortable in.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 28, 2008

*[signature]*

Lou Ramondetta

Served to:

Lewis and Roca LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
(702) 949-8200
(702) 949-8398 (fax)

PLAINTIFF'S DECLARATIONS                    -2-

CASE NO. C08-01002 JSW