HOWARD E. COLE
California Bar No. 91707
hcole@lrlaw.com
SUZANNE L. MARTIN
California Bar No. 210613
Nevada Bar No. 8833
smartin@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
(702) 949-8200
(702) 949-8398 (fax)

Attorneys for the Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU RAMONDETTA,<br><br>                                    Plaintiff,<br><br>      vs.<br><br>KONAMI, et al., Konami,<br><br>                                    Defendant. | Case No. C08-01002 JSW<br><br>KONAMI GAMING, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS[1] |

Defendant Konami Gaming, Inc. ("Konami") hereby files this Answer to Plaintiff Lou Ramondetta's ("Ramondetta") Complaint[2], answers and affirmatively defends as follows:

## I.    JURISDICTION

1.    Answering the first paragraph of the Complaint, Konami admits that the United States District Court, Northern District of Nevada has personal jurisdiction over Ramondetta and Konami.  Konami denies that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §

---

[1]       Konami files this answer, affirmative defenses and counterclaims pursuant to Fed. R. Civ. P. 12(a)(3). Konami will also file a Motion to Compel Arbitration and to Determine Applicable Law on June 9, 2008, as ordered by the Court.  *See* Doc. # 35.
[2]       The Complaint does not contain numbered paragraphs, but the paragraphs are separated by double spaces. Konami will respond to the allegations contained in each paragraph and identify the paragraph in the order that it appears in the Complaint as if the paragraphs were numbered, i.e., "first paragraph, second paragraph".

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

CV-C-08-01002 JSW
418107.1

1332 because there is an arbitration agreement between Ramondetta and Konami.  Konami denies any remaining allegations contained in the first paragraph of the Complaint.

## II.    VENUE

2.    Konami denies the allegations contained in the second paragraph of the Complaint.

3.    Answering the allegations contained in the third paragraph of the Complaint, Konami admits only that, while Ramondetta worked as the Vice President of Sales and Marketing, his job duties included sales in, among other areas, California.  Konami denies the remaining allegations contained in the third paragraph of the Complaint.

4.    Answering the allegations in the fourth paragraph of the Complaint, Konami admits that Ramondetta traveled with salespeople who sold to and serviced Konami clients in California. Konami is without information or knowledge sufficient to admit or deny the remaining allegations contained in the fourth paragraph of the Complaint and therefore denies the same.

5.    Answering the allegations in the fifth paragraph of the Complaint, the April 19, 2007, letter from Ms. Ellen Shaffer, speaks for itself and Konami denies any inconsistent characterization of the same.  The remaining allegations are legal opinions or conclusions to which no response is required; nevertheless, Konami denies the remaining allegations in the fifth paragraph of the Complaint.

6.    Konami denies the allegations contained in the sixth paragraph of the Complaint.

7.    Answering the seventh paragraph of the Complaint, Konami is without information or knowledge sufficient to admit or deny the allegations about Ramondetta's whereabouts when he interacted with the company, and therefore denies this allegation.  The remaining allegations in the seventh paragraph of the Complaint contain legal opinions and conclusions to which no response is required; nevertheless, Konami denies the remaining allegations contained in the seventh paragraph of the Complaint.

8.    Konami denies the allegations contained in the eighth paragraph of the Complaint.

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW

418107.1

9.      Answering the allegations contained in the ninth paragraph of the Complaint, Konami is without knowledge or information sufficient to admit or deny the allegations about Ramondetta's residency in California, that Ramondetta negotiated, accepted and signed the offer letter in California and/or maintained a home office from which he worked. Konami denies that it employed Ramondetta from California. Konami admits that it employed Ramondetta from April 10 to June 14, 2006, and that, on behalf of Konami, pending his relocation from California to Nevada, Ramondetta flew from California to various destinations to conduct business on behalf of Konami. Konami denies any remaining allegations contained in the ninth paragraph of the Complaint.

10.     Answering the allegations contained in the tenth paragraph of the Complaint Konami admits that it is located at and maintains offices at 585 Trade Center Drive, Las Vegas, Nevada 89119. Konami denies the remaining allegations contained in the tenth paragraph of the Complaint.

### III.    STATEMENT OF COMPLAINT DETAILS

11.     Answering the allegations contained in the eleventh paragraph of the Complaint, Konami admits that it hired Ramondetta as the Vice President of Sales and Marketing and that he began working on or about April 10, 2006. Konami denies that Ramondetta was hired to work, or worked from California. Konami admits that it terminated Ramondetta's employment on or about June 14, 2006, and since that time, Ramondetta and Konami have attempted to resolve his claims for the alleged failure to pay severance and reimburse his business expenses. Konami admits that Ramondetta initiated proceedings in this Court. The letters referred to in the eleventh paragraph of the Complaint speak for themselves and Konami denies any inconsistent characterization of the same. Konami denies the remaining allegations contained in the eleventh paragraph of the Complaint.

