HOWARD E. COLE
California Bar No. 91707
SUZANNE L. MARTIN
California Bar No. 210613
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8398 (fax)

Attorneys for the Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU RAMONDETTA,<br><br>Plaintiff,<br><br>vs.<br><br>KONAMI, et al., Konami,<br><br>Defendant. | Case No. C08-01002 EDL<br><br>**Declaration of Steve Sutherland in support of Konami's Reply in Support of Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law**<br><br>[*filed concurrently with:* Reply in Support of Motion Konami's Reply in Support of Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law; Motion to Strike; Motion for an Order Shortening Time; Proposed Order; Declaration of Suzanne L. Martin; and Master Certificate of Service]<br><br>Hearing Date: August 19, 2008<br>Hearing Time: 9:30 a.m. |

I, Steve Sutherland, declare as follows:

1.      The following facts are within my personal knowledge and, if called to testify, I could testify competently to them.

2.      I currently reside, and have resided at all relevant times associated with this lawsuit, in Las Vegas, Nevada.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suit 600
Las Vegas, Nevada 89109

DECLARATION OF STEVE SUTHERLAND
1

C08-01002 EDL
430707

3.     I am currently, and have been at all relevant times associated with this lawsuit, the Executive Vice President and Chief Operating Officer for Konami Gaming, Inc. ("KGI"). KGI is incorporated under the laws of the State of Nevada. KGI's principal place of business is Las Vegas, Nevada, where its headquarters and operations are located at 585 Trade Center Drive, Las Vegas, Nevada 89119.

4.     KGI is one of two, separate and distinct, U.S. subsidiaries of the Japanese company, Konami Corporation. KGI, or "Konami Gaming, Inc." is a Nevada corporation, headquartered in Las Vegas, Nevada, with its principle place of business in Nevada. KGI manufactures and sells gaming slot machines and casino management systems software. KGI does not have offices in California. About 11% of KGI's revenues are generated by sales to its gaming clients in California.

5.     KGI should not be confused with a separate Konami subsidiary in California, Konami Digital Entertainment, Inc., which is a California corporation with its principle place of business in California. Konami Digital Entertainment, Inc. specializes in the planning, production, and distribution of online games, computer and video games, amusement machines, toys, card games, contents for mobile phone, music/video, software, books, and magazines for arcades.

6.     On or about October 14, 2005, KGI hired international executive search firm Korn Ferry International ("Korn Ferry") to conduct a national search for the position of Vice President of Sales and Marketing at KGI. Korn Ferry did not have the authority to negotiate the terms and conditions of employment at KGI with any candidate, or negotiate offers of employment on behalf of KGI. Its role was limited to locating qualified applicants for the position of Vice President or Senior Director of Sales and present them to KGI for consideration.

7.     The position of Vice President of Sales and Marketing at KGI was to be serviced in Nevada, at KGI's offices. KGI's Vice President of Sales and Marketing was, at that time. one of six executive level employees. The Vice President of Sales and Marketing would be

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suit 600
Las Vegas, Nevada 89109

DECLARATION OF STEVE SUTHERLAND
2

C08-01002 EDL
430707

1    responsible for the Game Sales and Marketing Department, which was comprised of

2    approximately 18 employees.

3          8.    Korn Ferry identified Lou Ramondetta ("Ramondetta") as a candidate to me in or

4    about February of 2006. After reviewing Ramondetta's qualifications, we invited him to Las

5    Vegas, Nevada to interview for the position. In early February 2006, Ramondetta interviewed

6    with Satoshi Sakamoto (Chairman, President and Chief Executive Officer) and me at KGI's

7    offices. After interviewing with me and Sakamoto, we invited Ramondetta back to Las Vegas

8    for a second round of meetings with Thomas Jingoli, the then Director of Compliance and Legal

9    Administration, and Bobbi Youngblood ("Youngblood"), Director, Human Resources. No one

10   from KGI ever met with Ramondetta in California to interview him, or negotiate the terms of his

11   employment at KGI.

12         9.    During my interviews with Ramondetta, we discussed the fact that as Vice

13   President of Sales and Marketing, he would be responsible for the day-to-day supervision and

14   leadership of the employees in the Sales and Marketing Department. Over time we anticipated

15   that his duties may expand to include the Systems Sales Department, which is also in Las Vegas,

16   Nevada. I explained to Ramondetta that his responsibilities would necessitate his full-time

17   presence in Las Vegas (with the exception of business related travel) and that KGI expected him

18   to live in Las Vegas, Nevada, permanently, and become a Nevada resident. Ramondetta

19   understood and agreed to relocate to Las Vegas, Nevada, if he was offered the position. To

20   facilitate his relocation, KGI's offer to Ramondetta included a relocation package for his move

21   from California to Nevada.

