HOWARD E. COLE
California Bar No. 91707
SUZANNE L. MARTIN
California Bar No. 210613
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8398 (fax)

Attorneys for the Defendant

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU RAMONDETTA,<br><br>                    Plaintiff,<br><br>vs.<br><br>KGI, et al., KGI,<br><br>                    Defendant. | Case No. C08-01002 EDL<br><br>**MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW**<br><br>Hearing Date: August 19, 2008<br>Hearing Time: 9:30 a.m.<br>[pending approval]<br><br>[*filed contemporaneously herewith*:<br>Declaration of Suzanne L. Martin;<br>Proposed Order Re: Motion to Strike;<br>Motion for an Order Shortening Time;<br>Declaration of Suzanne L. Martin;<br>Proposed Order re: OST; and Master Certificate of Service] |

Defendant KGI Gaming, Inc. ("KGI") files this Motion to Strike Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law, and respectfully requests that this Court strike Plaintiff's Opposition in its entirety.

/ / /

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW
C08-01002 EDL
430511

1   This Motion is based on the following points and authorities filed in support thereof, the Declaration of Suzanne L. Martin and any exhibits attached thereto, the pleadings and papers before this Court, and any oral argument the Court allows.

DATED this 5th day of August, 2008.

Respectfully submitted,

LEWIS AND ROCA LLP

By: /s/ Suzanne L. Martin
SUZANNE L. MARTIN
California Bar No. 210613
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
(702) 949-8200
(702) 949-8398 (fax)
Attorneys for Defendant

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION
AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW
C08-01002 EDL
ii
430511

**STATEMENT OF ISSUES**

1. Plaintiff Lou Ramondetta's Opposition to KGI's Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law, should be stricken in its entirety because it is untimely, fails to comply with the local rules of this Court, and improperly addresses the Counterclaims.

2. Alternatively, those portions of Plaintiff Lou Ramondetta's Opposition that improperly address the Counterclaims or are otherwise irrelevant and immaterial to the Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law, should be stricken.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW
C08-01002 EDL
iii
430511

## I. INTRODUCTION

In a misguided attempt to oppose KGI's Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law, Plaintiff Lou Ramondetta ("Ramondetta") has served KGI with an Opposition that is a procedural quagmire. The untimely, thirty-four page, single-spaced Opposition violates numerous local rules of this Court. The all-in-one approach of the Opposition combines arguments in opposition to the Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law, with KGI's Counterclaims, to which Ramondetta must file a separate Reply. Ramondetta uses the Opposition to restate his claims and make personal attacks on KGI, its employees and counsel, and Nevada's legal system in general.

Accordingly, Ramondetta's Opposition should be stricken in its entirety.

## II. PROCEDURAL HISTORY

KGI originally filed its Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law ("KGI's Motion") on June 9, 2008. *See* Doc. ## 40 - 45. The Court set a briefing schedule ordering Ramondetta to file an Opposition by June 27, and KGI to file a Reply by July 11, 2008. *See* Doc. # 45.

On or about June 13, 2008, Ramondetta mailed a Motion to Request More Time to Respond to KGI's Motion; the Court received and filed Ramondetta's request on June 19, 2008. *See* Doc. # 52. Ramondetta explained that he would be on vacation from June 14 through July 3, 2008, and requested more time, up to and including July 18, 2008, to file an opposition. *See id*.

The parties consented to the use of a Magistrate Judge, and on June 23, 2008, the Court ordered this case to be randomly assigned to a Magistrate Judge for all purposes. *See* Doc. #58. In the same order, the Court instructed KGI to re-file its Motion with the newly assigned Magistrate Judge, thereby disposing of Ramondetta's request for an extension of time to file an opposition. *Id*. The Court also ordered Ramondetta to file a Reply to KGI's Counterclaims by July 11, 2008. *Id*.

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION
AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW

C08-01002 EDL

1

430511

On June 24, 2008, this case was assigned to Magistrate Judge Bernard Zimmerman. *See* Doc. # 59. Magistrate Judge Zimmerman recused himself from the case.

