1  RAMONDETTA, *in propria persona*
2  2335 Stewart Avenue
   Walnut Creek, CA 94596
3  Telephone: (925) 989-2525
   Facsimile: (925) 945-1655
4

5  Suzanne Martin
   Lewis and Roca LLP
6  3993 Howard Hughes Parkway, Ste. 600
   Las Vegas, NV 89119
7  (702) 949-8200

8

9  August 7, 2008

10

FILED
AUG 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

16  LOU RAMONDETTA,                    ) CASE NO.: C08-01002 EDL
                                       )
17           Plaintiff,                ) **PLAINTIFF'S OPPOSITION TO**
                                       ) **DEFENDANTS 8-5-08 MOTIONS TO**
18      v.                             ) **STRIKE PLAINTIFF'S OPPOSITION**
                                       ) **TO DEFENDANT'S MOTION TO**
19  KONAMI                             ) **COMPEL ARBITRTION AND DIMISS,**
                                       ) **DETERMINE APPLICABLE LAW,**
20                                     ) **AND TO SHORTEN TIME**
                                       )
21           Defendants.               )
                                       )
22  _____
                                        Date: August 19, 2008
23                                      Time: 9:30 a.m.
                                        Courtroom: 15th floor
                                        Before: Hon. Judge Elizabeth LaPorte

PLAINTIFF'S OPPOSITION TO DEFENDANT'S     -1-
8/5/08 MOTIONS

CASE NO. C08-01002 EDL

# TABLE OF AUTHORITIES

**Cases:**
Abramson v. Juniper Networks, Inc. (2004) 115 Cal.App.4th 638, 651–652 [9 Cal. Rptr. 3d 422], 2004
Armendariz v. Found. Health Psychcare Servs., 24 Cal. 4th 83, 2000
47 Baylor L.Rev. 591, 608-609
Cole v. Burns Intern. Security Services (D.C. Cir. 1997) 323 U.S. App. D.C. 133 [105 F.3d 1465, 1482]
Graham v. Scissor-Tail, Inc., supra, 28 Cal.3d at p. 812
Stirlen v. Supercuts, Inc., supra, 51 Cal.App.4th at p. 1533
McCoy v. Superior Court, 87 Cal. App. 4th 354, 2001
Neal v. State Farm Ins. Cos. (1961) 188 Cal. App. 2d 690, 694, 10 Cal. Rptr. 781
Little v. Auto Stiegler, Inc., 92 Cal. App. 4th 329, 2001
Hull v. Norcom, Inc., supra, 750 F.2d 1547
Mercuro v. Superior Court, 96 Cal. App. 4th 167, 2002
Fitz v. NCR Corp., 118 Cal. App. 4th 702, 2004,
Nyulassy v. Lockheed Martin Corp., 120 Cal. App. 4th 1267, 2004
Shubin v. William Lyon Homes, Inc., 84 Cal. App. 4th 1041
Kinney v. United HealthCare Services, Inc., supra, 70 Cal.App.4th at p. 1329.
California Teachers Assoc. v. State of California (1999) 20 Cal. 4th 327, 975 P.2d 622
Cheng-Canindin v. Renaissance Hotel Associates (1996) 50 Cal. App. 4th 676 [57 Cal. Rptr. 2d 867]
Gilmer v. Interstate/Johnson Lane Corp., supra, 500 U.S. at p. 31 [114 L. Ed. 2d at pp. 40-41].)
Hall v. Superior Court (1983) 150 Cal. App. 3d 411 [197 Cal. Rptr. 757]
ABF Capital Corp. v. Grove Properties Co., 126 Cal. App. 4th 204
Nedlloyd Lines B.V. v. Superior Court, 3 Cal. 4th 459, 1992:
Ashland Chemical Co. v. Provence, 129 Cal. App. 3d 790, 1982:

**Other Authorities:**
California Civil Code Statute 1717

**Rules:**
Federal Rule of Civil Procedure

**Restatement Conflict Laws:**
RESTATEMENT (SECOND) OF CONFLICTS OF LAW

## I. INTRODUCTION

Konami and their counsel are spending lots of effort trying to identify every technicality that they can to use as opposition to Plaintiff rather than discussing the merits of the case. This is using this Courts valuable time and resources as well as clouding the issues. Plaintiff believes the merits of Konami's position are based on their "beliefs" that aren't strong enough to support their position with actual facts. The facts I am stating are my personal knowledge and I believe the forgoing to be true.

