HOWARD E. COLE
California Bar No. 91707
hcole@lrlaw.com
SUZANNE L. MARTIN
California Bar No. 210613
smartin@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8398 (fax)

Attorneys for the Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU RAMONDETTA,<br><br>                    Plaintiff,<br><br>vs.<br><br>KONAMI, *et al.*, Konami,<br><br>                    Defendant. | Case No. C08-01002 EDL<br><br>SEPARATE CASE MANAGEMENT STATEMENT OF DEFENDANT KONAMI GAMING, INC.<br><br>CMC: August 19, 2008<br><br>Time: 9:30 a.m. |

Notwithstanding the pending Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law, of Konami Gaming, Inc. ("Defendant" or "Konami"), in compliance with this Court's order of July 8, 2008, Civ. L.R. 16-9 and the Court's Order Setting Case Management Conference (Doc. #69) Konami files this Separate Case Management Statement.

    1.    <u>Jurisdiction and Service</u>. The Court has subject matter over the claim(s) of Ramondetta pursuant to 28 U.S.C. § 1332, and the counterclaims Konami has asserted. There is complete diversity between Ramondetta, a California resident, and Konami, a Nevada corporation with its principal place of business in Nevada. Ramondetta also claims that he has damages in excess of $75,000.00. The Court has personal jurisdiction over Ramondetta because he is a California citizen and filed the lawsuit in this Court. Although Konami is a Nevada corporation with its principal place of business in Nevada, the Court has personal general jurisdiction over Konami because it does business in California.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

SEPARATE CASE MANAGEMENT STATEMENT

1

431675.1

Konami disputes that the Northern District Court of California is the proper venue for this action because the conduct that gave rise to Ramondetta's claims, specifically, the alleged breach of the terms of an offer letter, transpired in Nevada and occurred as between a Nevada employer and a Nevada employee. Further, with the exception of Ramondetta, all of the witnesses and evidence are in Nevada, and this matter will be governed by Nevada law. Venue is therefore proper in Nevada. *See* 28 U.S.C. §§ 1391, 1404. *See also, Tanana Chiefs Conference v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 39611 (N.D. Cal. May 16, 2007); *Sagent Technology v. Micros Systems, Inc.*, 2002 U.S. Dist. LEXIS 26647 (N.D. Cal. May 29, 2002). However, the Court has denied Konami's motion to dismiss for forum nonconveniens and/or to transfer venue. *See* Doc. # 26. In the same order, the Court concluded that it did not have personal jurisdiction over three named individual defendants, Steve Sutherland, Satoshi Sakamoto and Tom Jingoli, and therefore dismissed the individual defendants from the lawsuit. *See id.*

There are no other defendants, and no other defendants remain to be served.

Konami filed an Answer and asserted Counterclaims against Ramondetta on June 3, 2008. *See* Doc. # 38.

Ramondetta should have filed a Reply to Konami's Counterclaims by July 11, 2008; however, to date, Ramondetta has failed to properly respond to Konami's Counterclaims. **Konami specifically requests that this Court order Ramondetta to properly respond to Konami's counterclaims by or before August 30, 2008; otherwise, Konami will move for a default judgment against Ramondetta.**

2. <u>Facts</u>. On or about October 14, 2005, Konami retained the international executive search firm Korn/Ferry International to conduct a national search for the position of Vice President of Sales and Marketing. The position was to be serviced in Las Vegas, Nevada at Konami. On March 16, 2006, Konami extended an offer of employment to Ramondetta for the position of Vice President of Sales and Marketing. Certain terms of Ramondetta's offer and employment were outlined in the offer letter, which is attached to his Complaint, and specifically included: 1) a sign on bonus of $50,000.00; 2) four (4) weeks of paid vacation; and 3) three (3) months severance. The terms of the offer and Ramondetta's employment were conditioned on his compliance

