1  RAMONDETTA, *in propria persona*
2  2335 Stewart Avenue
   Walnut Creek, CA 94596
3  Telephone: (925) 989-2525
   Facsimile: (925) 945-1655
4

**FILED**

**AUG 1 1 2008**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5  Suzanne Martin
   Lewis and Roca LLP
6  3993 Howard Hughes Parkway, Ste. 600
   Las Vegas, NV 89119
7  (702) 949-8200
8
9  August 12, 2008
10
11
12
13
14                     UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF CALIFORNIA
15
16  LOU RAMONDETTA,                          ) CASE NO.: C08-01002 EDL
                                             )
17          Plaintiff,                       ) **PLAINTIFF'S CASE MANGEMENT**
                                             ) **STATEMENT**
18      v.                                   )
                                             ) Date: August 19, 2008
19  KONAMI                                   ) Time: 9:30 a.m.
                                             ) Courtroom: 15th floor
20                                           ) Before: Hon. Judge Elizabeth LaPorte
                                             )
21          Defendants.                      )
22  ─────────────────────────────────────
23
24
25
26
27
28

PLAINTIFF'S CMC AUGUST 19, 2008              -1-

CASE NO. C08-01002 EDL

1
2

## I. INTRODUCTION

3   Per this Court's instructions and expectation, Plaintiff was ready, willing and would have
4   preferred to do a Joint CMC Statement as the Court requested. Per the attached e-mails, it did not
5
6   appear that Konami and their council were open to discussing a joint CMC statement and
7   specifically discovery options. Plaintiff hopes the Court will understand and accept his changes to
8   our original CMC Statement. Plaintiff makes the following changes and or additions to our Joint
9   CMC Statement prepared for our May 30th CMC Meeting.

10

11  **1. Jurisdiction and Service**

12  For the reasons Plaintiff has asserted in prior documents including his July 29 response to
13  Konami's Motions to Compel Arbitration and require Nevada law, Plaintiff requests this Court
14  and California law have jurisdiction over this case.
15

16

17  **2. Facts**

18  Plaintiff has outlined a history of facts in his July 29 response to Konami's Motions to Compel
19  Arbitration and require Nevada Law. As such, Konami sent a number of signed offer letters to the
20  Plaintiff. Subsequent offer letters terms changed by Konami adding a non-discussed, mentioned
21  or agreed to arbitration provision. The final offer letter specifically included agreed provisions for
22  a 4 weeks of paid vacation and a three months of severance. Despite Plaintiff's efforts to amiable
23  try to get Konami to full fill their contractual agreement, Konami has steadfastly refused and
24  forced Plaintiff to address this matter before this Court. To assure a fair and impartial resolution
25  given the Defendant's favorable expertise and financial resources, Plaintiff requests this Court
26  hear the case via California law.
27
28

PLAINTIFF'S CMC AUGUST 19, 2008                -2-
CASE NO. C08-01002 EDL

1    Plaintiff never relocated to Nevada, he worked from his home in California and flew throughout
2    North America to perform his duties.

3

4    Plaintiff's bi-weekly salary and expense reimbursements were withheld and not paid until he was
5
6    forced by Konami and their Human Resources Department, who should know better, to sign
7    documents falsely stating among other things that Plaintiff was a Nevada resident. Konami
8    applied undue pressure on a brand new employee, requiring Plaintiff to fly back immediately from
9    pre scheduled customer meetings and a trade show in Mississippi to Nevada to falsely sign these
10   documents.

11

12   On or about June 8, 2006, Ramondetta had a meeting with two Gaming Inspectors from the
13
14   Province of Ontario. Ramondetta sat with Thomas Jingoli to review the wording of his written
15   submission for approvals to make sure Jingoli was comfortable with what was written including
16   Plaintiff's disclosure of an incident before he was 18. Coming from outside the industry, this was
17   the Plaintiff's first meeting with any regulatory gaming organization and Plaintiff was given
18   virtually no preparation from Konami prior to the meeting. Both Sutherland and Jingoli, Director
19   Legal Compliance where out of town for the meeting. Ramondetta had tried to talk directly with
20
21   Jingoli and contacted Jingoli via e-mail to request spending some preparation time with him prior
22   to the meeting. Jingoli was leaving for meetings snd he did not seem overly interested. Jingoli
23   felt the interview should be "no big deal". Although Plaintiff was missing some minor
24   information, after the interview Plaintiff was not declined compliance approval.