/ / /

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW

418107.1

12.     The statements contained in the twelfth paragraph of the Complaint are statements of personal opinion to which no response is required; nevertheless, Konami denies the statements contained therein.

13.     Answering the allegations contained in the thirteenth paragraph of the Complaint, the offer letter referred to therein speaks for itself and Konami denies any inconsistent characterization of the same.  The remaining allegations contained in the thirteenth paragraph are personal and legal opinions and conclusions to which no response is required; nevertheless Konami denies the statements therein.

14.     Answering the allegations contained in the fourteenth paragraph of the Complaint, the offer letter and e-mail referenced therein speak for themselves and Konami denies any inconsistent characterization of the same.  Konami admits that it attempted to arbitrate this matter with Ramondetta, and avers that it remains willing to arbitrate this matter in California, provided that a panel of arbitrators licensed in California and/or Nevada preside over the arbitration and apply Nevada law.  Konami is without information or knowledge sufficient to admit or deny the allegations regarding Ramondetta's telephone call with Ms. Michele Jackson from the American Arbitration Association, and on that basis, denies the allegations related to Ramondetta and Ms. Jackson's telephone call.  Konami denies any remaining allegations contained in the fourteenth paragraph of the Complaint.

15.     Answering the allegations contained in the fifteenth paragraph of the Complaint, the e-mail referred to therein speaks for itself and Konami denies any inconsistent characterization of the same.  Konami admits that it could not, and therefore did not, process and pay Ramondetta's salary or reimburse his business expenses until he completed the necessary payroll documents, but denies that it exerted duress over Ramondetta to execute these documents.  The remaining allegations contained in the fifteenth paragraph of the Complaint contain speculation, legal opinions and conclusions to which no response is required; nevertheless, Konami denies the remaining allegations contained therein.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW

418107.1

4

16.    Konami denies the allegations contained in the sixteenth paragraph of the Complaint.

17.    Answering the allegations contained in the seventeenth paragraph of the Complaint, the e-mail referred to therein speaks for itself and Konami denies any inconsistent characterization of the same. The allegation that it is illegal to withhold payroll and expense payments is a legal opinion and conclusion to which no response is required. The remaining allegations include statements of opinion to which no response is required; regardless, Konami denies all of the remaining allegations contained in the seventeenth paragraph of the Complaint.

18.    The allegations about California's labor laws in the eighteenth paragraph of the Complaint are legal opinions and conclusions to which no response is required. The e-mail referred to in the eighteenth paragraph of the Complaint speaks for itself and Konami denies any inconsistent characterization of the same. The remaining allegations contained in the eighteenth paragraph are statements of opinion to which no response is required; nevertheless, Konami denies the allegations contained therein.

19.    The allegations contained in the nineteenth paragraph of the Complaint should be struck as confidential settlement communications protected from disclosure under the rules of evidence. Regardless, the agreement speaks for itself and Konami denies any inconsistent characterization of the document. The remaining allegations contained in the nineteenth paragraph are statements of opinion and speculation to which no response is required; nevertheless, Konami denies the allegations contained therein.

20.    The statements contained in the twentieth paragraph of the Complaint are opinions, to which no response is required; nevertheless, Konami denies the statements, opinions and any allegations contained in the twentieth paragraph of the Complaint.

21.    The statements contained in the twenty-first paragraph of the Complaint constitute inflammatory and inappropriate statements of opinion and conclusions to which no response is required; nevertheless, Konami denies the statements, opinions and any allegations contained in the twenty-first paragraph of the Complaint.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW
418107.1

5

22.    Answering the allegations contained in the twenty-second paragraph of the Complaint, the letter referred to therein speaks for itself and Konami denies any inconsistent characterization of the same.  The remaining allegations are statements of opinion and speculation, to which no response is required; nevertheless, Konami denies the statements, opinions, speculation and any remaining allegations contained in the twenty-second paragraph of the Complaint.

23.    Answering the allegations contained in the twenty-third paragraph of the Complaint, Konami admits that Ramondetta was an at-will employee, and that in terminating his employment, Konami exercised its rights as an at-will employer.  The offer letter referred to in the twenty-third paragraph of the Complaint speaks for itself and Konami denies any inconsistent characterization of the same.  The remaining allegations contained in the twenty-third paragraph of the Complaint contain legal opinions and conclusions to which no response is required; nevertheless, Konami denies the remaining allegations.

## IV.    <u>LIST OF DAMAGES</u>

24.    Answering Ramondetta's list of damages, on page 4, lines 1 through 7, of the Complaint, Konami denies that Ramondetta is entitled to any of the enumerated damages and requested relief, or any other damages.  Answering the allegations contained in the paragraph underneath the list of damages, Konami admits that it maintained a personnel file for Ramondetta, and has copies of documents relevant to this matter.  The allegations regarding what is required under "gaming industry regulations" is a legal opinion and conclusion, and is speculation, to which no response is required.  Konami denies any remaining allegations in this paragraph.