22         10.   Based in part on Ramondetta's qualifications, his representations and assurances

23   that he would relocate to Nevada, KGI decided to offer him employment. Shortly after the initial

24   interview, on or about February 27, 2006, I believe I sent the preliminary job offer to

25   Ramondetta from my private office facsimile. A true and correct copy of the preliminary job

26   offer is attached to Ramondetta's Opposition, which I have reviewed, as Exhibit 1. This letter

27   was not intended to be a formal job offer letter, or a final job offer letter.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suit 600
Las Vegas, Nevada 89109

DECLARATION OF STEVE SUTHERLAND

3

28

1        11.    I spoke with Ramondetta at least twice on the phone about the offer and

2 negotiated the terms. For example, initially, KGI was not going to offer Ramondetta a sign-on

3 bonus; but during our telephone conversations, he insisted upon a sign-on bonus. After

4 additional discussions with Ramondetta over the phone, I prepared a list of what I thought were

5 agreed upon terms, and provided them to Youngblood, who drafted a formal job offer letter,

6 dated March 3, 2006. Youngblood also drafted the arbitration language that was included in the

7 offer letter. She is not a lawyer. I believe that the March 3, 2006, letter was faxed from my

8 private office facsimile in Las Vegas, Nevada, to Ramondetta. Within a few days, Ramondetta

9 telephoned me to discuss the changes he wanted to make to the offer, including access to the club

10 memberships KGI maintained for executive level employees at Southern Highlands Golf Course

11 and the Foundation Room; increasing his moving costs to cover the cost of moving two cars, not

12 just one; an increase in his general fund for remodeling a new home in Las Vegas from $7,500 to

13 $10,000; and reimbursement of the relocation expenses only upon his voluntarily termination of

14 employment. Ramondetta never discussed, or attempted to negotiate the arbitration provision

15 contained in the March 3 formal job offer letter.

16        12.    I reviewed Exhibit 2 to Ramondetta's Opposition, which is the March 3, 2006,

17 formal job offer letter with Ramondetta's notes on it. I have never seen this version of the March

18 3, 2006, letter and it was not faxed to my office. To my knowledge, no one at KGI has ever seen

19 this version of the March 3, 2006, letter, nor does KGI have a copy of this version of the March

20 3, 2006, letter.

21        13.    Desirous of hiring someone to fill the Vice President, Sales and Marketing

22 position, KGI agreed to all of Ramondetta demands. His changes were incorporated into a

23 second, formal offer letter dated March 16, 2006. I believe that the March 16, 2006, formal offer

24 letter was also faxed from my private office facsimile in Las Vegas to Ramondetta.

25        14.    Ramondetta called me after he received the March 16, 2006, letter and wanted to

26 further negotiate. I was traveling on business, but as I recall, he spoke with Youngblood and

27 renegotiated several additional terms. In particular, Ramondetta wanted a higher sign-on bonus,

DECLARATION OF STEVE SUTHERLAND

4

28

C08-01002 EDL
430707

1    from $30,000 to $50,000, payable immediately, rather than in 30-days.  Ramondetta moved his

2    start date back from April 3 to April 10, 2006.  Sakamoto approved the changes Ramondetta

3    communicated to Youngblood by phone.  On or about March 24, 2006, Ramondetta executed the

4    revised formal offer letter.

5         15.    After KGI terminated Ramondetta in early June 2006, he called to inform us that

6    he was going to sue KGI.  We reminded him that any claims we may have against one another

7    were subject to arbitration and immediately put him in touch with our labor and employment

8    counsel, Howard Cole, to further explore arbitration.  It was always my understanding that KGI

9    was equally bound to arbitrate its claims against Ramondetta and would pursue those claims in

10   arbitration.

11        I declare under penalty of perjury under the laws of the United States of America,

12   including 28 U.S.C. § 1746, that the foregoing is true and correct based upon my personal

13   knowledge.

14        Executed on this 5th day of August, 2008.

15

16                                        _____

                                          Steve Sutherland

17

18

19

20

21

22

23

24

25

26

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suit 600
Las Vegas, Nevada 89109
27

28                    DECLARATION OF STEVE SUTHERLAND
                                        5

                                                        C08-01002 EDL
                                                        430707