A Reassignment Order issued from this Court on July 1, 2008, assigning Magisrate Judge Elizabeth Laporte to this matter and instructing KGI to renotice its Motion, which it did. *See* Doc. ## 67, 68. On July 19, 2008, Magistrate Judge Laporte issued an Order Setting Case Management Conference that also established a briefing and hearing schedule for KGI's Motion. *See* Doc. # 69. Pursuant to the Order, the Court set forth a briefing schedule for KGI's motion, requiring that Ramondetta's Opposition be filed and served no later than July 29, 2008, and that any Reply to the Opposition be filed and served no later than August 5, 2008. *Id.* The Court's Order was served on Ramondetta via U.S. mail on July 8, 2008. *Id.*

Beginning on Wednesday July 30, 2008, and continuing through Friday August 1, 2008, KGI's counsel called the Court to ascertain if the Court had received Ramondetta's Opposition, or if he had filed an Opposition. *See* Declaration of Suzanne L. Martin ("Martin Decl."), ¶ 4. On each occasion, KGI's counsel was informed that the Court had not received any opposition papers from Ramondetta and nothing had been filed. *Id*. On Friday, August 1, 2008, KGI received Ramondetta's Opposition, via U.S. mail. *Id*., at ¶ 5. The opposition papers arrived in a manila envelope postmarked July 30, 2008. *Id.* As of August 5, 2008, the Court still has not received Ramondetta's Opposition or filed the same upon receipt. *Id*.

### III.  LEGAL ARGUMENT

#### A.  Ramondetta's Opposition Should Be Stricken In Its Entirety

##### 1.  The Opposition Is Untimely

Ramondetta's Opposition to KGI's Motion should be stricken for its untimeliness. The Northern District of California has regularly exercised its authority to strike an entire opposition to a motion where the opposition has been untimely filed. *See Jefferson v. County of Napa*, No. C 03-5031, 2007 U.S. Dist. LEXIS 92009, at *18 (N.D. Cal. Dec. 14, 2007) (striking the plaintiff's untimely filed declaration in opposition to motion for issue preclusion and summary

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION
AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW

2

C08-01002 EDL

430511

judgment)[1]; *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 07-1719, 2007 U.S. Dist. LEXIS 44079, at *10-11 (N.D. Cal. June 7, 2007) (striking an opposition to a motion to dismiss where it was filed past the date prescribed by Civ. L.R. 7-3(a)); *Miller v. Best Lock Corp.*, No. 89-35790, 1990 U.S. App. LEXIS 20567, at *7 (9th Cir. Oct. 1, 1990) (affirming the district court's decision to strike a supplemental brief and affidavits in opposition to a motion for summary judgment, stating that striking the filings was proper because they were filed after the due date).

Ramondetta's Opposition was served and filed after the date prescribed by both the local rules and the Court's Order. Civ. L. R. 7-3(a) provides that, "[a]ny opposition to a motion must be served and filed not less than 21 days before the hearing date." *See Jefferson*, 2007 U.S. Dist. LEXIS 92009, at *15, n.6 ("all parties and counsel are required to comply with the briefing schedule set forth in the local rules."). The hearing on KGI's Motion is set for August 19, 2008. Therefore, Ramondetta's last day to serve and file any opposition to the Motion to Compel Arbitration was 21 days before the hearing date, *i.e.* July 29, 2008.

Consistent with the Local Rules, the Court's July 8, 2008 Order states that, "Opposition to defendant's motion shall be served and filed no later than July 29, 2008." Doc. # 69. Ramondetta's Opposition to KGI's Motions was not served upon KGI until July 30, 2008, and did not arrive until Friday, August 1, 2008. Martin Decl., ¶ 5. To date, the Court has still not received the Opposition and it has not been filed. *Id.*, at 6.

Ramondetta violated the applicable Local Rules and an Order of this Court in serving his Opposition after July 29, 2008, and failing to timely file the same. Accordingly, the Court should strike the Opposition in its entirety.

### 2. The Opposition Violates the Local Rules Regarding Form and Content

The district courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules. *United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir.

---

[1]   A copy of this opinion, as well as every other unpublished opinion cited in this motion, is attached as an exhibit to the Martin Decl. as required by Civ. L. R. 36-3(d).