## II. REPLY TO DEFENDANT'S MOTIONS OF AUGUST 5, 2008 TO STRIKE PLAINTIFF'S OPPOSITION TO KONAMI'S MOTION TO COMPEL ARBITRATION AND DISMISS, MOTION TO DETERMINE APPLICABLE LAW

1. Konami is expressing concern about when the Plaintiff served the Court and opposing council recent documents due on July 29. Despite Konami's comments in their August 5th Declarations, Replies and Motions including Suzanne Martin's "Declaration in support of Motion to Strike Plaintiff's Opposition to Konami's Motion to Compel Arbitration", Plaintiff hand delivered his documents to the Court. Those documents including Plaintiff's Points of Authority in Opposition to Defendant's Motion to Compel, Arbitration and Determine, Applicable Law, were file stamped July 29 and were added to the Docket. Opposing counsel has a history of erroneously identifying these technicalities, for example but not limited to a letter from Ms. Martin dated April 23, 2008, commenting about Plaintiff not mailing and faxing opposition documents in a timely fashion. Her letter was sent to Plaintiff despite his discussion with her and an e-mail on April 11, from Marian Kamalani from her office stating "Due to problems we are

experiencing with our IT network, we are unable to receive incoming faxes." (see Exhibits 1 and 2). Plaintiff tried numerous times on each day to fax documents that Friday April 11, over the weekend on Saturday and Sunday, on Monday and finally on Tuesday when Lewis and Roca's fax network was finally working again. Plaintiff cannot control Lewis and Roca's network issues nor can he control the U.S. mail service. Opposing counsel would have had the required documents in a timely fashion assuming their fax was working properly well before any mail would have arrived. As a "pro-se" litigant, Plaintiff is not required to register with the PACER system and does not have the equipment to PDF a document for e-mail. In Plaintiff's most recent mailing on July 29th, as a courtesy to opposing counsel, Plaintiff even paid extra to send the documents Express Mail from the U.S. Post Office so that it would be delivered in 2-3 days vs. 5 days or longer and opposing counsel is still raising concerns. In short, Plaintiff complied with the requirement for service and filing of his documents as set forth by the Hon. Judge LaPorte.

2. Regarding the March 3, 2006 Offer Letter, the fact that Konami did not provide their counsel with all the prior Offer Letters including the one dated March 3, 2006, is their issue with their preparation for the case. The letter Plaintiff provided is a complete, true and correct copy of what was faxed to the Plaintiff and signed by Satoshi Sakamoto. There is even one additional update of the offer letter that Plaintiff has not yet provided.

3. Plaintiff does not have administrative help and is not an expert on Word documents. To be honest, just trying to get the reference lines numbered on the left hand side of the pages was a lengthy challenge. If Plaintiff has done anything inappropriate to this Court

PLAINTIFF'S OPPOSITION TO                                  -4-
DEFENDANT'S 8/5/08 MOTIONS

CASE NO. C08-01002 EDL

or the opposing counsel regarding the Rules, he apologizes for it. Plaintiff does have many hours of preparation into preparing his responses. It is Plaintiff intent to do a clear and concise job in supporting his position despite not being an attorney, having a legal background, not having administrative support and not having any legal support. Contrary to opposing counsel's comments, the documents Plaintiff sent were all in 12 point font. Plaintiff has now figured out how to do double spacing. Although Ramondetta's total Opposition was 34 pages, well under 25 pages were Plaintiff's actual position memoranda and a substantial part of the memoranda were clauses from various cases defending his position. Plaintiff is not an expert on the cases and laws so for ease of understanding he included clauses from cases that he felt were relevant in supporting his case. Plaintiff finds it interesting that opposing counsel admonishes and at the same time honors him by accusing him of having a "ghost writer or a least a friend of the court" but unfortunately the only one who can step forward from "behind-the-scenes" would be Plaintiff's time researching for his case.