1  approval. The offer letter specifically contemplated Ramondetta's relocation from California to
2  Nevada.
3       Beginning on or about April 10, 2006, Ramondetta starting working for Konami. Each
4  week, he either flew to Nevada to work at Konami or outside of California on business for
5  Konami.
6       On or about June 8, 2006, the Ontario Alcohol and Gaming Commission interviewed
7  Ramondetta. Konami sells gaming machines in Ontario, and as such, is regulated by Ontario's
8  Gaming Control Act. *See e.g.,* O.S. 1992, Chap. 42. Employees of gaming manufacturers must be
9  registered with the Ontario Alcohol and Gaming Commission to conduct business in Ontario. *See*
10 *id.*, 4(1.1). Nevada, New Jersey and several other states have similar licensing and registration
11 laws. *See e.g.,* NRS § 464.010, *et seq.*, N.J.S.A. 5:12-1, *et seq.* As the Vice President of Sales and
12 Marketing for Konami, Ramondetta was required to become registered and/or licensed in the
13 states that Konami sold its gaming products and services in.
14      The registration process in Ontario required the submission of an application and a
15 personal interview. *See* O.S. 1992, Chap. 42, 6 - 9. Due to the heavily regulated nature of the
16 gaming industry, Ramondetta was compelled to divulge any prior criminal conduct and personal
17 financial information. *See id.* The Ontario investigator expressed concern to Tom Jingoli,
18 Konami's Director of Compliance, about Ramondetta's omissions and general lack of
19 preparedness for the interview, and opined that "he was lucky it was Ontario interviewing him and
20 not Nevada or New Jersey." *See* Doc. # 24-6.
21      At or about this same time, Ramondetta informed Steve Sutherland, Konami's Chief
22 Operating Officer, that he would not be relocating to Las Vegas, Nevada. Ramondetta sought to
23 renegotiate the terms of his employment with KGI to include the payment to him of expenses
24 incurred in traveling to and from Nevada for work, from his home in California. Among other
25 reasons, Konami terminated Ramondetta's employment because he reneged on his agreement to
26 relocate, without which Konami would not have hired him, and omitted material information
27 during the Ontario registration and compliance process. Konami was concerned that Ramondetta
28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

SEPARATE CASE MANAGEMENT STATEMENT
3

431675.1

would not fully cooperate and therefore, may not have become licensed in Nevada, New Jersey and other jurisdictions in which Konami does business.

Thereafter, Ramondetta claimed that Konami failed to properly reimburse his business expenses and pay him severance. The parties unsuccessfully attempted to resolve the matter through demand letters, a proffered settlement agreement, and through the American Arbitration Association.

On February 19, 2008, Ramondetta filed a lawsuit in the United States District Court, Northern District of California, alleging breach of the offer letter (failure to pay severance, vacation and business expenses), penalties for failure to pay claimed "wages", and for pain, suffering, harassment and discrimination.[1] *See* Doc. # 1, p. 4, lns. 1-7.

Konami disputes it breached the terms of the offer letter, or the terms and conditions of Ramondetta's employment, and that any amounts are owed to Ramondetta.

3. <u>Legal issues</u>.

    a. Whether Konami was obligated, but failed to pay business expenses, vacation and severance and thereby breached the terms of the offer letter, without excuse or justification.

    b. Whether the business expenses, vacation and severance are "wages" and thus, whether the failure to pay these amounts constitutes a willful failure to pay wages warranting a penalty of up to thirty (30) days pay. *See* NRS § 608.012, 608.020.

    c. Whether Ramondetta intentionally or negligently, fraudulently induced Konami to enter into an employment arrangement with him by making false promises about his willingness and intent to relocate to Nevada, and assuring his cooperation and truthfulness during the compliance process.

---

[1] Ramondetta never filed a charge of discrimination for harassment or discrimination with the Nevada Equal Rights Commission, the Department of Fair Employment and Housing or the Equal Employment Opportunity Commission. Ramondetta's failure to timely exhaust his administrative remedies bars any harassment or discrimination claim. *See* 42 U.S.C. § 2000e-5(e)(1); NRS § 613.430; Cal. Gov. C. §15960; *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1999). Ramondetta also conceded before Judge White that his claims are limited to breach of contract.

SEPARATE CASE MANAGEMENT STATEMENT

4

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

431675.1

d.  Whether Ramondetta breached the terms of his employment and the covenant of good faith and fair dealing by reneging on his agreement to relocate to Nevada and making material misrepresentations about his background during the compliance process, thereby committing a material breach of the terms of his employment with Konami and excusing any further performance of the terms of employment by Konami.

4. Motions. On March 13, 2008, Konami filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(2) and 29 U.S.C. §§1391, 1404. *See* Doc. # 3. After considering Ramondetta's Opposition (Doc. ## 21 and 22), Konami's Reply (Doc. # 24), and hearing oral argument on May 16, 2008, the Court granted in part, and denied in part Konami's Motion to Dismiss. *See* Doc. # 26.

On June 9, 2008, and pursuant to the Court's order following the CMC on May 30, 2008, Konami filed a Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law. Doc. # 40.

In the meantime, Konami consented to the assignment of a Magistrate Judge. *See* Doc. ## 50 and 57. On June 24, 2008, this case was reassigned to Magistrate Judge Zimmerman. *See* Doc. # 59. Magistrate Judge Zimmerman recused himself from the case. *See* Doc. # 66. Thereafter, on July 1, 2008, this matter was assigned to Magistrate Judge Laporte. *See* Doc. # 67.