25
26
27
28

PLAINTIFF'S CMC AUGUST 19, 2008          -3-
CASE NO. C08-01002 EDL

**3. Legal Issues**

b. from the CMC Statement prepared for our May 30th CMC meeting, Plaintiff believes item b.,

"whether business expenses, vacation pay and severance are "wages"," is not reflective as a legal

issue in this case. Plaintiff believes California law governs this case.

**4. Motions**

No changes or additions

**5. AMENDMENT OF PLEDINGS**

No changes or additions

**6. Evidence preservation**

No changes or additions other than to reinforce that Konami is required by gaming regulations to

keep documents, e-mail etc. and should have the documents Plaintiff requires to support his case.

**7. Disclosures**

The parties did not confer regarding this CMC Statement. Per the attached e-mails, Plaintiff

tried but Defendant's did not appear to be open to any discussion regarding a joint CMC

Statement specifically regarding discovery.

**8. Discovery**

The parties did not confer regarding this CMC Statement. Plaintiff believes discovery can

follow an expedited process of 60 days rather than the 180 days the Defendant's told Plaintiff

they required.

PLAINTIFF'S CMC AUGUST 19, 2008          -4-

CASE NO. C08-01002 EDL

**9. Class Actions**

No changes or additions

**10. Related Cases**

No changes or additions

**11. Relief**

No changes or additions other than to reinforce that Plaintiff does not believe that Konami is entitled to any relief. Plaintiff believes Defendant's Counter Claims are simply an effort to complicate the case and put pressure Plaintiff to submit to their terms.

**12. Settlement and ADR**

No changes or additions other than to reinforce that Plaintiff is ready and willing to submit to ADR Mediation or a Settlement Conference. Plaintiff has requested Assisted Settlement Support for this process. Ramondetta believes he was surprised by the arbitration provision and that it was unconscionable for reasons he has identified in his July 29 response to Konami's Motions to Compel Arbitration and require Nevada law. Arbitration or Nevada law will put Plaintiff at an unfair disadvantage defending his case vs. the resources and expertise of Konami.

**13. Consent to Magistrate Judge for All Purposes**

Plaintiff was originally willing to consent to a Magistrate Judge but Defendant's were not. Both parties have now consented to a Magistrate Judge. Konami had originally requested Judge Trumbull as the Magistrate Judge in part due to a case they identified in their Motion where she granted a defendant's motion to transfer a breach of contract case from California to Maryland.

PLAINTIFF'S CMC AUGUST 19, 2008                    -5-
CASE NO. C08-01002 EDL

**14. Other References**

No changes or additions

**15. Narrowing of Issues**

Unfortunately, there is too little narrowing of issues at this time.

**16. Expedited Schedule**

This case should be handled on an expedited basis. Given the limited complexity of this case, to require it not proceed on an expedited basis would be requiring undue resources from the Court and the litigants. Any resistance by the Defandant's to not use an expedited schedule is simply a delay tactic to lengthen the time, money and resources burden on this Court and the Plaintiff.

**17. Scheduling**

For the reasons specified in Plaintiff's July 29 response to Konami's Motions to Compel Arbitration and require Nevada law, Ramondetta believes this case should be required to proceed on an expedited basis. Plaintiff also believes given the complexity of this case, not requiring an expedited schedule is an inappropriate use of the litigant's and Court's resources. Any effort to not use an expedited schedule is simply a delay tactic by the Defendant's to lengthen the time, money and resources burden on this Court and the Plaintiff. For scheduling, Plaintiff would recommend using one third of the time proposed by Konami and their counsel.

**18. Trial**

If the litigants unfortunately cannot come to an agreement, Plaintiff has requested a jury trial. Ramondetta estimates that a trial will last one day or maybe slightly longer.

PLAINTIFF'S CMC AUGUST 19, 2008          -6-

CASE NO. C08-01002 EDL

1    **19. Disclosure of Non-Party Interested Entities or Persons**

2    Ramondetta needs to review Konami's Certification of Interested Entities to better understand it.

3

4

5

6

7    Dated:  August 12, 2008                      Respectfully Submitted,

8

9

10

11   LOU RAMONDETTA
     in propria persona

12

13   Cc Served via mail to:

14   Suzanne Martin
     Lewis and Roca LLP
15   3993 Howard Hughes Parkway, Ste. 600
16   Las Vegas, NV 89119
     (702) 949-8200
17
     United States District Court
18   450 Golden Gate Ave
19   San Francisco, CA 94102
     Attn: Honorable Judge LaPorte and or Lilly
20