## VI.    <u>(sic) PRAYER FOR RELIEF</u>

25.    Answering Ramondetta's Prayer for Relief on page 4 of the Complaint, the allegations contained therein are comprised of personal and legal opinions and conclusions, and statements of intent to which no response is required; nevertheless, Konami denies the allegations contained therein.  Konami further denies that Ramondetta is entitled to any of the relief requested therein.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW
418107.1

6

WHEREFORE, having fully answered Ramondetta's Complaint as to all counts, Konami respectfully requests that the Court enter judgment in Konami's favor and against Ramondetta and dismiss his case in its entirety with prejudice; that Konami be granted an award of attorneys' fees, costs and expenses in defending these meritless claims; and pray for any other relief the Court deems reasonable and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Ramondetta's claims are barred by the doctrines of waiver, accord and satisfaction, estoppel, unclean hands, latches, and avoidable consequences.

### THIRD AFFIRMATIVE DEFENSE

3.      By his own acts and omissions, Ramondetta has waived any right to relief against Konami.

### FOURTH AFFIRMATIVE DEFENSE

4.      Konami's conduct was justified and privileged under the circumstances such that Ramondetta cannot obtain relief.

### FIFTH AFFIRMATIVE DEFENSE

5.      Ramondetta's claims are barred by the applicable statute of limitations and his failure to exhaust administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

6.      Ramondetta's claims are barred because he was an at-will employee.

### SEVENTH AFFIRMATIVE DEFENSE

7.      If there was a contract between Ramondetta and Konami, as to each and every oral, implied, or other contractual relationship alleged in the Complaint, Ramondetta failed to perform the necessary conditions precedent to the enforcement of any such contract.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW
418107.1

1

### EIGHTH AFFIRMATIVE DEFENSE

2      8.      If there was a contract between Ramondetta and Konami, as to each and every oral,

3  implied, or other contractual relationship alleged in the Complaint, Konami is informed and

4  believes, and therefore alleges that it followed all appropriate terms and conditions of any

5  contractual relationship.

6

### NINTH AFFIRMATIVE DEFENSE

7      9.      If there was a contract between Ramondetta and Konami, as to each and every oral,

8  implied, or other contractual relationship alleged in the Complaint, Ramondetta's claims are

9  barred because Ramondetta committed a prior breach of the same, thereby excusing any duty of

10  further performance by Konami.

11

### TENTH AFFIRMATIVE DEFENSE

12      10.      If there was a contract between Ramondetta and Konami, as to each and every oral,

13  implied, or other contractual relationship alleged in the Complaint, Ramondetta's claims are

14  barred because he fraudulently induced Konami into making and executing the contract, resulting

15  in rescission.

16

### ELEVENTH AFFIRMATIVE DEFENSE

17      11.      Ramondetta agreed to have his employment relationship governed by Konami's

18  rules, regulations, policies, and procedures and understood and agreed that he may be injured by

19  the operation of those rules, regulations, policies, and procedures.

20

### TWELFTH AFFIRMATIVE DEFENSE

21      12.      Ramondetta's Complaint is barred because Konami paid Ramondetta all amounts

22  owed and the amounts he seeks are not otherwise owed to him as wages or any other form of

23  compensation.

24

### THRITEENTH AFFIRMATIVE DEFENSE

25      13.      Ramondetta's Complaint and any purported cause of action alleged therein fails to

26  state a cause of action sufficient to permit the recovery of any damages, including penalties.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW

418107.1

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2

3

14.     Any recovery on Ramondetta's Complaint is barred in whole or in part due to after acquired evidence.

4

### FIFTEENTH AFFIRMATIVE DEFENSE

5

6

15.     Ramondetta's Complaint must be dismissed because any and all claims arising out of or related to his employment are subject to arbitration.

7

### SIXTEENTH AFFIRMATIVE DEFENSE

8

9

10

11

12

16.     Pursuant to Rule 11 of the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Konami's Answer, and therefore, Konami reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

13

### COUNTERCLAIMS

14

### FACTUAL ALLEGATIONS RELATED TO COUNTERCLAIMS

15

16

17

18

19

20

21

1.     In October 2005, Konami retained the international executive search firm of Korn Ferry International to conduct a national search for the position of Vice President of Sales and Marketing.  The position would be serviced in Nevada at Konami's offices and Konami expected the Vice President of Sales and Marketing to be, or become a Nevada resident.  Candidates were informed that they would be required to work in Nevada at Konami's offices, and if they were not already Nevada residents, that they would be expected to move to Nevada and become Nevada residents.