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW

C08-01002 EDL

3

430511

1989). Civ. L. R. 1-4 provides that failure of a party to comply with any local or federal rule may be grounds for imposition of any authorized sanction. This Court has stated that any violation of the local rules, including formatting rules, may be grounds for sanctions pursuant to Civ. L. R. 1-4. *See Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-3577, 1996 U.S. Dist. LEXIS 11696, at *43, n.11 (N.D. Cal. July 24, 2006). Striking the Opposition is an authorized sanction that should be imposed for Ramondetta's failure to comply with the local rules.

Fed. R. Civ. P. 5(d)(1) provides that any paper after the complaint that is required to be served must also be filed. Under Civ. L. R. 5-4, the Clerk of the Court will provide notification in any case in which documents must be filed electronically. The Clerk gave such notification in this case on February 19, 2008. To date, the Opposition has not been filed with the Court, electronically, or otherwise. *See* Martin Decl., ¶ 6.

Ramondetta has violated a number of local rules in the formatting of his Opposition. Any paper presented for filing must have text that is double spaced with type not smaller than 12-point standard font. Civ. L. R. 3-4(c)(2). Briefs and/or memoranda filed with opposition papers may not exceed 25 pages of text. Civ. L. R. 7-3(a), 7-4(b). Further, if any brief or memoranda filed in opposition to a motion exceeds 10 pages, it must include a table of contents and a *succinct* statement of the relevant facts. Civ. L. R. 7-4(a)(2), (4).

Ramondetta's Opposition does not comply with a single one of these formatting requirements. The Opposition is comprised of 34 pages of single-spaced text that appears to be in 11-point font. The 34-page Opposition also lacks a table of contents. And, the 11-page statement of facts is far from "succinct" as required by the local rules.

Accordingly, this Court should strike Ramondetta's Opposition for its failure to comply with the local rules regarding formatting and content.

### 3.   The Opposition Improperly Addresses the Counterclaims

Although Ramondetta purports to offer up an Opposition to KGI's Motion, Ramondetta's Opposition repeatedly addresses KGI's counterclaims, the impossibility of his receiving fair

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW

C08-01002 EDL

4

430511

treatment under Nevada's less friendly labor and employee laws, not to mention from Nevada's interconnected legal community, and maliciously speculates about the alleged misconduct of his former co-workers. Aside from being irrelevant, Ramondetta's opportunistic well-poisoning rhetoric has no place in the Opposition, or in any other document filed with the Court.

Ramondetta has a duty to tailor his opposition to the legal points and authorities raised by KGI's Motion. His failure to do so renders the Opposition unhelpful and generally incomprehensible and warrants an order striking it from the record.

### 4. Plaintiff's *Pro Se* Status Does Not Excuse His Inadequate Opposition

KGI understands that Ramondetta is pursuing this action *pro se*.[2] But regardless of Ramondetta's *pro se* status, striking his Opposition is warranted. Indeed, the local rules of this Court specifically provide for the imposition of sanctions for a *pro se* litigant's failure to comply with the rules. Civ. L. R. 3-9(a) ("A Person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed by failure to comply with local rules.").

Although Courts may liberally construe *pro se* litigants' pleadings and submissions, such does not relieve a non-prisoner *pro se* civil litigant, such as Ramondetta, of his obligation to adhere to the rules of civil procedures. *See Rand v. Rowland*, 154 F.3d 952, 956-59 (9th Cir. 1998). Procedural requirements serve an important function in the orderly conduct of litigation, and *pro se* litigants are expected to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *see also Espinoza v. Astrue*, No. C 07-3115, 2008 U.S. Dist. LEXIS 31654, at *2 (N.D. Cal. March 26, 2008) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

---

[2] Notwithstanding his status as a *pro se* litigant, Ramondetta's Opposition marshals case law on the subject of arbitration, unconscionability, choice of law and forum selection clauses, as conflicts of law. It appears he has a ghost writer, or at least a friend of the Court. The Court, and the parties, would be better served if Ramondetta's behind-the-scenes counsel stepped forward.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION
AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW

C08-01002 EDL

5

430511

Ramondetta's *pro se* status does not excuse the many failings of his filings. Ramondetta's Opposition to KGI's Motion must be stricken.

### B.     Alternatively, Plaintiff's Opposition Should Be Partially Stricken

In the event the Court is unwilling to strike Ramondetta's Opposition in its entirety, at the very least the Court should strike those portions of the Opposition that improperly address the Counterclaims or are otherwise irrelevant to KGI's Motion.