4. For a non resident who has no ties, experience or relationship in Nevada, it is Plaintiff's belief that Nevada law would dramatically favor the Defendant's. Defendant's have made it very clear that they feel Nevada should have had jurisdiction in this case which was denied by Judge White and they are now Motioning for Nevada Law to be applicable. Ramondetta is a long time citizen and resident of California paying California taxes and never relocated to Nevada. He was at all times while employed by Konami, a California resident. The final offer letter was counter signed, consummated and executed by the Plaintiff in California. Ramondetta did not "travel to Las Vegas" to perform his duties as opposing council claims, his travel expenses show he performed his

duties throughout North America including California. In fact, little of Plaintiff's time was actually spent in the Las Vegas office. It should be noted that Konami did have sales employees outside of Nevada including minimally in Louisiana and Oregon. Additionally, Konami's own documentation already presented on their website plainly states that they have a "U.S based holding company" based in El Segundo, CA for their businesses of which Konami Gaming is a division. Konami uses the RESTATEMENT (SECOND) OF CONFLICT OF LAW 188 but erroneously concludes that Nevada law rather than California law applies.

5. It can be shown via phone records and e-mail that Ramondetta had substantial negotiations in California with the Irvine, CA office of Korn-Ferry negotiating his offer letters. It was Korn-Ferry not Konami who called Ramondetta to make him aware of Konami's interest to make an offer and Plaintiff initially discussed potential acceptable terms with Korn-Ferry not Konami. Sutherland used the information from Ramondetta's negotiation with Korn-Ferry to minimally draft his first offer letter since he had no discussions with Ramondetta prior to it. Note that the February 27, 2006, JOB OFFER from Sutherland says nothing about "per our discussion". Plaintiff had subsequent negotiations with Korn-Ferry throughout the offer process.

6. Despite Konami's claims to the contrary, Ramondetta does not recall nor does he have any documentation on any formal subsequent meeting with Sutherland or Sakamoto, after his initial interview on February 17, 2006. The interview had no negotiation discussions but was information gathering by both sides. Ramondetta does not recall any subsequent meeting at all with Thomas Jingoli or Bobbi Youngblood prior to his first day of

PLAINTIFF'S OPPOSITION TO          -6-
DEFENDANT'S 8/5/08 MOTIONS

CASE NO. C08-01002 EDL

employment. His only recollection of a discussion with Youngblood was by phone from California to confirm the final changes to his offer letter prior to signature and with Jingoli by phone from California to introduce himself after he accepted the final offer.

7. Despite Konami's claims, Ramondetta does not dispute that relocation was offered and discussed but Ramondetta made it very clear he would not consider relocation until the summer when his kids were out of school and his wife could visit the area. Even on the March 3 offer letter, Ramondetta has a note "Trip by wife" which never happened in part due to his untimely termination. It can also be shown that Ramondetta did make efforts to preview and evaluate housing in Las Vegas prior to his untimely termination. Per the relocation clause, relocation costs were "repayable" so Plaintiff and family needed do their due diligence. Despite all of Konami's claims hinging on their so called "beliefs" regarding Plaintiff agreeing to and refusing relocation, they have yet to provide any real evidence that shows anything about requiring relocation to Las Vegas much less refusing to relocate. Based on Konami's claims that relocation was such a major issue for them, there should be some real evidence other than their "beliefs".

8. Ramondetta may have negotiated some terms of his offer letter but he was definitely not provided any flexibility to negotiate the arbitration provision. Plaintiff was surprised by the addition of the arbitration provision after terms were largely agreed to and at no time was an arbitration provision ever mentioned or discussed with him prior to it unilaterally being inserted. The provision Konami wrote was completely one sided saying "you agree". The provision is unconscionable, vague and ambiguous saying nothing about equal discovery etc. The so called "neutral arbitrator" was on Konami's terms. Konami

PLAINTIFF'S OPPOSITION TO -7-
DEFENDANT'S 8/5/08 MOTIONS

CASE NO. C08-01002 EDL

Case 3:08-cv-01002-EDL   Document 83   Filed 08/08/2008   Page 8 of 15

spends a lot of time in their Response Motions trying to explain away that somehow Plaintiff's hand written note about "give up legal rights" can be misconstrued that he understood or accepted this clause. This unveiled effort to twist meaning makes no sense whatsoever since opposing counsel neglects to mention that Ramondetta had a "?" next to the clause and underlined specific verbiage in the clause. Plaintiff's notes were actually topics for Plaintiff's questioning with Sutherland, for example, as to why would Plaintiff "want to agree to this clause if I am giving up my legal rights". It should be apparent from Plaintiff's other notes on this offer letter that they were all topics for him to address with Sutherland.