On July 2, 2008, Konami re-noticed The Motion to Compel Arbitration and Dismiss, Motion to Determine Applicable Law, for an August 19, 2008, hearing before Magistrate Judge Laporte. *See* Doc. # 68. Ramondetta filed his response to the Motion to Compel Arbitration, Motion to Determine Applicable Law on July 29, 2008, and served the same on July 30, 2008. *See* Doc. # 81. Konami filed its Reply and supporting declarations on August 5, 2008. *See* Doc. ## 70 - 72.

The parties may seek leave of court to file a motion(s) to compel discovery, or for a protective order, as well as any other motions as permitted by the Court and the applicable rules, including a motion for summary judgment.

/ / /

/ / /

SEPARATE CASE MANAGEMENT STATEMENT

5

5.   Amendment of Pleadings. Any amendments to the parties' respective pleadings will be done in accordance with the proposed discovery schedule included in this Case Management Statement, or by order of the Court.

6.   Evidence preservation. Both parties have copies of the offer letter, as amended by hand by Ramondetta. In the regular course of business, Konami kept and maintained the receipts Ramondetta submitted to support the alleged business expenses he now seeks reimbursement for. Shortly after Ramondetta's termination of employment, Konami identified and collected the correspondence, including e-mail correspondence, related to Ramondetta's claims for unpaid severance and business expenses. The policies and procedures that applied in 2006 to vacation and business expenses are maintained by Konami.

7.   Disclosures. The parties conducted their Rule 26(f) conference on May 8, 2008, at which time they mutually agreed to defer further discussion of a discovery plan and scheduling order and initial disclosures until after the hearing on Konami's Motion to Dismiss on May 16, 2008. The parties reconvened on May 22, 2008, and conducted their Rule 26(f) conference.

Konami served its Initial Disclosures on Thursday, June 5, 2008.

**Ramondetta has not yet served his Initial Disclosures.**

8.   Discovery. In light of the pending motions described above, to date, no discovery has been conducted. Unless otherwise ordered by the Court, or the arbitrator(s), the Konami anticipates that discovery will proceed in accordance with the applicable rules of Federal Procedure and the Local Rules of this Court, without modification as to the scope of discovery, limitations or modification of discovery, except that the parties may file or request that the Court enter a protective and order and/or stipulated confidentiality order.

9.   Class Actions. This is not a class action lawsuit.

10.   Related Cases. There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.   Relief.

    a.   Ramondetta seeks the following relief:

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

SEPARATE CASE MANAGEMENT STATEMENT

6

431675.1

      i.      Three (3) months severance: $62,500 (based on an incorrect annual salary of $250,000);

      ii.     Four (4) weeks of vacation: $20,833 (based on the offer letter, and also calculated using an incorrect annual salary);

      iii.    One (1) months pay: $20,833 (penalty for alleged non-payment of expenses and vacation pay calculated using an incorrect annual salary);

      iv.    Non-reimbursed travel expenses: $4,383.11;

      v.     Pain and suffering, harassment and discrimination: $83,333;

Total alleged damages:    $191,882.41.

Konami denies that Ramondetta is entitled to the relief he seeks. Nevertheless, if liability is established damages should be calculated as follows:

      i.      Three (3) months severance: $50,000 (based on an annual salary of $200,000);

      ii.     Unpaid vacation: None. (Konami paid Ramondetta all accrued vacation at the time of his termination.)

      iii.    Penalties: None. (Konami reimbursed Ramondetta for reasonable business expenses and accrued vacation. Regardless, under Nevada law, paid vacation, business expenses and severance are not considered wages and therefore, these amounts are not due an owing at the time of termination, nor would the failure to pay these amounts result in a penalty for the failure to wages. *See* NRS § 608.012, § 608.020.)

      iv.    Non-reimbursed business expenses: None. (Although Konami reimburses employees for reasonable business expenses, and did reimburse Ramondetta for the reasonable business expenses he incurred as an employee, including expenses incurred for his travel and accommodations in Las Vegas, Nevada, during his first week of

work, the $4,383.41 Ramondetta seeks are for his travel and accommodations to and from Las Vegas, Nevada, after his first week of work.)

    v.    Pain and suffering, harassment and discrimination. None. (Ramondetta has not filed any claims that would support such an award. *See* n. 1, p. 5.)

    b.    Konami seeks the following relief:

        i.    Dismissal of Ramondetta's lawsuit, with prejudice;

        ii.    Payment of reasonable attorneys' fees and costs (to be determined);

        iii.    Damages in connection with its counterclaims, including business expenses paid to Ramondetta for his travel to and from Nevada during his employment; costs and expenses incurred in recruiting Ramondetta; costs and expenses incurred in locating a replacement for Ramondetta; punitive damages.