21

22

23

24

25

26

27

28

     PLAINTIFF'S CMC AUGUST 19, 2008                -7-
     CASE NO. C08-01002 EDL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBITS

## Lou Ramondetta

| From: | Lou Ramondetta [lcramondetta@yahoo.com] |
|---|---|
| Sent: | Thursday, August 07, 2008 11:52 AM |
| To: | 'Martin, Suzanne' |
| Cc: | 'Cole, Howard'; 'Sliwinski, Laura' |
| Subject: | RE: Meet and Confer re: Case Management |

*Exhibit 1*

**Attachments:** Lou Ramondetta.vcf

I do not think the Court will look favorably on independent statements since they specifically ask for Joint CMC's.
I would hope you would have some openness to discussion but you have do what you feel is right.

*Lou Ramondetta*

925-989-2525 o/m
925-945-1655 f
Lcramondetta@yahoo.com

**From:** Martin, Suzanne [mailto:SMartin@lrlaw.com]
**Sent:** Thursday, August 07, 2008 7:58 AM
**To:** Lou Ramondetta
**Cc:** Cole, Howard; Sliwinski, Laura
**Subject:** RE: Meet and Confer re: Case Management

Lou:

Because we remain of differing opinions about a feasible discovery schedule, KGI will prepare a unilateral case
management statement to timely file with the Court.

Suzanne L. Martin, Esq.
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
702-949-8291 (direct)
702-949-8371 (fax)

**From:** Lou Ramondetta [mailto:lcramondetta@yahoo.com]
**Sent:** Thursday, August 07, 2008 3:53 AM
**To:** Martin, Suzanne
**Subject:** RE: Meet and Confer re: Case Management

Hi Susanne, thanks for your note, I was going to call you. I do agree that the Court expects us to file a Joint CMC
statement. You of course can file one on your own. I would hope we could do Discovery on an expedited basis in
less than 6 months.

*Lou Ramondetta*

925-989-2525 o/m

8/10/2008

925-945-1655 f
Lcramondetta@yahoo.com

**From:** Martin, Suzanne [mailto:SMartin@lrlaw.com]
**Sent:** Wednesday, August 06, 2008 2:15 PM
**To:** Lou Ramondetta
**Cc:** Sliwinski, Laura; Cole, Howard
**Subject:** Meet and Confer re: Case Management

Lou:

In the Court's order of July 8, 2008, the parties have been instructed to be prepared to discuss all items in Civ.
L.R. 16-10, Case Management Conference, at the August 19, 2008, hearing. In short, notwithstanding KGI's
pending motion, we need to be prepared to revisit the discovery plan and scheduling order, and the time to
conduct discovery.

The Court notes in the Order that "the parties may file an updated joint case management statement if there are
any changes to the parties' May 23, 2008, statement." Updates must be filed by August 12, 2008. If I recall
correctly, although we originally agreed to 180-days to conduct discovery and set forth a schedule to do so in the
Joint Case Management Statement we filed on May 23, 2008, you later objected to the discovery plan and
submitted your own, expedited schedule.

I propose that we file a revised, or updated Joint Case Management Statement that provides for 180-days to
conduct discovery, beginning August 19, 2008, to accommodate the time the parties have dedicated to motions in
the interim. If you are agreeable, please let me know. If not, then KGI will file a separate Case Management
Statement with a proposed discovery plan and scheduling order on August 12, 2008, indicating that the
parties could not come to an agreement regarding the timing of discovery.

Please do not hesitate to contact me, but please do so soon. I have a deposition on Monday August 11 and will
be out of the office that day, and thus, unable to devote my time to a Joint Case Management Statement.
Perhaps we can come to an agreement about whether we will, or will not, file a joint statement by Friday. In that
way, both of us should have ample time to refile an appropriate separate statement with the Court.

Sincerely,

Suzanne L. Martin, Esq.
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
702-949-8291 (direct)
702-949-8371 (fax)

----

For more information about Lewis and Roca LLP, please go to
www.lewisandroca.com.

Phoenix (602) 262-5311
Tucson (520) 622-2090
Las Vegas (702) 949-8200
Reno (775) 823-2900
Albuquerque (505) 764-5400

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee
or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is
strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this E-Mail by return E-Mail or by
telephone.

In accordance with Internal Revenue Service Circular 230, we advise you that if this email contains any tax advice, such tax advice was not intended or written to be
used, and it cannot be used, by any taxpayer for the purpose of avoiding penalties that may be imposed on the taxpayer.

8/10/2008