22

23

24

25

26

2.     Korn Ferry identified approximately 5 candidates for the position, including Ramondetta.  In or about February 2006, Korn Ferry interviewed Ramondetta to assess his qualifications, and interest in the position.  On information and belief, Korn Ferry explained to Ramondetta that the Vice President of Sales and Marketing position was in Nevada at Konami's offices and that if he was hired, he would be expected to live and work in Nevada.  On

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW

418107.1

9

1   information and belief, Ramondetta agreed that if he was hired, he would relocate from

2   California, where he was presently living, to Las Vegas, Nevada.

3       3.      On information and belief, Ramondetta had no intention of relocating from

4   California to Nevada, nor did he have the approval or support of his family to relocate from

5   California to Nevada.  Rather, Ramondetta made these representations with the intent of inducing

6   Korn Ferry to recommend him for the position to Konami.  Korn Ferry was justified in relying on

7   Ramondetta's representations because Ramondetta continued to participate in the recruitment

8   process knowing that the position would require his relocation to Nevada and would be serviced

9   in Nevada.  Korn Ferry relied on Ramondetta's representations that he was interested in the

10  position and would relocate to Nevada to live and work, and recommended that Konami interview

11  Ramondetta.

12      4.      In reliance on Korn Ferry's recommendations, also in or about February 2006,

13  Konami invited Ramondetta to Las Vegas, Nevada, to interview for the position of Vice President

14  of Sales and Marketing with Satoshi Sakamoto (Chairman, President and Chief Executive

15  Officer), Steve Sutherland (Executive Vice President and Chief Operating Officer), Thomas

16  Jingoli (Director Legal Compliance), and Bobbi Youngblood (Director, Human Resources).

17  Ramondetta accepted the invitation and flew to Nevada to interview for the position.

18      5.      During the interviews, Sakamoto, Sutherland, Jingoli and/or Youngblood explained

19  and/or discussed Ramondetta's relocation from California to Nevada to service the position.  On

20  information and belief, Ramondetta repeatedly expressed his desire and intent to relocate himself

21  and his family from California to Nevada to work for Konami.

22      6.      On information and belief, Ramondetta had no intention of relocating from

23  California to Nevada, nor did he have the approval or support of his family to relocate from

24  California to Nevada.  Rather, Ramondetta made these representations to Sakamoto, Sutherland,

25  Jingoli and Youngblood with the intent of inducing Konami into hiring him for the position of

26  Vice President of Sales and Marketing.  On information and belief, from the time Ramondetta

    learned of the position and interviewed with Korn Ferry, he intended to renegotiate the position to

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW

418107.1

one that would allow him to continue to live in California and "telecommute" to Nevada during the weeks he was not traveling outside of California to conduct business on behalf of Konami.

7.      It was also explained to Ramondetta that, due to the highly regulated nature of the gaming industry, if hired, he would be required to become licensed and/or registered by the gaming control authorities of the various jurisdictions in which Konami did business. Ramondetta would be required to provide detailed personal and financial information and documents, including information related to any prior criminal arrests or convictions, even if the arrests and convictions occurred during his youth, as a juvenile.  Ramondetta represented to Sakamoto, Sutherland, Jingoli, and/or Youngblood that he would comply with Konami's requests for information, as well as any requests made by the gaming control authorities, and provide all of the necessary and required criminal, civil, personal and financial information and documents.

8.      On information and belief, Ramondetta had been arrested, taken into custody and charged with a misdemeanor crime as a juvenile.  On information and belief, Ramondetta had no intention of disclosing the fact that he had been arrested, taken into custody and charged with a misdemeanor as a youth, to Konami, or any gaming control authority.  On information and belief, Ramondetta intentionally did not disclose his prior criminal history during the recruiting and interview process.

9.      Based on Ramondetta's qualifications, his representations and assurances that he would relocate from California to Nevada, and would provide all of the necessary and required criminal, civil, personal and financial information and documentation to become licensed and registered by the gaming control authorities, on March 16, 2006, Konami extended an offer of employment to Ramondetta.  The terms of the offer were detailed in an offer letter dated March 16, 2006.

10.      The offer letter provided for a sign-on bonus of $30,000.  Ramondetta negotiated the sign on bonus upwards to $50,000, payable immediately.  The offer letter also contained a relocation package that included, among other things: the closing costs on Ramondetta's current home in California and on a new home in Las Vegas, Nevada; the costs of packing and moving

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW

418107.1

his household goods from California to Nevada and the transportation of two vehicles; costs associated with moving his family, including mileage, airfare, hotel and meals; and a general fund of $10,000 for home repairs and/or improvements to the new residence in Las Vegas, Nevada. The relocation costs were to be agreed upon by Ramondetta's April 10, 2006, start date.