Ramondetta devotes a large portion of his Opposition to replying to the Counterclaims asserted against him. Discussion of the Counterclaims has no place in an opposition to a motion to compel arbitration and serves no purpose but to muddle the issue before the Court. Accordingly, the following portions of Ramondetta's Opposition should be stricken:

- p. 5, last portion of the second paragraph, "Addressing KGI's COUNTERCLAIMS, in paragraphs 1, 2, and 3, although a preference for relocation was mentioned…but would definitely not do anything while his kids were in school or before the end of the summer."

- p. 6, all of the second full paragraph, "Contrary to Defendant's claims on page 2, line 25…to get procedural information after the offer was extended."

- p. 7, the entire last paragraph, "For various reasons, the sign-on bonus…by the facts related to Ramondetta's relocation evaluation and search."

- p. 9, last portion of the last paragraph, "During the employment discussions, Ramondetta made it very clear to Sutherland that he would not consider relocation…takes minimally six months plus to a year not less than two months."

- All of pp. 10-12 and the first two lines on p. 13, "Regarding KGI's COUNTERCLAIMS…Above is Plaintiff's response to KGI's COUNTERCLAIMS in paragraphs 7, 8 & 17."

These excerpts solely address the Counterclaims asserted against Ramondetta and have nothing to do with the issue of arbitration. As such, these portions of the Opposition should be stricken. The Court should also order Ramondetta to file a proper reply to KGI's Counterclaims.

Additionally, there are a number of passages in the Opposition that are simply irrelevant to the arbitration and choice of law issues before the Court. The first section that should be

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION
AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW

C08-01002 EDL

6

430511

stricken is on page 9 and extends from approximately line 5 through line 23, *i.e.* "It will be shown that KGI withheld salary and expense payments…but was in the process of considering relocation options and needed some time." This passage is irrelevant to KGI's Motion and serves no purpose other than to malign persons at KGI.

The first full paragraph on page 13 should be stricken, *i.e.* "Immediately after Plaintiff's termination on June 15th…led to pushing after a trade show in the KGI hospitality suite for customers." This paragraph consists of malicious speculation and is patently irrelevant, not to mention harassing and vexatious. The last half of the last paragraph on page 13 is equally improper, *i.e.* "It would be virtually impossible to get a fair review…making it impossible to have a fair review of Plaintiff's case." This section casts aspersions against Counsel and alleges that Mr. Cole and his former law firm Lionel, Sawyer and Collins are so aligned with officials in Nevada that there is no possible way for Ramondetta to get a fair review of Nevada law.

All of page 15 should be stricken as irrelevant to the issue of arbitration. This excerpt only addresses Ramondetta's filing of a claim with the Department of Industrial Relations. Not only is this irrelevant to KGI's Motion, but Ramondetta mischaracterizes the letter he received from the Senior Deputy Labor Commissioner, Ms. Ellen Shaffer. Contrary to what Ramondetta suggests in his Opposition, the letter from Ms. Shaffer (attached to the Opposition as Exhibit 11) states that California does not have jurisdiction to enforce severance agreements and goes on to refuse to accept Ramondetta's claim. This section of the Opposition should be stricken.

Finally, on page 26, all of subsection 7 should be stricken. This section restates allegations Ramondetta has already included in his Complaint.

Although KGI contends that the Opposition should be stricken in its entirety, at the very least the Court should strike the portions of the Opposition set forth above because they are improper, irrelevant, and immaterial to KGI's Motion.

## IV. CONCLUSION

For the reasons discussed herein, Ramondetta's Opposition to KGI's Motion should be stricken in whole, or in part.

MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW

7

C08-01002 EDL

430511

1   KGI respectfully requests that this Court GRANT its Motion to Strike Plaintiff's
2   Opposition.
3   DATED this 5th day of August, 2008.

                    Respectfully submitted,

                    LEWIS AND ROCA LLP

                    By: /s/ Suzanne L. Martin
                    SUZANNE L. MARTIN
                    California Bar No. 210613
                    LEWIS AND ROCA LLP
                    3993 Howard Hughes Parkway, Suite 600
                    Las Vegas, Nevada  89169
                    (702) 949-8200
                    (702) 949-8398 (fax)
                    Attorneys for Defendant

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION
AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW
C08-01002 EDL
8
430511