9. Plaintiff believes that documents and actions show that it is obvious that Konami and their council had done little to support their already unfair arbitration process despite Ramondetta amiable attempts to initiate it. It should be noted that thanks to Konami's termination, Ramondetta was unemployed and needed to devote his time to finding a new job. Despite being unemployed and contrary to Konami claims, Ramondetta did not wait "a year" to pursue his claims. When Plaintiff realized how one sided Konami was going to make the arbitration process, he started contacting and working with the California Department of Labor. Contrary of Konami's current claims, their letters show they did virtually nothing to help and support the arbitration process unless it was totally on their terms. Opposing counsel's alluding to somehow being supportive in the process was not consistent with the actual documents and facts. Additionally, Konami did not at any time pay or offer to pay any of the arbitration fees that Plaintiff would incur.

PLAINTIFF'S OPPOSITION TO        -8-
DEFENDANT'S 8/5/08 MOTIONS

CASE NO. C08-01002 EDL

## III. CONCLUSION:

Konami and opposing council's motions from August 5, 2008 should be denied by this Court. Ramondetta's claims should be heard in this Court and initially given the appropriate opportunity to settle in an agreed to ADR process of Mediation or a Settlement Conference.

Ramondetta's claims should not be compelled to arbitration and California law should be applicable.

Defendant's Motion to Strike should be Denied

Plaintiff's Opposition to Konami's Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law should not be struck

Defendant's Motion for an Order Shortening Time shall be Denied.

For the reason outlined above and in prior documents and arguments, this Court should Deny Konami's current Motions.

Dated: August 7, 2008            Respectfully Submitted,

_____
LOU RAMONDETTA
in propria persona

Cc Served via mail to:

Suzanne Martin
Lewis and Roca LLP
3993 Howard Hughes Parkway, Ste. 600
Las Vegas, NV 89119

PLAINTIFF'S OPPOSITION TO                -9-
DEFENDANT'S 8/5/08 MOTIONS

CASE NO. C08-01002 EDL

1  (702) 949-8200

2  United States District Court
3  450 Golden Gate Ave
   San Francisco, CA 94102
4  Attn: Honorable Judge LaPorte and or Lilly

# EXHIBITS

PLAINTIFF'S OPPOSITION TO                    -10-
DEFENDANT'S 8/5/08 MOTIONS

CASE NO. C08-01002 EDL



## Lou Ramondetta

**From:** Kamalani, Marian [MKamalani@lrlaw.com]
**Sent:** Friday, April 11, 2008 2:52 PM
**To:** lcramondetta@yahoo.com
**Subject:** Faxes

Dear Mr. Ramondetta,

Due to problems we are experiencing with our IT network, we are unable to receive incoming faxes. Our IT department is working to fix the problem, but there is no timetable as to when our fax machines will be working again.

Sincerely,

Lewis and Roca

----
For more information about Lewis and Roca LLP, please go to
www.lewisandroca.com.

Phoenix (602) 262-5311
Tucson (520) 622-2090
Las Vegas (702) 949-8200
Reno (775) 823-2900
Albuquerque (505) 764-5400

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail by return E-Mail or by telephone.

In accordance with Internal Revenue Service Circular 230, we advise you that if this email contains any tax advice, such tax advice was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

4/11/2008





Suzanne L. Martin
Associate
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

Direct Dial: (702) 949-8291
Direct Fax: (702) 949-8371
SMartin@lrlaw.com
Admitted in: Nevada and California

Our File Number: 44973-00007

April 23, 2008

Mr. Lou Ramondetta
2335 Stewart Avenue
Walnut Creek, CA 94596

          ***Re:***     ***Konami, et al. adv. Ramondetta***

Dear Mr. Ramondetta:

    Today, I finally received your opposition to Defendants' Motion to Dismiss. Enclosed is a copy of the envelope my office received. You will notice that the Post Office returned the envelope to you initially because there was no postage on it. We received the opposition after proper postage was applied and it was resent on April 21 - eleven days after the opposition was supposed to be filed and served by our agreement and the Court's order.