12.    <u>Settlement and ADR</u>. Shortly after Konami terminated Ramondetta, it offered to him a severance and release package equal to $10,000.00. When the parties first met and conferred about initial disclosures and discovery on May 8, 2009, they discussed settlement. Ramondetta has indicated that he would be willing to settle for the amount of damages stated in his Complaint, or $191,882.41. There have been no further settlement discussions.

Konami has complied with ADR L.R. 3-5, and is willing to participate in binding arbitration as required by the offer letter.

Discovery that will position a resolution includes: depositions (party and third party), and written discovery regarding the negotiations and intentions of Konami and Ramondetta with respect to the offer of employment, and acceptance of employment, the reasons for Ramondetta's separation, and Konami's policies and procedures governing severance, reimbursement of business expenses, and vacation.

13.    <u>Consent to Magistrate Judge For All Purposes</u>. The parties have consented to a Magistrate Judge for all purposes.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

SEPARATE CASE MANAGEMENT STATEMENT

8

431675.1

14. <u>Other References</u>. None at this time.

15. <u>Narrowing of Issues</u>. None at this time.

16. <u>Expedited Schedule</u>. The parties do not agree about whether this case can be handled on an expedited basis.

17. <u>Scheduling</u>. Unless otherwise ordered by the Court, or an arbitrator, if this matter is not ordered into binding arbitration as required by the offer letter, then Konami proposes the below discovery schedule.

    a. *Discovery Cut-off Date*. The cut-off for completion of discovery shall be one hundred eighty (180) days from the August 19, 2008, Case Management Conference, February 15, 2009;

    b. *Amending the Pleadings and Adding Parties*. The last date for filing motions to amend the pleadings or add parties shall be ninety (90) days prior to the close of discovery, November 17, 2008;

    c. *Expert Disclosures*. Initial expert disclosures shall be made sixty (60) days before the discovery cut-off, December 17, 2008. Rebuttal expert disclosures shall be made thirty (30) days after the due date for expert disclosure, January 16, 2009.

    d. *Dispositive Motions*. Dispositive motions shall be filed forty-five (45) days after the completion of discovery, April 1, 2009.

    e. *Discovery Motions*. Pursuant to Civil L.R. 26-2, motions to compel discovery shall be filed no later than 7 days after the discovery cut off, February 22, 2009.

    f. *Joint Pretrial Conference Statement*. Counsel shall meet and confer to prepare the joint final pretrial conference statement and proposed order no later than forty-five (45) days before the trial date set by this Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the final pretrial order, which shall be prepared and filed thirty (30) days before trial.

    g. *Issues Related to the Disclosure or Discovery of Electronically Stored Information*. With respect to the production of electronically stored information, to the extent

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

SEPARATE CASE MANAGEMENT STATEMENT

9

431675.1

feasible, Konami proposes that relevant electronically stored information, including e-mails, will be exchanged by the parties in paper format.

        h.    *Issues Relating to Claims of Privilege or Attorney Work Product.* While parties make diligent and reasonable efforts to identify and withhold from production any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, Konami proposes that that a party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may, within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

18.    <u>Trial</u>. If the Court does not order the parties to binding arbitration, Ramondetta has requested a jury trial. Konami estimates that a trial on Ramondetta's claims will last 2-3 days.

19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>.    Konami filed its Certification of Interested Entities or Persons on May 23, 2008. Pursuant to Civil L.R. 3-16, counsel certifies that, as of this date, other than the named defendant Konami Gaming, Inc., there is no such interest to report.

DATED this 12th day of August, 2008.    LEWIS AND ROCA LLP

    By: /s/ Suzanne L. Martin
    HOWARD E. COLE
    California Bar No. 91707
    SUZANNE L. MARTIN
    California Bar No. 210613
    LEWIS AND ROCA LLP
    3993 Howard Hughes Parkway, Ste. 600
    Las Vegas, Nevada 89169

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

SEPARATE CASE MANAGEMENT STATEMENT
10

431675.1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2008, I electronically transmitted the foregoing **SEPARATE CASE MANAGEMENT STATEMENT** with the Clerk's Office using the CM/ECF System for filing and transmittal and served the foregoing via e-mail to the last known e-mail address:

Lou Ramondetta
lcramondetta@yahoo.com

By: _____/s/ Laura Sliwinski_____
An Employee of Lewis and Roca LLP

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

SEPARATE CASE MANAGEMENT STATEMENT
11

431675.1