11. The offer letter explained that, because Konami operated in a highly regulated industry, Ramondetta, as a key employee, would be subject to a background check and "further criminal background checks by multiple gaming jurisdictions". The terms of the offer were expressly conditioned and made contingent on Ramondetta's background check and compliance approval.

12. By signing the offer letter, Ramondetta was representing and warranting that he was able to conform to Konami's reasonable expectations and fulfill the job functions of the Vice President of Sales and Marketing.

13. On March 24, 2006, Ramondetta completed an employment disclosure form. The information provided on the form is used by Konami to conduct criminal, civil, and general background checks on the applicant and prospective employees. Konami told Ramondetta that it would use the information provided on the form to conduct a criminal, civil, and general background check, and that the information he provided and the result of a criminal, civil and general background check may be provided to the gaming control authorities in the jurisdictions in which Konami does business in connection with his application for licensure and/or registration. On information and belief, Ramondetta represented that he would complete the disclosure form accurately and truthfully, but he had no intention of completing the disclosure form accurately and truthfully. Ramondetta knowingly and willfully provided inaccurate and false information on the disclosure form.

14. Among other things, the disclosure form asks the applicant to answer "yes" or "no" to the following question:

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW
418107.1

12

> Have you ***EVER BEEN*** convicted, arrested, taken into custody, charged, or indicted by any law enforcement authority for the alleged commission of a crime or other felony offense, in any states or jurisdiction. This should include high misdemeanors, felonies, misdemeanors, or disorderly conduct.

On information and belief, even though Ramondetta had been arrested, taken into custody and charged with a misdemeanor as a juvenile, and had agreed to accurately and truthfully complete the disclosure form to Sakamoto, Sutherland, Jingoli and/or Youngblood, Ramondetta knowingly and willfully checked the "no" box on the disclosure form, thereby making a false representation about his criminal background to Konami. Knowing that Konami would submit the disclosure form, the information contained on the disclosure form, or obtained as a result of a criminal, civil and general background check to the gaming control authorities in the jurisdictions in which it did business in connection with Ramondetta's licensing and registration applications, on information and belief, Ramondetta intentionally made false representations to the gaming control authorities of those jurisdictions.

15.    The disclosure form contained an affidavit that Ramondetta completed, and that stated:

> I, Lucien Ramondetta, swear and affirm that the information provided on this form contains a full and true account of the information requested and that I executed this statement with the knowledge that misrepresentation or failure to reveal information that was requested may be deemed sufficient for dismissal or eligibility to hire.

By completing and executing the affidavit section of the disclosure form, on information and belief, Ramondetta falsely represented that he had provided a full and true account of the information requested on the form when in fact, he knew that he had not provided a full and true account of his criminal background. Ramondetta knew and intended that Konami rely on this affidavit and the information provided on the disclosure form about his criminal background to hire him as an employee. Ramondetta knew and intended that the gaming control authorities in the jurisdictions in which Konami did business would rely on this affidavit and the information provided on the disclosure form or obtained using the disclosure form, including his criminal background check, to consider and approve his gaming license and/or registration application.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW
418107.1

13

16.    Jingoli prepared Ramondetta for the gaming licensing and registration application and interview process. Jingoli specifically asked Ramondetta if he had ever been arrested or taken into custody as a youth or an adult. On information and belief, Ramondetta had been arrested and charged with a misdemeanor as a youth but intentionally misrepresented to Jingoli that he had never been arrested, taken into custody or charged with any crimes. On information and belief, Ramondetta intended for Jingoli to rely on these false representations so that Jingoli would support Ramondetta's licensing and registration applications. Jingoli also reiterated the importance of providing all of the requested financial information and documentation the regulatory agencies requested. Ramondetta represented to Jingoli that he would provide the financial information and documents, when in fact, on information and belief, Ramondetta had no intention of fully disclosing his financial background to the gaming control authorities.

17.    The first gaming control authority Ramondetta applied to be registered with was the Ontario Gaming Commission. Ramondetta submitted an application and on June 8, 2006, participated in an interview. After the June 8, 2006, interview, the investigator who conducted the interview with Ramondetta communicated with Jingoli. The investigator explained that Ramondetta had failed to disclose an "incident" (which, on information and belief, was an arrest and misdemeanor charge as a minor) on the Personal Disclosure Form and failed to disclose all of the requested financial information and documents, including a bank account from which he earned a dividend, and his credit card statements. The investigator's report to Jingoli about Ramondetta's criminal background was the first time Konami learned about Ramondetta's criminal background.