    I understand that you also faxed the Opposition to my office on April 11, and continuing through the weekend because there were problems on our end receiving the fax. Again, although we did not receive a complete facsimile copy of the Opposition until Tuesday, April 15, I appreciate your efforts. In the future, however, with regard to your mailings, please make sure that what you mail receives the proper postage so that it may timely be sent and received. Doing so will ensure that we avoid misunderstandings about when things were sent and received, and whether they were timely.

    Thank you for your cooperation.

                              Sincerely,

                              Suzanne L. Martin

SLM/lks
Enclosure

LOU RAMONDETTA, *in propria persona*
2335 Stewart Avenue
Walnut Creek, CA 94596
Telephone: (925) 989-2525
Facsimile: (925) 945-1655


Lewis and Roca LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
(702) 949-8200
(702) 949-8398 (fax)

August 7, 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU RAMONDETTA, | CASE NO.: C08-01002 EDL |
| Plaintiff, | **(PROPOSED) ORDER DENYING DEFENANTS 8-5-08 MOTIONS** |
| v. | Date: July 19, 2008 |
| KONAMI, *et al.*, Konami, Steve Sutherland, Satoshi Sakamoto and Tom Jingoli | Time: 9:30 am
Courtroom: #?, 15th floor
Before: Honorable Elizabeth LaPorte |
| Defendants. | |

PLAINTIFF'S PROPOSED ORDER

CASE NO. C0801002 EDL

# PLAINTIFF'S (PROPOSED) ORDER

Wherefore Plaintiff's (Ramondetta) filed on August 7, 2008 Opposition to Defendant's (Konami) Motions dated August 5, 2008 before the Hon. Judge LaPorte.

Having reviewed and considered the parties respective pleadings, papers and declarations, and having heard oral arguments, the Court makes the following findings of fact and conclusion of law:

1) Ramondetta's claims will be heard in this Court and initially given the appropriate opportunity to settle in an agreed to ADR process of Mediation or a Settlement Conference.

2) Ramondetta's claims will not be compelled to arbitration and California law is applicable.

3) Defendant's Motion to Strike is Denied

4) Defendant's Motion to strike Plaintiff's Opposition to Konami's Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law is denied.

5) Defendant's Motion for an Order Shortening Time is Denied.

Whereas, the Court, having considered the discussion and papers submitted in support of and in opposition to the Motion, as well as admissible evidence and counsel's arguments offered in connection therewith, finds good cause and IT IS HEREBY ORDERED THAT:

Defendants' Motions is DENIED and the litigants will initiate an ADR process prior to pending any more proceedings in this Court which this Court will hear said case pursuant to FRCP 12(b)(2), (b)(3), 28 USC 1391, 1404(a).

IT IS SO ORDERED.

Dated: _____  By: \_

_____

The Honorable Judge LaPorte

Cc Served to:

Lewis and Roca LLP
3993 Howard Hughes Parkway, Ste. 600
Las Vegas, NV 89169
(702) 949-8200
(702) 949-8398 (fax)

PLAINTIFF'S PROPOSED ORDER                    -1-

CASE NO. C08-01002 EDL

1  LOU RAMONDETTA, *in propria persona*
   2335 Stewart Avenue
2  Walnut Creek, CA  94596
   Telephone:  (925) 989-2525
3  Facsimile:   (925) 945-1655

4  August 7, 2008

5

6                    UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9  LOU RAMONDETTA,                  )   CASE NO.: C08-01002 EDL
                                    )
10        Plaintiff,                )   **CERTIFICATE OF SERVICE**
                                    )
11     v.                           )   Date: August 19, 2008
                                    )   Time: 9:30 am
12 KONAMI                           )   Courtroom: 15th Floor
                                    )   Before: Hon. Judge LaPorte
13        Defendants.               )
   _____)

14

15

16 I hereby certify that on August 7, 2008, I served the forgoing by depositing a copy of mailing, first class mail, postage prepaid to the following:

17 Suzanne Martin
   Lewis and Roca LLP
18 3993 Howard Hughes Parkway, Ste. 600
   Las Vegas, NV 89119
19 (702) 949-8200

20 United States District Court
   450 Golden Gate Ave
21 San Francisco, CA 94102
   Attn: Hon Judge LaPorte
22
                                              *[signature]*
23                              By:  _____
                                     Lou Ramondetta
24                                   "pro se"

25

26

27

28

PLAINTIFF'S SERVICE

CASE NO. C0801002 EDL