18.    Ramondetta's first day of work was April 10, 2006. Both before April 10, and in the weeks that followed, Sutherland, Jingoli and Youngblood talked to Ramondetta about his relocation and the areas in Las Vegas, Nevada, he should explore and consider relocating his family to. Jingoli took Ramondetta on a tour of the Henderson/Green Valley area of Las Vegas, Nevada, and provided Ramondetta with the name of his real estate agent. Ramondetta scheduled at least two appointments with the real estate agent, but canceled and/or failed to make both

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

14

CV-C-08-01002 JSW

418107.1

appointments.    Youngblood collected and provided Ramondetta with information about temporary living arrangements in Las Vegas, Nevada, where Ramondetta and his family could live while they searched for housing in Las Vegas, Nevada.  During these discussions and tours, on information and belief, Ramondetta reiterated his commitment to move from California to Las Vegas, Nevada, with his family.

19.    On information and belief, Ramondetta had no intention of relocating from California to Nevada, nor did he have the approval or support of his family to relocate from California to Nevada.  Rather, Ramondetta made these representations to Sutherland, Jingoli, Youngblood, and/or the real estate agent, with the intent of inducing Konami into continuing his employment.  On information and belief, Ramondetta intended to renegotiate the position to one that would allow him to continue to live in California and "telecommute" to Nevada during the weeks he was not traveling outside of California to conduct business on behalf of Konami.

20.    In early June 2006, Ramondetta told Sutherland that he would not, in fact, be relocating from California to Nevada.  On information and belief, as contemplated and intended from the time he learned of the position through Korn Ferry, Ramondetta attempted to negotiate alternative working arrangements, which included, working from his home in California during weeks he did not have to travel outside of Nevada on behalf on Konami, and reimbursement of his travel expenses (air fare, parking, hotel, meals) if and when he did have to come to Nevada to work.

21.    On or about June 14, 2006, Konami terminated Ramondetta's employment.

## FIRST CAUSE OF ACTION

### (Fraud, Misrepresentation, and Fraud in the Inducement, Count I)

22.    Konami repeats and realleges the allegations contained in Paragraphs 1 through 21 of this Counterclaim and incorporates the same herein as if set forth in full.

23.    On information and belief, Ramondetta intentionally misrepresented his willingness, and that of his family, to relocate from California to Nevada for the position of Vice

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW

418107.1

President of Sales and Marketing, during the recruitment and interview process to Korn Ferry and Konami.

24.    On information and belief, Ramondetta knowingly and willfully made false representations about his willingness to relocate from California to Nevada with the intent of inducing Korn Ferry to recommend him as a candidate to Konami, and with the intent of inducing Konami to extend an offer of employment to him, to hire him and continue his employment.

25.    On information and belief, Ramondetta made the false representations about his willingness to relocate from California to Nevada knowing that Konami considered his relocation and the performance of the job of Vice President of Sales and Marketing in Nevada, material to his consideration, hiring and continued employment.  Ramondetta knew that Konami would rely on his representations in making an offer of employment to him, deciding to hire him and continuing his employment.

26.    Konami was justified in relying on the repeated representations of Ramondetta about his willingness to relocate because he applied for the position through Korn Ferry knowing that the position would require his relocation, and throughout the recruitment, interview and hiring process, Ramondetta reiterated his willingness and intent to relocate from California to Nevada.

27.    In reliance upon Ramondetta's representations about his willingness to relocate from California to Nevada, Korn Ferry recommended Ramondetta as a candidate for employment and Konami offered Ramondetta the position of Vice President of Sales and Marketing, paid him a sign-on bonus of $50,000, and agreed to pay the relocation costs he incurred in moving from California to Nevada.  Korn Ferry would not have recommended Ramondetta as a candidate if it had known that he did not intend to relocate from California to Nevada.  Konami would not have offered the position of Vice President of Sales and Marketing to Ramondetta, and would not have hired him if it had known that he had no intention of, and did not have the approval or support of his family to relocate from California to Nevada.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW
418107.1

16

28.    As a direct and foreseeable result of Ramondetta's wrongful and fraudulent representations to Korn Ferry and Konami about his willingness to relocate from California to Nevada, Konami has been damaged.  Konami's damages will be determined at trial, but, on information and belief, Konami alleges that its damages include recruitment fees and costs, payment to Ramondetta of a $50,000 sign-on bonus, salary and compensation, business expenses, gaming licensing and registration application fees and costs, fees and costs associated with recruiting and hiring his replacement, and attorneys' fees and costs.

29.    Konami is informed and believes and thereupon alleges that the conduct of Ramondetta including, but not limited to, making false representations to Korn Ferry and to Konami about his willingness and intent to relocate, was and is oppressive, malicious and fraudulent and was carried out in bad faith and with conscious disregard for the rights and well being of Konami, thereby warranting the assessment of exemplary and punitive damages against Ramondetta in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Fraud, Misrepresentation, and Fraud in the Inducement, Count II)

30.    Konami repeats and realleges the allegations contained in Paragraphs 1 through 29 of this Counterclaim and incorporates the same herein as if set forth in full.

31.    On information and belief, Ramondetta had been arrested, taken into custody and charged with a misdemeanor as a youth.

32.    Ramondetta knew that the gaming industry is highly regulated, and that he would be required to fully disclose his criminal background to Konami before he could become an employee of the company.  Ramondetta also knew that he would be required to fully disclose his criminal background to Konami and the gaming control authorities in the jurisdictions in which Konami was licensed to do business to become licensed and/or registered by the gaming control agencies.

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW

418107.1

1    33.    Complete disclosure of Ramondetta's criminal background was material to his

2    hiring and continued employment as a key employee of Konami and his licensure and registration

3    with the gaming control authorities.

4    34.    Nevertheless, on information and belief, Ramondetta knowingly misrepresented his

5    criminal background by making affirmative representations that he had not been arrested, taken

6    into custody, charged or convicted of a misdemeanor on Konami's Employee Disclosure Form,

7    the disclosure form he submitted for the Ontario Gaming Commission and in conversations with

8    Jingoli.

9    35.    Konami was justified in relying on Ramondetta's misrepresentations about his

10   criminal background because he completed and signed affidavits on the disclosure forms attesting

11   to the truth and accuracy of the representations he made in the forms, and because it had

12   repeatedly reiterated the importance of his full and accurate disclosure about his criminal history.

13   36.    Konami relied on Ramondetta's representations about his criminal background

14   when it decided to hire him for the Vice President of Sales and Marketing.  Konami would not

15   have hired Ramondetta for the position of Vice President of Sales and Marketing if it had known

16   that, on information and belief, he misrepresented his criminal background on the disclosure

17   forms, or that he would continue to make misrepresentations about his criminal background to

18   Jingoli and during the licensing and registration process.

19   37.    As a direct and foreseeable result of Ramondetta's wrongful and fraudulent

20   misrepresentations about his criminal background, Konami has been damaged.   Konami's

21   damages will be determined at trial, but, on information and belief, Konami alleges that its

22   damages include recruitment fees and costs, payment to Ramondetta of a $50,000 sign-on bonus,

23   salary and compensation, business expenses, gaming licensing and registration application fees

24   and costs, fees and costs associated with recruiting and hiring his replacement, and attorneys' fees

25   and costs.

26   / / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW

418107.1

38.     Konami is informed and believes and thereupon alleges that the conduct of Ramondetta including, but not limited to, making false representations to Konami, its employees and officers, and the Ontario Gaming Commission about his criminal background, was and is oppressive, malicious and fraudulent and was carried out in bad faith and with conscious disregard for the rights and well being of Konami, thereby warranting the assessment of exemplary and punitive damages against Ramondetta in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### (Breach of Contract)

39.     Konami repeats and realleges the allegations contained in Paragraphs 1 through 38 of this Counterclaim and incorporates the same herein as if set forth in full.

40.     On March 16, 2006, Konami sent an offer letter to Ramondetta, in which it offered the position of Vice President of Sales and Marketing.   The terms of the offer letter were negotiated by Ramondetta and Konami as indicated by Ramondetta's handwriting and initials on the offer letter.   The negotiated and final terms of the offer letter were agreed upon by Ramondetta and Konami and both Ramondetta and Konami signed the revised offer letter.

41.     Among other terms, the offer letter included a sign-on bonus to Ramondetta of $50,000.   The terms of the offer were expressly conditioned on Ramondetta's successful completion of the compliance approval and background check by the gaming control authorities.

42.     Ramondetta breached the terms of the offer letter by making material misrepresentations about his criminal background to Konami and the Ontario Gaming Commission, and by omitting and refusing to produce material financial information.

43.     Konami has been damaged by Ramondetta's breach of the terms of the offer letter. Konami's damages will be determined at trial, but, on information and belief, Konami alleges that its damages include recruitment fees and costs, payment to Ramondetta of a $50,000 sign-on bonus, salary and compensation, business expenses, gaming licensing and registration application fees and costs, fees and costs associated with recruiting and hiring his replacement, and attorneys' fees and costs.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW
418107.1

**FOURTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**

44.    Konami repeats and realleges the allegations contained in Paragraphs 1 through 43 of this Counterclaim and incorporates the same herein as if set forth in full.

45.    Ramondetta, in the course of interviewing, negotiating and accepting employment as the Vice President of Sales and Marketing with Konami owed a duty of reasonable care to Konami, his prospective employer, and a company in a highly regulated industry from which he sought a position of employment, to provide accurate and truthful information about his intentions to relocate from California and his criminal history.  Ramondetta failed to exercise reasonable care or competence in obtaining or communicating his willingness and intentions to relocate from California to Nevada, and his family's approval and support of the same.  Further, Ramondetta failed to exercise reasonable care in communicating and representing his criminal background, in writing and verbally.

46.    It was reasonably foreseeable that Korn Ferry and Konami would rely on the representations Ramondetta made about his willingness to relocate from California to Nevada to recommend, interview and hire him, and that Konami would rely on the representations Ramondetta made about his criminal history in negotiating the terms of the offer letter, hiring him, and continuing his employment at Konami.  In fact, Konami justifiably relied upon Ramondetta's negligent and fraudulent misrepresentations, including, but not limited to, in agreeing to offer him a position of employment, a $50,000 sign on bonus, and relocating him from California to Nevada, as set forth in the offer letter.

47.    As a direct and foreseeable result of Ramondetta's wrongful and fraudulent representations, Konami has been damaged.  Konami's damages will be determined at trial, but, on information and belief, Konami alleges that its damages include recruitment fees and costs, payment to Ramondetta a $50,000 sign-on bonus, salary and compensation, business expenses, gaming licensing and registration application fees and costs, fees and costs associated with recruiting and hiring his replacement, and attorneys' fees and costs.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW
418107.1

20

## FIFTH CAUSE OF ACTION
### (Contractual and Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

49.    Konami repeats and realleges the allegations contained in Paragraphs 1 through 47 of this Counterclaim and incorporates the same herein as if set forth in full.

50.    Konami and Ramondetta are parties to the offer letter, the terms of which constitute a valid and binding, existing contract.

51.    Ramondetta owed a duty of good faith and fair dealing to Konami, which duty is an implied term of the offer letter, and every contract.

52.    By, among other things, making material misrepresentations about relocating from California to Nevada, and, on information and belief, his criminal background, Ramondetta breached his duty of good faith and fair dealing.

53.    Ramondetta's conduct as set forth herein above and below in this counterclaim exemplifies a series of intentional, wrongful and improper actions taken by Ramondetta in an attempt to circumvent and otherwise evade his obligations under the terms of the offer letter, and generally, as a key employee of Konami, which intentional, wrongful and improper conduct goes far beyond the mere breach of the offer letter.

54.    Ramondetta's improper conduct was carried out in a manner that is and was unfaithful to the purpose of the offer letter thereby breaching the implied covenant and duty of good faith and fair dealing under the terms of the offer letter.

55.    Konami had justified expectations that Ramondetta would perform in good faith under the terms of the offer letter, which expectations were denied by Ramondetta.

56.    As a direct and proximate result of Ramondetta's breach of the offer letter and material, fraudulent representations, Konami's justified expectations under the offer letter were denied, and it has sustained damages in an amount to be proven at trial, but which include recruitment fees and costs, payment to Ramondetta of a $50,000 sign-on bonus, salary and compensation, business expenses, gaming licensing and registration application fees and costs, fees and costs associated with recruiting and hiring his replacement, and attorneys' fees and costs.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

57.    Konami is informed and believes and thereupon alleges that in making material, fraudulent representations and tortiously breaching the terms of the offer letter, Ramondetta acted maliciously, fraudulently and oppressively for the purpose of injuring Konami, and such wrongful conduct was carried out in bad faith and with conscious disregard for the rights and well being of Konami, thereby warranting the assessment of exemplary and punitive damages against Ramondetta.

**PRAYER FOR RELIEF**

1.    For damages to include recruitment fees and costs, $50,000 sign on bonus, salary and compensation, plus business expenses and reimbursements, and attorneys' fees and costs;

2.    For punitive damages;

3.    For rescission of the terms of the offer letter;

4.    For dismissal of Ramondetta's claims against Konami, with prejudice;

5.    For judgment in favor of Konami on Ramondetta's claims, and on its claims against Ramondetta;

6.    For attorneys' fees and costs;

7.    For any and all other legal and equitable relief that the Court deems appropriate and just.

Dated: June 3, 2008                              Respectfully submitted,

                                                 LEWIS AND ROCA LLP

                                                 By: /s/ Howard E. Cole
                                                 HOWARD E. COLE
                                                 California Bar No. 91707
                                                 SUZANNE L. MARTIN
                                                 California Bar No. 210613
                                                 LEWIS AND ROCA LLP
                                                 3993 Howard Hughes Parkway, Suite 600
                                                 Las Vegas, Nevada  89169
                                                 (702) 949-8200
                                                 (702) 949-8398 (fax)
                                                 Attorneys for Defendant

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

KONAMI GAMING, INC.'S ANSWER AND COUNTERCLAIM

CV-C-08-01002 JSW
418107.1

22

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2008, I electronically transmitted the foregoing KONAMI GAMING, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS to the Clerk's Office using the CM/ECF System for filing and transmittal and served the foregoing by depositing a copy of mailing, first-class mail, postage prepaid to the following:

Lou Ramondetta
2335 Stewart Avenue
Walnut Creek, CA 94596

By : ___/s/ Laura Sliwinski_____
An Employee of Lewis and Roca LLP